UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, et al.,

        Plaintiffs,

v.

CINTAS CORPORATION,

        Defendant.
_____/

CIVIL ACTION NO. 04-40132

DISTRICT JUDGE PAUL V. GADOLA

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER DENYING PLAINTIFF' MOTION
## TO QUASH SUBPOENAS

This is an Employment Discrimination case. Plaintiffs, Mirna E. Serrano ("Serrano"), Stefanie L. McVay ("McVay") and Linda D. Allen ("Allen") claim that they, and all similarly situated female applicants for Service Sale Representative ("SSR") positions with Cintas Corporation were subjected to intentional discrimination and disparate impact discrimination by the corporation's hiring policies. The named plaintiffs seek to pursue this action as representatives of the Class, pursuant to Fed.R.Civ.P. 23. A prerequisite to certification is a showing by plaintiffs that their claims are typical of the claims of the Class. Fed.R.Civ.P. 23(a).

Defendant, Cintas Corporation ("Cintas") requested that the individual plaintiffs execute authorizations for the production of a broad range of employment related documents from their past and current employers. Plaintiffs declined to execute the authorizations. Defendant then issued a series of subpoenas directly to plaintiffs' various past and present employers demanding, among other things, all personnel and pay records, correspondence, documented complaints and litigation pertaining to the individual

1

plaintiffs and their employers. In response, plaintiffs filed a Motion to Quash the Subpoenas. Defendant filed its Memorandum in Opposition to the Motion, and the matter was brought on for hearing on February 27, 2006.

Plaintiff's maintain that the subpoenas should be quashed because they raise the specter of retaliation against plaintiffs. They further argue that the subpoenas constitute harassment, and represent a "fishing expedition" for irrelevant information in derogation of the plaintiffs' rights of privacy. Plaintiffs maintain that defendant is attempting to obtain irrelevant information by means of over broad and abusive requests, all for the purpose of establishing an "after acquired evidence defense." They cite Gambale v. Deutsche Bank APG, 2003 WL 115221 (S.D.N.Y. Jan. 10, 2003) for the proposition that other courts have refused to permit discovery efforts of the type under consideration because they constitute unnecessary annoyance and harassment which pose a threat of deleterious effects on plaintiffs' current and future employment prospects. Among other cases, plaintiffs also cite Perry v. Best Lock Corp., 1999 WL 33494858 (S.D. Ind. Jan. 21, 1991) in which the court denied an employer's use of broad discovery requests, despite its finding that such efforts "probably fall within the scope of permissible discovery pursuant to Fed.R.Civ.P. 26(b)(1)."

In response, defendant asserts that it is entitled to discover "after acquired evidence" and that courts can protect plaintiffs against overzealous discovery on a case by case basis as part of the judicial responsibility to oversee discovery. McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 363 (1995). Defendant further asserts that the information sought by its subpoenas is directly relevant to the question of whether the named plaintiffs' claims are typical of the claims and defenses of the Class which they seek to represent. Fed.R.Civ.P. 23(a) establishes that such typicality is a prerequisite to a Class Action.

Defendant cites <u>Bacon v. Honda of America Mfg., Inc.</u>, 370 F.3d 565 (6th Cir. 2004) for the proposition that the typicality requirement is not met where the named plaintiffs cannot show that they were eligible for the positions sought. Cintas argues that it must be permitted to conduct discovery at the precertification stage of this case in support of its position that Serrano, McVay and Allen were not qualified to be Service Sales Representatives.

While I am concerned that the overzealous pursuit of discovery carries the potential for abuse and could subject the named plaintiffs to retaliation, I find that the issue of typicality is sufficiently important to warrant qualifications-related discovery at this stage of the case. The plaintiffs have produced no persuasive evidence of retaliation or other ill effects upon them as a result of the subpoenas at issue. Unless they can satisfy all of the prerequisites set out in Fed.R.Civ.P. 23(a), these plaintiffs should not be permitted to represent the Class. Ultimately, evidence tending to show their lack of qualification for SSR positions will be directly relevant to their individual claims for relief. I am persuaded that the potential benefit of discovery relating to their work histories outweighs any demonstrated burden at this point.

The general policy of the Rules governing civil discovery, as enunciated in Fed.R.Civ.P. 26(b)(1) is that it should be broad. While the succeeding subsection of the Rule permits the court to impose limitations, I am not persuaded that they are necessary at this juncture. Accordingly, Plaintiffs' Motion to Quash Subpoenas is denied.

                                          s/Donald A. Scheer
                                          DONALD A. SCHEER
                                          UNITED STATES MAGISTRATE JUDGE

DATED: March 9, 2006

## CERTIFICATE OF SERVICE

I hereby certify on March 9, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 9, 2006. **None.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge Donald A. Scheer
                                              (313) 234-5217