UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, et al.,

                               Plaintiffs,

                                                        CIVIL CASE NO. 04-40132

v.

CINTAS CORPORATION,                           HONORABLE PAUL V. GADOLA
                                                        U.S. DISTRICT COURT
                               Defendant.
_____/

## ORDER OVERRULING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

     Before this Court are "Defendant's Objections to Magistrate Judge Scheer's September 6, 2005 Order Granting Plaintiffs' Motion for Leave to File a Second Amended Complaint," filed on September 20, 2005. For the reasons below, this Court overrules Defendant's objections.

**I.     Background**

     On April 7, 2000, after being denied employment with Defendant Cintas Corporation as a Service Sales Representative, Plaintiff Mirna Serrano filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination. The EEOC began an investigation by requesting information from Defendant related to the charge. Defendant at first provided information related only to the single facility in Westland, Michigan, where Plaintiff had applied for employment. The EEOC then filed a subpoena requesting additional information, stating that Defendant should provide information on "all facilities." Defendant objected to the subpoena on the grounds that it was vague and ambiguous in scope, and petitioned the EEOC to revoke or modify

the subpoena. On April 25, 2001, the EEOC issued a determination of the objections, agreeing with Defendant in part, and clarifying the scope of the subpoena. It stated that the EEOC "is entitled to receive the requested information concerning [Defendant's] other Michigan facilities." Maxwell Affidavit, Ex. H, at 4 (June 27, 2005). Defendant complied with the EEOC determination and subpoena. In January 2002, the EEOC requested additional information relating to the facility in Westland, Michigan, and Defendant complied with the request.

The EEOC next contacted Defendant by letter on July 3, 2002, when it ended its investigation and issued a Determination and Conciliation Agreement. It stated that it found "reasonable cause" "to believe that [Defendant] has discriminated against females as a class by failing to hire them as Route Sales Drivers/Services Sales Representatives." Maxwell Affidavit, Ex. L, at 1 (June 27, 2005). Though the letter did not specify who the "class" referred to, it contained a list of women who had applied for employment at Defendant's facilities in Westland, Michigan and in Madison Heights, Michigan.

On October 10, 2002, the EEOC sent a letter to Defendant requesting that Defendant produce all information from all of Defendant's facilities across the country dealing with Defendant's nationwide hiring practices. In response, on November 4, 2002, Defendant wrote a letter opposing the request to turn over nationwide information. The EEOC responded in a February 20, 2003 letter stating:

> With respect to the EEOC's authority to expand the scope of this conciliation, the Commission understands [Defendant's] position, but disagrees with it. The Commission remains firm in the position that the July 3, 2002 letter of determination contains language that authorizes class relief beyond the State of Michigan. However, we are not requiring that you provide the "nationwide" information at this time.

Rich Affidavit, Ex. B, at 1 (June 27, 2005).

The EEOC conciliation was not successful, and on May 10, 2004, Plaintiffs filed a complaint beginning a class action in this Court, claiming sex discrimination in the hiring practices of Defendant, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* The class represented was defined as: "all women who: a. applied for Route Driver/Services Sales Representative positions in Michigan from July 1999, through the date that judgment is entered herein; and b. were denied employment as Route Sales Drivers/Services Sales Representatives." Pl. Compl., ¶ 18 (May 10, 2004). On June 10, 2005, Plaintiffs filed a motion to file an amended complaint in order to expand the certified class to one that was nationwide. The motion was referred to the Honorable Donald A. Scheer, United States Magistrate Judge, who granted the motion on September 6, 2005. Defendant filed its objections to the Magistrate Judge's ruling on September 20, 2005.

**II.     Legal Standard**

Nondispositive orders, such as Magistrate Judge Scheer's order granting Plaintiffs leave to file an amended complaint, are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter

> assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

"According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

### III.    Analysis

In his order, Magistrate Judge Scheer granted Plaintiffs' motion to amend the complaint because Plaintiffs' proposed amended complaint containing a claim against a nationwide class of women fell within the "scope of the charge." After reviewing the record and the relevant documents, this Court finds that Magistrate Judge Scheer acted neither clearly erroneously nor contrary to law by granting Plaintiff's motion.

