UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, et al.,

                                Plaintiffs,

                                                    CIVIL CASE NO. 04-40132

v.

CINTAS CORPORATION,                        HONORABLE PAUL V. GADOLA
                                                                 U.S. DISTRICT COURT
                                Defendant.
_____/

## ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS

Before this Court are: (1) Defendant Cintas's objections to Magistrate Judge Scheer's April 11, 2007 order granting Plaintiffs' motion to quash subpoenas; and (2) Plaintiff Intervenor EEOC's objections to Magistrate Judge Scheer's May 9, 2007 order denying EEOC's motion for a protective order. For the reasons below, the Court overrules both sets of objections.

### I.    Standard of Law

Nondispositive orders, such as Magistrate Judge Scheer's order quashing subpoenas and order denying a protective order, are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's

> order to which objection was not timely made. The district judge to whom the case
> is assigned shall consider such objections and shall modify or set aside any portion
> of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

"According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

**II.     Plaintiffs' Motion to Quash**

Defendant attempted to issue deposition subpoenas to several unnamed members of the class. Plaintiffs opposed the depositions and filed a motion to quash the deposition subpoenas. After a full briefing of this issue, Magistrate Judge Scheer conducted a hearing on April 5, 2007. At the hearing, Magistrate Judge Scheer granted Plaintiffs' motion to quash. The Magistrate Judge memorialized his ruling by a written order issued on April 11, 2007. Magistrate Judge Scheer's order quashed certain subpoenas issued by Defendant to some unnamed class members and prevented Defendant from issuing additional subpoenas to other absent class members. Defendant filed objections to the Magistrate Judge's ruling, Plaintiffs filed a response, and Defendant filed a reply.

At the hearing, Magistrate Judge Scheer stated that he had serious doubts as to whether Defendant's requested depositions would provide anything of benefit. The Magistrate Judge noted that the unnamed class members that Defendant wanted to depose were not hired based on reviews

of their applications, and that Defendant already has all of the work applications of the unnamed class members. Since he did not find that the depositions were necessary, the Magistrate Judge granted the motion to quash.

Defendant objects to the Magistrate Judge's order and claims that the Magistrate Judge made a clearly erroneous ruling because he was acting under improper factual conclusions. Defendant concludes by arguing that it should be able to depose unnamed members of the class. In response, Plaintiff argues that, in a class action suit, discovery proceedings directed to unnamed members of the class are proper only if they are necessary. Plaintiff goes on to argue that Magistrate Judge Scheer rightfully found that the subpoenas proposed by Defendant were not currently necessary.

After reviewing the record and the relevant documents, this Court finds that Magistrate Judge Scheer acted neither clearly erroneously nor contrary to law by granting Plaintiff's motion. The Court does not find Defendant's objections persuasive. Defendant does not enjoy an unrestricted ability to depose unnamed class members. Furthermore, the Court finds that the Magistrate Judge was not acting under a fundamental error when he determined that depositions of unnamed class members were not necessary for discovery at this class certification stage of the litigation. Accordingly, having reviewed Defendant's objections under the standard delineated in Rule 72(a), the Court concludes that Defendant has failed to demonstrate that the Magistrate Judge's order was clearly erroneous or contrary to law. Defendant's objections to the order granting Plaintiffs' motion to quash are overruled.

### III. EEOC's Motion for a Protective Order

Defendant seeks to conduct a Rule 30(b)(6) deposition of Plaintiff Intervernor EEOC. The

EEOC objected and filed a motion for a protective order. Magistrate Judge Scheer conducted a hearing on May 7, 2007, and issued an order on May 9, 2007, denying the EEOC's motion for a protective order and granting Defendant leave to take a Rule 30(b)(6) deposition of the EEOC. Subsequently, the EEOC filed objections to the Magistrate Judge's ruling, and Defendant filed a response.

The EEOC objects to the ruling, claiming that Defendant's deposition is an attempt to elicit general opinion testimony in irrelevant and improper areas, and thus, the deposition is not a legitimate use of Rule 30(b)(6). Defendant counters by arguing that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Defendant argues that the EEOC is a plaintiff to this lawsuit, and that Defendant should have the ability to depose the EEOC.

The Court finds that Defendant has the stronger argument. The single case cited by the EEOC in support of its position is not applicable to the current circumstances because it deals with privileged information and with taking the deposition of opposing counsel. *See EEOC v. HBE Corp.*, 157 F.R.D. 465 (E.D. Mo. 1994). The arguments and caselaw cited by Defendant, on the other hand, are compelling and persuasive. The Court thus finds that the Magistrate Judge did not act in clear error or contrary to law by denying the EEOC's motion for a protective order. The EEOC's objections are overruled.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's objections to the Magistrate Judge's order granting Plaintiffs' motion to quash [docket entries #193, #195] are **OVERRULED**.

**IT IS FURTHER ORDERED** that EEOC's objections to the Magistrate Judge's order denying EEOC's motion for a protective order [docket entry #213] are **OVERRULED**.

**SO ORDERED.**

Dated:   September 10, 2007                                    s/Paul V. Gadola
                                                                               HONORABLE PAUL V. GADOLA
                                                                               UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  September 10, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Nancy L. Abell; Elena R. Baca; Kenneth L. Bird; Jennifer L. Brant; Michelle Eisele; Jo Ann Farnsworth; James K. Fett; Lawrence A. Fields; Jon A. Geier; Rachel J. Geman; A. Poppy Goudsmit; Sierra R. Koch; Bill Lann Lee; Heather Mills; Heather A. Morgan; Maureen E. O'Neill; Theodore R. Opperwall; Richard Talbot Seymour; Roberta L. Steele; Paul Strauss; Williams G. Tishkoff; Gregory M. Utter; Omar Weaver; Laurie Young,  and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                        .

                                                                               s/Ruth A. Brissaud
                                                                               Ruth A. Brissaud, Case Manager
                                                                               (810) 341-7845