UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, et al.,

                               Plaintiffs,

                                            CIVIL CASE NO. 04-40132

v.

CINTAS CORPORATION,                        HONORABLE PAUL V. GADOLA
                                              U.S. DISTRICT COURT
                                  Defendant.

_____/

## ORDER OVERRULING PLAINTIFF AVALOS'S OBJECTIONS AND ACCEPTING THE REPORT AND RECOMMENDATION

Before the Court are Defendant Cintas Corporation's motion for summary judgment as to Plaintiff Blanca Nelly Avalos and the Report and Recommendation of United States Magistrate Judge Donald A. Scheer. In his Report and Recommendation, the Magistrate Judge recommended that the Court grant Defendant's motion for summary judgment as to Plaintiff Avalos. Plaintiff Avalos subsequently filed objections to the Report and Recommendation. For the reasons below, the Court overrules Plaintiff Avalos's objections and accepts the Report and Recommendation as the opinion of this Court in a manner not inconsistent with this Order.

### I.     Legal Standard

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which

states, in relevant part:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Here, because Plaintiff Avalos filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

## II.      Analysis

Plaintiff Avalos is a Hispanic woman who submitted an employment application with Defendant Cintas Corporation for a position as a Service Sales Representative ("SSR"). After Defendant failed to interview or hire Avalos, Avalos brought claims of discrimination against Defendant. Avalos alleges that her employment application was rejected because of her sex, race, color, and national origin.

In his Report and Recommendation, the Magistrate Judge found that Plaintiff Avalos had failed to establish a *prima facie* case of discrimination. To establish a *prima facie* case of discrimination, Avalos must show that: (i) she belonged to a protected class; (ii) she applied and was qualified for a job for which the employer was seeking applicants; (iii) despite her qualifications, she was rejected; and (iv) after her rejection, the position remained open and the employer continued to seek applicants from persons of the plaintiff's qualifications. *See* Mag. J. R&R, Feb. 20, 2008 [docket entry #328]; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The Magistrate Judge found that Avalos had failed to establish step (iii) of the *prima facie* showing.

The Magistrate Judge also ruled that, even assuming that a *prima facie* case of discrimination had been made, Defendant was still entitled to summary judgment because Defendant had articulated a legitimate, nondiscriminatory reason for its actions in rejecting Avalos's application. The Magistrate Judge further found that Avalos had failed to point to any evidence in the record which tended to show that the reason put forward by Defendant for rejecting Avalos's application was a mere pretext for discrimination.

Plaintiff Avalos objected to the Magistrate Judge's findings and argued that the Magistrate Judge erred: (1) by relying on after-acquired evidence showing that Avalos was not qualified for the job; (2) in weighing the evidence of Avalos's qualifications for the job; and (3) by disregarding the statistical evidence offered by Avalos.

After considering Plaintiff Avalos's objections, the Court finds that summary judgment should be granted in favor of Defendant and that Avalos's claims should be dismissed due to lack of evidence of a pretext for discrimination.

There is no question that, even when assuming that a *prima facie* case of discrimination

exists, Defendant has articulated a legitimate, nondiscriminatory reason for not interviewing Avalos: Avalos's job application was incomplete and did not detail sufficient work experience for the SSR position. Accordingly, in order to avoid summary judgment, Avalos must present evidence demonstrating that Defendant's reason for failing to interview and hire Avalos was a pretext for unlawful discrimination. *See Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2003) ("[T]he plaintiff retains the ultimate burden of producing 'sufficient evidence from which the jury could reasonably reject [the defendants'] explanation and infer that the defendants intentionally discriminated against him.' ").

The Court concludes that Plaintiff Avalos has failed to produce sufficient evidence to rebut Defendant and to support an inference of discrimination. The Magistrate Judge was correct in finding that Plaintiff Avalos's subjective beliefs do not support a pretext of discrimination. Moreover, there is little probative evidence of discrimination and Avalos's qualifications are not significantly better than those of successful applicants, especially when considering the fact that Avalos's job application was incomplete. *See Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 627 (6th Cir. 2006). Furthermore, after considering the statistical and comparator evidence presented by Avalos, the Court agrees with the Magistrate Judge and finds that the statistical and comparator evidence lacks probative value and is not sufficient to support a reasonable inference that Defendant's reasons for not hiring Avalos were discriminatory. Consequently, Defendant is entitled to summary judgment on Plaintiff Avalos's claims of discrimination.

The Magistrate Judge also indicated that Avalos's case was "so patently insubstantial" that an inquiry into possible sanctions or attorney fees may be warranted. Avalos objected to this characterization of the case and to the appropriateness of such an inquiry. After considering the

4

issues raised by the parties, the Court finds that an inquiry into possible sanctions or attorney fees is not warranted at this time, though there may be an occasion for such inquiry in the future.

### III.   Conclusion

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff Avalos's objections [docket entry #336] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #328] is **ACCEPTED and ADOPTED** as the opinion of this Court in a manner not inconsistent with this Order.   Consequently, **IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [docket entry #231] is **GRANTED** with respect to Plaintiff Blanca Nelly Avalos. Plaintiff Avalos's individual claims are therefore **DISMISSED**.

**SO ORDERED.**


Dated: ___June 19, 2008____               s/Paul V. Gadola_____
                                          HONORABLE PAUL V. GADOLA
                                          UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on ___June 19, 2008____ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Nancy L. Abell; Elena R. Baca; Kenneth L. Bird; Jennifer L. Brant; Michelle Eisele; Scott A. Entin; Jo Ann Farnsworth; James K. Fett; Lawrence A. Fields; Jon A. Geier; Rachel J. Geman; Sierra R. Koch; Bill Lann Lee; Heather Mills; Judson H. Miner; Heather A. Morgan; Maureen E. O'Neill; Theodore R. Opperwall; Richard Talbot Seymour; Sarah E. Siskind; Roberta L. Steele; William G. Tishkoff; Gregory M. Utter; Omar Weaver; Laurie Young   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.

s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(810) 341-7845

---

5