UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, et al.,

                               Plaintiffs,
                                                      CIVIL CASE NO. 04-40132

v.

                                                                HONORABLE SEAN F. COX

CINTAS CORPORATION,                                         U.S. DISTRICT COURT

                               Defendant.

*Consolidated for pre-trial proceedings with:*

BLANCA NELLY AVALOS, et al.,

                                 Plaintiffs,                        CIVIL CASE NO. 06-12311

v.                                                         HONORABLE SEAN F. COX
                                                                       U.S. DISTRICT COURT

CINTAS CORPORATION,

                               Defendant.
_____/

## ORDER OVERRULING PLAINTIFF JONES'S OBJECTIONS AND ACCEPTING THE REPORT AND RECOMMENDATION

       Before the Court are Defendant Cintas Corporation's motion for summary judgment as to Plaintiff Anthony Jones and the Report and Recommendation of United States Magistrate Judge Donald A. Scheer. In his Report and Recommendation, the Magistrate Judge recommended that the Court grant Defendant's motion for summary judgment as to Plaintiff Jones. Jones subsequently filed objections to the Report and Recommendation. For the reasons below, the Court overrules Plaintiff Jones's objections and accepts the Report and Recommendation as the opinion of this Court in a manner not inconsistent with this Order.

### I. Legal Standard

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Here, because Plaintiff Jones filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice §

3070.2.

**II.    Analysis**

Plaintiff Anthony Jones is an African-American male. Jones claims that between November 2004 and February 2005, Defendant Cintas Corporation refused to hire him as a Service Sales Representative ("SSR") at the Cintas facility located in Dover, Delaware. Jones alleges that he suffered unlawful racial discrimination when Cintas failed to hire him.

On or around November 9, 2001, Jones filled out an application form for employment with Cintas. Under the title of the form, the following language was printed: "Please furnish complete and accurate information, even if a resume is provided. All applications will be verified and incomplete applications will not be considered." *See* Mag. J. R&R, p.7 ( June 10, 2008) [docket entry #404 in Case No. 04-40132]. The form requested personal history and information on past education and employment. At the end of the application form, in a section entitled "Agreement," the form stated that by signing the application, the applicant was indicating that the information on the application was "true, correct, and complete." *Id.* It is undisputed that Jones omitted information and made several misrepresentations when listing his education and job history. Jones then underwent a series of interviews with several of Cintas's employees. After Jones was not hired by Cintas, Jones filed a racial discrimination charge with the Equal Employment Opportunity Commission.

In his Report and Recommendation, the Magistrate Judge found that Plaintiff Jones had failed to establish a *prima facie* case of discrimination. To establish a *prima facie* case of discrimination, Jones must show that: (i) he belonged to a protected class; (ii) he applied and was qualified for a job for which the employer was seeking applicants; (iii) despite his qualifications, he

was rejected; and (iv) after his rejection, the position remained open and the employer continued to seek applicants from persons of the plaintiff's qualifications. *See* Mag. J. R&R, p.10 ( June 10, 2008) [docket entry #404 in Case No. 04-40132]; *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The Magistrate Judge found that Jones had lied on his employment application, even though the application stated several times in clear language that complete and accurate information was required. The Magistrate Judge ruled that basic honesty was an objective qualification for a position with Cintas, that Jones was thus not qualified for the job sought, and that Jones had consequently failed to establish a *prima facie* case of discrimination.

The Magistrate Judge also concluded that even assuming that there was a *prima facie* case of discrimination, Cintas had articulated legitimate nondiscriminatory reasons for not hiring Jones and that Jones had failed to offer sufficient evidence demonstrating that these reasons were a pretext for discrimination. Accordingly, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted and that Plaintiff Jones be dismissed from the case.

Plaintiff Jones filed objections to the Report and Recommendation, arguing that the Magistrate Judge erred by considering after-acquired evidence of Jones's misrepresentation on his employment application, by improperly weighing evidence against Jones, and by disregarding statistical evidence of discrimination by Cintas.

