UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, et al.,

                                 Plaintiffs,

                                                          CIVIL CASE NO. 04-40132
v.

                                                          HONORABLE SEAN F. COX
CINTAS CORPORATION,                             U.S. DISTRICT COURT

                                 Defendant.

*Consolidated for pre-trial proceedings with:*

BLANCA NELLY AVALOS, et al.,

                                 Plaintiffs,                CIVIL CASE NO. 06-12311

v.                                                     HONORABLE SEAN F. COX
                                                          U.S. DISTRICT COURT
CINTAS CORPORATION,

                                 Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Cintas Corporation's motion for summary judgment on all claims brought on behalf of class members applying outside the state of Michigan, filed on March 13, 2008. Plaintiffs in the *Serrano* case, Plaintiffs in the companion *Avalos* case, and Plaintiff-Intervenor Equal Employment Opportunity Commission ("EEOC") all filed separate responses opposing Cintas's motion. Cintas filed a consolidated reply to all the responses. The motion was initially referred to Magistrate Judge Donald Scheer for a Report and Recommendation. On June 30, 2008, Magistrate Judge Scheer conducted a hearing on the motion. On September 12, 2008, the motion of reference to Magistrate Judge Scheer was vacated. Accordingly, the motion for summary

judgment is now properly before this Court for consideration.

On August 20, 2008, Plaintiffs filed a motion for leave to file supplemental authority. Cintas opposed the motion. Having reviewed the motion, the Court grants Plaintiffs' motion for leave to file and accepts the supplemental authority.

The Court has reviewed all the briefings including the supplemental briefs and authority submitted by the parties. The Court has also reviewed a recording of the June 30, 2008 hearing held before Magistrate Judge Scheer. For the reasons below, the Court grants Cintas's motion for summary judgment.

**I.    Background**

Plaintiff Mirna Serrano applied for employment with Defendant Cintas Corporation as a Service Sales Representative ("SSR"), but was not hired. On April 7, 2000, Plaintiff filed a charge with the EEOC alleging gender discrimination. The EEOC then began an investigation of Cintas's employment practices in Michigan.

In July 2002, the EEOC finished its investigation and began conciliation proceedings with Cintas. On October 10, 2002, the EEOC sent a letter to Cintas requesting that Cintas produce information regarding Cintas's nationwide hiring practices. On November 4, 2002, Cintas wrote a letter in response opposing the request to turn over nationwide information. In a February 20, 2003 letter, the EEOC responded and stated the following:

> With respect to the EEOC's authority to expand the scope of this conciliation, the Commission understands [Defendant's] position, but disagrees with it. The Commission remains firm in the position that the July 3, 2002 letter of determination contains language that authorizes class relief beyond the State of Michigan. However, we are not requiring that you provide the "nationwide" information at this time.

Pl. Resp., Exh. L (Apr. 7, 2008) [docket entry #347].

After the conciliation proceedings ended unsuccessfully, the *Serrano* Plaintiffs filed a complaint in this Court, alleging gender discrimination by Cintas. The complaint initially alleged a class action limited to the class of females who applied for SSR positions at Cintas's locations inside Michigan. The *Serrano* Plaintiffs then filed a motion to amend their complaint in order to assert a nationwide class instead of a class limited to Michigan. After Magistrate Judge Scheer granted the motion to amend, Cintas filed objections. On March 13, 2006, the Court overruled Cintas's objections and permitted the *Serrano* Plaintiffs to amend their complaint and to allege a nationwide class.

Cintas has now filed the current motion for summary judgment, alleging that facts uncovered during discovery reveal that the scope of the EEOC investigation was limited to the State of Michgian, and thus, the *Serrano* class must also be limited to the State of Michigan.

**II.    Analysis**

Before filing a discrimination claim in federal court, a charge must be filed with the EEOC. *See Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998). "The purpose of filing a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC. An EEOC charge notifies potential defendants of the nature of a plaintiff's claims and provides the opportunity for the parties to settle claims before the EEOC instead of litigate them." *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 534 (6th Cir. 2001) (citing *Davis*, 157 F.3d at 463). Therefore, a plaintiff is precluded "from asserting a claim that was not within the scope of his EEOC charge." *Id.* This "scope of the charge" rule has not been read narrowly. Instead, "courts have expanded upon the charge filing requirement . . . to provide that a party's discrimination claim . . . may include claims 'limited to the scope of the EEOC investigation reasonably expected to grow

3

out of the charge of discrimination.'" *Davis*, 157 F.3d at 463 (quoting *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1235 (6th Cir. 1980)).

Here, it is undisputed that the language of Mirna Serrano's EEOC charge did not contemplate a nationwide class. Accordingly, Plaintiffs argue that a nationwide class action was reasonably expected to grow out of the EEOC charge, while Cintas disagrees.

In this Court's March 13, 2006 order permitting the *Serrano* Plaintiffs to amend their complaint and allege a nationwide class, the Court considered this issue and stated that the October 10, 2002 and February 20, 2003 EEOC letters supported the contention that a nationwide class was contemplated by the EEOC. The Court made this ruling, however, before discovery was completed and under the permissive standard for granting leave to amend a complaint pursuant to Federal Rule of Civil Procedure 15. Discovery is now complete, and Cintas is currently arguing that under the different summary judgment standard of Federal Rule of Civil Procedure 56, the Court should find that a nationwide class was not considered by the EEOC during their investigation.

Cintas presents very compelling evidence in support of its position. Cintas provides the deposition testimonies of the EEOC personnel involved in the investigation of Mirna Serrano's charge. The depositions reveal that the EEOC personnel did not conduct an investigation beyond the State of Michigan. *See* deposition excerpts in Def. Mot., pp.17-21 (Mar. 13, 2008) [docket entry #338]. Once the investigation was completed, the EEOC issued a Letter of Determination which did not mention a nationwide class and was considered by the EEOC personnel to be limited to the State of Michigan. *Id.* This deposition testimony is in no way rebutted by Plaintiffs.

In response, Plaintiffs argue the "law of the case" doctrine bars this Court from revisiting this issue of a nationwide class because the Court made a ruling in its March 13, 2006 order. This

4

argument is entirely without merit. The issue is now before the Court at the summary judgment stage, while the Court first considered the issue in light of a motion to amend the complaint. The Court has the full authority to revisit the issue. *See McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 513 (6th Cir. 2000). In addition, the Court first granted Plaintiff's motion to amend in part because of Plaintiffs' allegations that a nationwide class was contemplated during the EEOC investigation. Contrary to Plaintiffs' earlier allegations, discovery now reveals the undisputed fact that the EEOC did not contemplate a nationwide class during its investigation.

Plaintiffs also argue that Cintas does not present any new material facts because the testimonies of the EEOC personnel are immaterial. The Court disagrees with Plaintiffs' position. The new testimonial evidence presented by Cintas is material and directly relevant to the issue now before the Court.

Finally, Plaintiffs attempt to rely on the October 10, 2002 and February 20, 2003 letters from the EEOC which mentioned Cintas's nationwide hiring practices. Plaintiffs argue that these letters show that a nationwide claim could be reasonably expected to grow out of the EEOC charge. Plaintiffs' reliance on these letters are misplaced. The October 10, 2002 and February 20, 2003 letters were sent after the EEOC investigation was completed and the Letter of Determination was issued. Consequently, these letters could not have put Cintas on notice that the scope of the EEOC investigation was nationwide. *See, e.g.*, *EEOC v. Outback Steak House of Fla., Inc*., 520 F. Supp. 2d 1250, 1266 (D. Colo. 2007) (finding insufficient notice of a nationwide class); *EEOC v. Jillian's of Indianapolis, IN, Inc.*, 279 F. Supp. 2d 974 (S.D. Ind. 2003) (finding insufficient notice of a nationwide class). The Court further concludes that mere references to a nationwide class made during the later conciliation proceedings between the parties are insufficient to support the claim that

a nationwide class falls within "the scope of the charge." *See Davis*, 157 F.3d at 463.

Accordingly, there is no genuine issue of material fact, and as a matter of law, Cintas is entitled to summary judgment in its favor. *See* Fed. R. Civ. P. 56(c). The class of *Serrano* Plaintiffs is limited to female applicants for SSR positions at Cintas locations inside the State of Michigan. All claims by female applicants for SSR positions at Cintas locations outside the State of Michigan cannot be included in the *Serrano* class of Plaintiffs.

### IV. Conclusion

For the reasons above, **IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to file supplemental authority [docket entry #467 in Case No. 04-40132] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Cintas Corporation's motion for summary judgment on all claims brought on behalf of class members applying outside the state of Michigan [docket entry #338 in Case No. 04-40132] is **GRANTED**. Consequently, the class of *Serrano* Plaintiffs is limited to female applicants for SSR positions at Cintas locations inside the State of Michigan. All claims by female applicants for SSR positions at Cintas locations outside the State of Michigan who have not independently advanced or exhausted such claims are hereby **DISMISSED** from the case. All claims brought by the EEOC on behalf of similarly situated female applicants are likewise **DISMISSED** from the case.

**SO ORDERED.**

                                                  **S/Sean F. Cox**
                                                  **Sean F. Cox**
                                                  **United States District Judge**

**Dated: October 27, 2008**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, et al.,

                Plaintiffs,

                              CIVIL CASE NO. 04-40132

v.

                              HONORABLE SEAN F. COX

CINTAS CORPORATION,                        U.S. DISTRICT COURT

                Defendant.

*Consolidated for pre-trial proceedings with:*

BLANCA NELLY AVALOS, et al.,

                Plaintiffs,                CIVIL CASE NO. 06-12311

v.                                               HONORABLE SEAN F. COX
                                                 U.S. DISTRICT COURT

CINTAS CORPORATION,

                Defendant.
_____/

## **PROOF OF SERVICE**

     I hereby certify that a copy of the foregoing document was served upon counsel of record on October 27, 2008, by electronic and/or ordinary mail.

                                             S/Jennifer Hernandez
                                             Case Manager