UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, *et al.*,

        Plaintiffs,

   and

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff-Intervenor,

v.

CINTAS CORPORATION

        Defendant.
_____/

Case No. 04-40132

HONORABLE SEAN F. COX
United States District Judge

<u>ORDER ESTABLISHING SCHEDULING ORDER FOR PLAINTIFFS' CAUSE OF ACTION</u>

      The parties to this action, as well as the parties to a related matter, *Avalos v. Cintas Corp.*, Case No. 06-12311, met with the Court for a scheduling conference on Monday, August 10, 2009. At that conference, the individual Plaintiffs in this action ("the *Serrano* Plaintiffs"), and the Defendant could not agree upon a proposed scheduling order for this case to proceed upon. Specifically, the *Seranno* Plaintiffs believed their case should only proceed after the EEOC's "pattern or practice" action had been adjudicated, while the Defendant believed such a delay was not necessary.

      In compliance with the Court's order [*See* Doc. No. 647], the Defendant and the *Seranno* Plaintiffs each filed a proposed scheduling order and briefing in support. [*See* Doc. Nos. 652, 653]. The EEOC has also filed a brief in support of the *Seranno* Plaintiffs' action being aligned

1

with the scheduling order for its own "pattern or practice" case. [*See* Doc. No. 651]. The Court declines to hold oral argument on this issue pursuant to Local Rule 7.1(e)(2). For the reasons that follow, the Court finds the arguments in the Defendant's brief to be persuasive [*See* Doc. No. 653], and will issue a scheduling order for the individual claims brought by the *Seranno* Plaintiffs comporting with those arguments.

## ANALYSIS

The briefs of both the Defendant and the *Seranno* Plaintiffs, as well as the third-party brief filed by the EEOC, all rely primarily upon the U.S. Supreme Court case of *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977) in support of their positions.

In *Teamsters*, the Court set out the framework by which a litigant could prove that an employer has engaged in a pattern or practice of discrimination: litigation is divided into two phases. At the first, "liability" stage, a plaintiff must demonstrate that a procedure or policy of discriminatory conduct existed. *Teamsters*, 431 U.S. at 360. If that initial burden is met by the plaintiff, the court then determines the scope of individual relief for those who claim to have been aggrieved by the pattern or practice. *Id*. at 361. The *Teamsters* Court, however, emphasized that "[t]he plaintiff in a pattern-or-practice action is the Government. . . ," *Id*. at 360, not the individuals who claim to have been aggrieved.

In *Bacon v. Honda of America Manufacturing, Inc.*, 370 F.3d 565 (6th Cir. 2004), the Sixth Circuit held that the pattern-or-practice method of proof established in *Teamsters* is not available for individual plaintiffs:

> We therefore hold that the pattern-or-practice method of proving discrimination is not available to individual plaintiffs. We subscribe to the rationale that a pattern-or-practice claim is focused on establishing a policy of discrimination; because it does not address individual hiring decisions, it is inappropriate for proving

discrimination in an individual case.

*Bacon*, 370 F.3d at 575. *Bacon* cited favorably to a case in the Western District of Michigan, *Herendeen v. Michigan State Police*, 39 F.Supp.2d 899 (W.D.Mich. 1999), which further elaborates upon why pattern-or-practice cases should be separate and distinct from individual claims:

> Evidence that the employer engaged in a pattern or practice of discrimination may be probative of intentional discrimination by an employer, but it is *insufficient by itself to support a finding of discrimination in an individual discrimination claim*. While pattern and practice evidence - statistics and anecdotal evidence of discrimination against minorities in general - is generally admissible in individual discrimination cases, *such evidence is merely collateral to proof of specific instances of discrimination* which the plaintiff must present to make his prima facie case.

*Herendeen*, 39 F.Supp.2d at 906 (emphasis added).

Several other Circuits have also refused to allow individual plaintiffs to proceed with discrimination claims under a pattern-or-practice framework. The Fourth Circuit, in *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 761 (4th Cir. 1998) (emphasis in original), noted that "[t]he Supreme Court has never indicated that an inference of discrimination should arise in an individual case until the plaintiff has proved *all* elements of a *prima facie* case." Similarly, the Fifth Circuit held that "an individual plaintiff pursuing an *individual* claim may not rely on the type of pattern-or-practice evidence that is acceptable in class action suits alleging similar conduct. . . ." *Taylor v. United Parcel Service, Inc.*, 554 F.3d 510, 523 (5th Cir. 2008). The Tenth Circuit, albeit in an unpublished opinion, similarly "conclude[d] that the pattern or practice method of proof is available only to the government and class actions." *Semroth v. City of Wichita*, 304 Fed. Appx. 707, 715 (10th Cir. 2008).

In the instant case, the *Seranno* Plaintiffs seek to delay progress on their cases until the

EEOC's pattern-or-practice case has been resolved. For the reasons above, the Court finds the arguments in the Defendant's brief to be persuasive [*See* Doc. No. 653], and will issue a scheduling order for the individual claims brought by the *Seranno* Plaintiffs comporting with those arguments.

    **IT IS SO ORDERED**.

                  S/Sean F. Cox
                  Sean F. Cox
                  United States District Judge

Dated: December 1, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 1, 2009, by electronic and/or ordinary mail.

                  S/Jennifer Hernandez
                  Case Manager