UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, et al.,

          Plaintiffs,

v.

CINTAS CORPORATION,

          Defendant.

_____/

CIVIL ACTION NO. 04-40132

DISTRICT JUDGE SEAN F. COX

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER

      This matter is before the magistrate judge on Order of Reference for hearing and determination of EEOC's Motion for Leave to Interview Former Decision Makers Outside the Presence of Defense Counsel. The parties appeared for hearing on December 3, 2009. Having reviewed the Motion, together with the Defendant's Response and Plaintiffs' Reply, and having had the benefit of oral argument, I find that the Motion should be granted in part.

      Plaintiff-Intervenor, the Equal Employment Opportunity Commission ("EEOC") seeks leave to interview certain former management level employees of Defendant Cintas Corporation ("Cintas"), outside the presence of defense counsel. The Motion was filed pursuant to the court's guidance in Victory Lane Quick Oil Change, Inc. v. Hoss, 2009 U.S. Dist. Ct. Lexis 22579 at *6 (E.D. Mich. 2009) that it would be prudent for counsel who wishes to interview a former employee of a party to contact counsel for that party for consent, or to seek direction from the court. Counsel for EEOC wishes to interview former employees of Cintas who made, or may have made, hiring decisions on behalf of the corporation. Movant cites the obligation of its counsel to make a thorough investigation in

preparation for trial, and observes that interviews of potential witnesses typically occur outside the presence of opposing counsel. That general rule is subject to the limitations imposed by Rule 4.2 of the Michigan Rules of Professional Conduct, which has been incorporated into this court's rules through Local Rule 83.22. Rule 4.2 provides as follows:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party whom the lawyer knows to be represented in the matter by another lawyer, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

MRCP 4.2.  The commentary following the Rule addresses its application with respect to organizational parties, and provides, in pertinent part, as follows:

> In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.  If an agent or employee of the organization is represented in the matter by separate counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule.

Commentary to MRCP 4.2. In the case at bar, Cintas opposes the EEOC's proposed interview of its former decision makers outside the presence of defense counsel.

The language of Rule 4.2 does not expressly prohibit ex parte contact with former employees of a corporate party. In fact, the text of the Rule does not differentiate between individual and corporate parties. Nonetheless, the comments to the Rule recognize that the status of an organization as a party raises serious questions as to which of the organization's various members may, or may not, be contacted without the consent of the organization's counsel or leave of court. In an effort to resolve those questions, the

2

comment declares that the Rule prohibits communications by a lawyer for one party concerning the matter in representation with: (a) "persons having a managerial responsibility on behalf of the organization," and (b) "with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil . . . liability" or (c) "whose statement may constitute an admission on the part of the organization." Unfortunately, the committee's effort to explain the sweep of the Rule leaves important questions unanswered. The first and third characteristics do not apply to former employees since, by definition, they no longer have managerial responsibility, and their current statements would not constitute admissions on the part of the former employer. The second classification, however, is not expressly limited to present acts or omissions, and may well include former employees.

The majority of court decisions dealing with efforts to interview a corporate party's former employees ex parte have held that Rule 4.2 does not prohibit such contacts. Valassis v. Samelson, 143 F.R.D. 118 (E.D. Mich. 1992). That view was adopted as well in ABA Formal Opinion 91-359 (March 22, 1991) ("[I]t is the opinion of the committee that a lawyer representing a client in a matter adverse to a corporate party that is represented by another lawyer may, without violating model Rule 4.2, communicate about the subject of the representation with an unrepresented former employee of the corporate party without consent of the corporation's lawyer."). The cases and ABA opinion relied upon by EEOC, while supportive of its position in this suit, do not appear to address precisely the question raised under the facts of this case. EEOC candidly declares that it wishes to interview Defendant's former employees "who made, or may have made, hiring decision for Cintas." It is logical to conclude that the particular "hiring decisions" to be scrutinized are those

3

which form the basis of EEOC's Complaint in this case. To the extent that this is true, they form the very heart of the case and controversy before this court. The comments to Rule 4.2 declare that the Rule "prohibits communication by a lawyer for one party concerning the matter in representation with . . . any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil . . . liability . . .." The past acts and omissions of former employees, during and in the course of their employment by a corporate party, clearly may be imputed to the corporation for purposes of civil liability. That is precisely why EEOC is interested in exploring them. The defense of such acts or omissions is central to Cintas' case. The ABA Committee's assertion that nothing in its comments gives a basis for concluding that Rule 4.2 was intended to cover former employees is simply inaccurate.  Indeed, the plain language of the comments indicates otherwise, and the Committee concedes that "persuasive policy arguments can and have been made for extending the ambit of Model Rule 4.2 to cover some former employers." (sic)  If the purpose of the Rule is truly "to preserve the proper functioning of the legal system and shield [ ] the adverse party from improper approaches," as ABA Formal Opinion 91-359 declares, then Cintas' former decision makers, whose acts and omissions with regard to the claims in issue here may be imputed to the Corporation, may reasonably be considered agents of the Defendant for purposes of Rule 4.2.

There is case law supporting the proposition that former corporate employees fall within the ambit of Rule 4.2 under various circumstances. Those circumstances include the former employees' membership during their employment in the corporation's management or control group. Curley v. Cumberland Farms, Inc., 134 F.R.D. 77 (D. N.J. 1991); Prudential Ins. Co. of America Sales Practices Litigation, 911 F.Supp. 148 (D. N.J. 1995).

4

Another circumstance under which the Rule has been applied to former employees is involvement in litigation or other events leading to their exposure to privileged or confidential information during their employment status. See Lang v. Maricopa County Superior Court, 170 Ariz. 602, 826 P.2nd 1228 (1992); MMR/Wallace Power and Indus., Inc. v. Thames Associates, 464 F.Supp. 712 (D. Conn. 1991). EEOC's Motion does not identify the particular decision makers whom it seeks to contact. In the absence of a showing that the potential witnesses were not members of Cintas' management group, and that they were not privy to confidential or privileged information, I am unable to conclude that Rule 4.2 is totally inapplicable.

Case law also supports the proposition that former employees whose conduct during their employment by a corporate party may be imputed to the employer are entitled to Rule 4.2 protection. Lang v. Superior Court, supra; Rentclub, Inc. v. Transamerica Rental Fin. Corp., 811 F.Supp. 651, 656-57 (M.D. Fla. 1992); In Re: Opinion 668 of Advisory Committee on Professional Ethics, 134 N.J. 294, 633 A.2d 959 (1993). In the latter case, the court stated in an interim decision that the ex parte contact with an opposing party's former employee whose conduct would establish the organization's liability could take place only with prior notice to the organization's attorney and an opportunity for such counsel to be present at the interviews. I believe that holding to be fully consistent with the spirit of the Rule, the language of the commentary and the essential principles of the adversary system of litigation.[1]

---

[1] EEOC argues that, because it is the federal agency charged with administration, enforcement and interpretation of Title VII, it would violate public policy to preclude it from speaking with Cintas' former employees ex parte.  I have no quarrel with that position, so long as EEOC was acting in its role as an unbiased and impartial entity.  The instant motion,

The decisions which have extended "party" status to former employees of corporate litigants are based upon the language of the comment to Rule 4.2 and not the Rule itself. It is also true that informal investigation and fact finding are normal, and important, functions of attorneys in representing their clients. Formal discovery is more restrictive and more costly than ex parte contacts with potential witnesses who may, or may not, have relevant information. As stated above, the majority of courts have accepted the ABA Committee position that Rule 4.2 simply does not apply to ex parte contacts with an opposing party's former agents, despite the Committee's admission that persuasive policy arguments exist for extending it to at least some former employees. The simplest course for this court would be to follow the general rule and ignore the contrary arguments. But I am persuaded that the circumstances of the present case require a more nuanced approach.

Total denial of EEOC's ex parte access to Cintas' former employees is not required by the plain language of Rule 4.2, and would undermine the well established legal policy of "just, speedy and inexpensive determination of every action or proceeding." See, Fed.R.Civ.P. 1. At the same time, Defendant's former decision makers are almost certain to be persons "whose acts or omissions in connection with [the subject matter of EEOC's representation here] may be imputed to the [Defendant's] organization."

> [C]ourt authorization or opposing counsel's consent to ex parte
> contact should be required if the former employee was highly
> placed in the company (such as a former officer or director) or

---

however, was filed by EEOC in its capacity as a litigant. It is apparent that the agency has reached a determination, and now seeks factual support for its contentions in this case. In that capacity, I am satisfied that EEOC's counsel is bound by the provisions of Rule 4.2 to the same extent as counsel for any other party to a lawsuit.

> if the former employee's actions are precisely those sought to
> be imputed to the corporation.

Rentclub, Inc. v. Transamerica Rental Finance Corp., 811 F.Supp. 651, 657-58 (M.D. Fla.

1992) (quoting Miller and Calfo, *Ex Parte Contact with Employees and Former Employees

of a Corporate Adversary: Is It Ethical?*, 42 Bus. Law. 1053 at 1072-73 (1987) (emphasis

added). The court noted that the interest of a corporation in protecting privileged matter

acquired by a former employee during the course of employment remains after the

employee leaves the corporation. Similarly, the acts or omissions of former corporate

employees prior to the termination of their agency relationship may be imputed to a

corporate employer. This is especially true of former managers and decision makers. I am

satisfied that, in cases presenting such circumstances, the former agents of an

organizational party should be considered parties as well with respect to actions taken by

them during their employment.

In a thoughtful decision rendered in a gender discrimination case, the court in Lang

v. Reedy Creek Improvement Dist., 888 F.Supp. 1143 (M.D. Fla. 1995), weighed the

competing interests and concluded that allowing ex parte contacts under specific, court

ordered restrictions, protected the important interests of both parties and satisfied the letter,

spirit and intent of the ethical rule.

> Access to an organizational party's employees should be
> regulated on the basis of a balancing of interests affecting in
> the particular case. See, e.g. New York State Assn. for
> Retarded Children, Inc. v. Carey, 706 F.2d 956, 960-61 (2nd
> Cir.), cert. denied, 464 U.S. 915, 104 S.Ct. 277, 78 L.Ed. 2nd
> 257 (1983). Proof of wrongdoing, and especially of
> discrimination, is difficult to establish, and plaintiff must be
> afforded the opportunities to discovery all factual information
> pertinent to their case. Goff v. Wheaton Industries, 145 F.R.D.
> 351, 356, n.3 (D. N.J. 1992). The Goff court favored flexibility

in the discovery process, a position with which this court concurs. The ability to informally interview former employees of the defendants would materially assist plaintiff's preparation of their case at both the summary judgment and trial stages and reduce the cost of litigation for both parties.

Lang, 888 F.Supp. at 1148. The court entered an Order permitting ex parte contacts with specific restrictions. I conclude that a similar disposition is appropriate in this case.

IT IS THEREFORE ORDERED that EEOC's Motion for Leave to Interview Former Decision Makers Outside the Presence of Defense Counsel is granted, in part. Plaintiffs' counsel may initiate ex parte communications with former "decision maker" employees of the Defendant, subject to the following restrictive guidelines:

1.    Upon contacting any former employee of Cintas, Plaintiffs' counsel shall immediately identify him/herself as the attorney representing Plaintiffs in this action and specify the purpose of the contact.

2.    Plaintiffs' counsel shall ascertain whether the former employee is currently associated with the Defendant or is represented by counsel. If either is so, the contact must terminate immediately.

3.    Plaintiffs' counsel shall advise the former employee that (a) participation in the interview is not mandatory and that (b) he or she may choose not to participate or to participate only in the presence of personal counsel or counsel for the Defendant. Counsel for Plaintiff must immediately terminate the interview if the former

employee does not wish to participate, or elects to do so only in the presence of personal counsel or counsel for Defendant.

4.   Plaintiffs' counsel shall advise the former employee to avoid disclosure of privileged materials. In the course of the interview, Plaintiffs' counsel shall not attempt to solicit privileged information and shall terminate the conversation should it appear that the interviewee may reveal privileged matters.

5.   Plaintiffs' counsel shall instruct the former employee not to disclose information covered by Defendant Cintas' attorney client privilege, or matters subject to confidentiality agreements between the interviewee and the Defendant. The interview shall be terminated immediately if it appears that the former employee has erroneously volunteered such information.

6.   Plaintiffs' counsel shall create and preserve a list of all former employees contacted and the dates of contacts and shall maintain and preserve any and all statements or notes resulting from such contacts. Counsel for Defendant shall be entitled to review the lists and notes within seven (7) days of demand, subject to work product protections. Work product shall not be deemed

9

to extend to any factual statements or information obtained from the former employee.

7.     Should counsel for Defendant have reason to believe that a violation of this Order or of any applicable ethical rule, has occurred, the Defendant shall file an appropriate Motion with this court. Appropriate sanctions or remedial measures will be imposed if a violation is found by the court. If the violation is revealed at trial, the Defendant shall make such motion in open court, outside the presence of the jury, and the court will take the matter under consideration at that time.

All of which is Ordered at Detroit, Michigan this 23rd day of December, 2009.


                                    s/Donald A. Scheer
                                    DONALD A. SCHEER
                                    UNITED STATES MAGISTRATE JUDGE

_____

### CERTIFICATE OF SERVICE

I hereby certify on December 23, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 23, 2009: **None.**

                                    s/Michael E. Lang
                                    Deputy Clerk to
                                    Magistrate Judge Donald A. Scheer
                                    (313) 234-5217