Before filing a Title VII claim such as the one currently under consideration before this Court, a charge must be filed with the EEOC. *See Abeita v. Transamerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1996). "The purpose of filing a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC. An EEOC charge notifies potential defendants of the nature of a plaintiff's claims and provides the opportunity for the parties to settle

claims before the EEOC instead of litigate them." *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 534 (6th Cir. 2001) (citing *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998)). Therefore, a plaintiff is precluded "from asserting a claim that was not within the scope of his EEOC charge." *Id.* This "scope of the charge" rule has not been read narrowly. Instead, "courts have expanded upon the charge filing requirement . . . to provide that a party's discrimination claim . . . may include claims 'limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination.'" *Davis*, 157 F.3d at 463 (quoting *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1235 (6th Cir. 1980)). Therefore, the issue before this court is whether Plaintiffs' nationwide claim is one "reasonably expected to grow out of" the EEOC charge.

In this case, it is clear that a Michigan-wide class action suit is a claim "reasonably expected to grow out of" Plaintiff Serrrano's EEOC charge. Defendant argues, however, that a nationwide class is outside of the scope of the EEOC charge, because it was not reasonable to expect that a nationwide claim would have arisen out of the charge. In support, Defendant notes that the EEOC did not conduct a nationwide investigation. Defendant also notes that Plaintiffs never contemplated a nationwide class action until more than a year into the suit was first filed, well after the filing of the original EEOC charge.

The extent of the EEOC's actual investigation is not the relevant factor in determining whether the "scope of the charge" test is satisfied. Instead, the Court must consider what EEOC investigation could reasonably be expected to have grown out of the original charge, regardless of whether such an investigation actually took place. *See Schnellbaecher v. Baskin Clothing Co.*, 887

F.2d 124, 128 (7th Cir. 1989); *see also Dixon v. Ashcroft*, 392 F.3d 212, 219 (6th Cir. 2004) ("The Court is not prepared to penalize [the plaintiff] because the EEOC investigation should have been broader in scope. As the Third Circuit reasoned, 'if the EEOC investigation is too narrow, a plaintiff should not be barred from raising additional claims in district court.' *Robinson v. Dalton*, 107 F.3d 1018, 1026 (3d Cir. 1997)."). Furthermore, EEOC charges filed by lay complainants are to be liberally construed. *See Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005) ("Actions in federal court 'should not be restricted by the failure of a complainant to attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include the exact wording which might be required in a judicial pleading.' *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).").

It is undisputed that from Plaintiff Serrano's allegations in her EEOC charge, the EEOC began an investigation into Defendant's practices on a statewide level. This statewide investigation was a reasonably-expected outgrowth from the allegations in the initial EEOC charge. Though the EEOC did not actually pursue a full nationwide investigation, the October 10, 2002 and February 20, 2003 EEOC letters indicate that a nationwide scope was also considered. After a review of the record, the Court finds that Plaintiff Serrano's EEOC charge contains sufficient class-based allegations from which one could reasonably expect a nationwide EEOC investigation would grow. Therefore, Plaintiffs may assert a suit on behalf of a nationwide class. Consequently, Magistrate Judge Scheer did not err in granting Plaintiffs' motion to amend their complaint.

**IV. Conclusion**

Having reviewed Defendant's objections under the standard delineated in Rule 72(a), the

Court concludes for the reasons above that Defendant has failed to demonstrate that the Magistrate Judge's order was clearly erroneous or contrary to law.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's objections to the Magistrate Judge's ruling [docket entry 71] are **OVERRULED**.

**SO ORDERED.**

Dated:   March 13, 2006                                              s/Paul V. Gadola
                                                                     HONORABLE PAUL V. GADOLA
                                                                     UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   3/13/06  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
  Kenneth L. Bird; Jennifer L. Brant; Robert K. Dawkins; Michelle Eisele; James K. Fett; Lawrence A. Fields; Rachel J. Geman; A. Poppy Goudsmit; Theodore R. Opperwall; Richard Talbot Seymour; Paul Strauss; William G. Tishkoff; Gregory M. Utter; Omar Weaver; Gena E. Wiltsek; Laurie Young                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                               .

                                                                     s/Ruth A. Brissaud
                                                                     Ruth A. Brissaud, Case Manager
                                                                     (810) 341-7845