After considering Plaintiff Jones's objections and after conducting a de novo review of the record, the Court finds that summary judgment should be granted in favor of Defendant Cintas and that Jones's claims should be dismissed. First, the Court concludes that Plaintiff has failed to establish a *prima facie* case of discrimination. The Magistrate Judge was correct to conclude that Plaintiff Jones was unqualified for the SSR position to which he applied. It is certain that Jones did

4

not furnish complete and accurate information on his employment application, but instead made various omissions and falsehoods when listing his past education and employment. Jones's argument that it was reasonable and understandable for him to make such misrepresentations on the employment application is without merit, considering the clear language on the application form requiring submission of truthful and completed information. Moreover, Jones's argument regarding after-acquired evidence and his reliance on *McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352 (1995) is misplaced. At the *prima facie* stage, the burden is on Plaintiff to establish that he was objectively qualified for the position. Here, Plaintiff is unable to demonstrate his objective qualification for the SSR position, and thus, he fails to establish a *prima facie* case of discrimination.

In addition, even assuming that there is a *prima facie* case of discrimination, Jones's claims should still be dismissed because he has failed to sufficiently rebut Cintas's nondiscriminatory reasons for not hiring Jones. Jones first interviewed with Mike Silvia, Cintas's local branch manager. Though there is some factual dispute as to the nature of the meetings between Silvia and Jones, even when considering the facts and inferences in favor of Jones, Silvia articulated legitimate, nondiscriminatory reasons for not hiring Jones when he gave reservations about Jones's suitability for the SSR position and possible lack of motivation. Additionally, Cintas employees Vickie Lowder, Matthew Christopher, and Christie Fenton also interviewed Jones, evaluated his employment application, and had reservations about Jones's application. The Magistrate Judge was correct in finding that subjective employment evaluations are not per se illegal, but that the question is "whether the subjective criteria were used to disguise discriminatory action." *Grano v. Department of Dev.*, 699 F.2d 836, 837 (6th Cir. 1983). Since Defendant Cintas's employees gave legitimate, nondiscriminatory reasons for not hiring Jones, the burden shifts to Jones in order to

avoid summary judgment. Jones is required to present evidence demonstrating that the reasons given by Cintas for not hiring Jones were a pretext for unlawful discrimination. *See Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2003) ("[T]he plaintiff retains the ultimate burden of producing 'sufficient evidence from which the jury could reasonably reject [the defendants'] explanation and infer that the defendants intentionally discriminated against him.'"). In this case, after a review of the record, the Court finds that the reasoning and conclusions of the Magistrate Judge on this issue are sound. Plaintiff Jones has failed to produce specific evidence sufficiently probative to rebut Cintas and to support an inference of racial discrimination.

Finally, the Court finds no fault with the Magistrate Judge's conclusions regarding the statistical evidence presented by Jones in support of his discrimination allegations. In particular, the Court finds that the statistical evidence cannot support a reasonable inference that Cintas's reasons for not hiring Jones were discriminatory. Accordingly, Defendant Cintas is entitled to summary judgment on Plaintiff Jones's claims of discrimination.

In the Report and Recommendation, the Magistrate Judge suggested that a hearing on the issue of sanctions may be appropriate in order to discover whether Plaintiff Jones had unreasonably initiated litigation against Defendant Cintas. After considering the respective positions of the parties, the Court finds that an inquiry into possible sanctions or attorney fees is not warranted at this time.

### III. Conclusion

For the reasons above, **IT IS HEREBY ORDERED** that Plaintiff Jones's objections [docket entry #439 in Case No. 04-40132; docket entry #296 in Case No. 06-12311] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #404 in Case No. 04-40132; docket entry #261 in Case No. 06-12311] is **ACCEPTED and ADOPTED** as the opinion of this Court in a manner not inconsistent with this Order. Consequently, **IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [docket entries #227, 237 in Case No. 04-40132; docket entries #85, #95 in Case No. 06-12311] is **GRANTED** with respect to Plaintiff Anthony Jones. Plaintiff Jones's individual claims are therefore **DISMISSED**.

**SO ORDERED.**

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: October 7, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 7, 2008, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager