UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, *et al.*,

        Plaintiffs,

    and                                 Case No. 04-40132

EQUAL EMPLOYMENT OPPORTUNITY        HONORABLE SEAN F. COX
COMMISSION,                             United States District Judge

        Plaintiff-Intervenor,

v.

CINTAS CORPORATION,

        Defendant.

*Consolidated for Pre-Trial Proceedings With*

BLANCA NELLY AVALOS, *et al.*,

        Plaintiffs,

    and                                 Case No. 06-12311

EQUAL EMPLOYMENT OPPORTUNITY        HONORABLE SEAN F. COX
COMMISSION,                             United States District Judge

        Plaintiff-Intervenor

v.

CINTAS CORPORATION,

        Defendant.
_____/

<u>OPINION & ORDER DENYING THE EEOC'S MOTION TO AMEND ORDER TO ADD
CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b) [Doc. No. 728]</u>

1

On December 23, 2005, the Equal Opportunity Employment Commission ("EEOC") filed complaints as an intervening plaintiff in two cases that have been consolidated for pretrial purposes - *Mirna E. Serrano, et al. v. Cintas Corp*. [Case No. 04-40132]; and *Blanca Nelly Avalos, et al. v. Cintas Corp.* [Case No. 06-12311] - alleging that Defendant Cintas Corporation ("Cintas") engaged in discriminatory hiring practices against female applicants.[1]  On February 9, 2010, the Court granted Cintas' motion for judgment on the pleadings [*See* Doc. No. 723], holding that the EEOC was "precluded from advancing its claims against Cintas in the instant action under the *Teamsters* framework, but instead must proceed under the framework announced in *McDonnell-Douglas*." [Doc. No. 723, p.21].

The matter is before the Court on the EEOC's "Motion to Amend Order to Add Certification Pursuant to 28 U.S.C. § 1292(b)" [Doc. No. 728].  Both parties have fully briefed the issues, and the Court declines to hear oral argument pursuant to E.D. Mich. L.R. 7.1(e)(2). For the reasons that follow, the Court **DENIES** the EEOC's motion [Doc. No. 728].

BACKGROUND

These causes of action have already suffered through a long, complex factual and procedural history - a history already discussed by the Court in previous orders.  Therefore, only those facts of particular relevance to the instant motion are included below.

On February 9, 2010, the Court granted Cintas' motion for judgment on the pleadings [Doc. No. 662], and held as follows:

As a result of its failure to plead a § 707 claim, the EEOC is limited to pursuing a

---

[1] As the EEOC's two complaints are mirror images of one another, for ease of reference all further citations to document numbers in this motion will refer to the 04-40132 case, unless otherwise noted.

§ 706 claim on behalf of those individuals it identifies, and cannot rely on the *Teamsters* paradigm to establish Cintas' alleged liability. Therefore, the Court **HOLDS** that the EEOC is precluded from advancing its claims against Cintas in the instant action under the *Teamsters* framework, but instead must proceed under the framework announced in *McDonnell-Douglas*.

[February 9, 2010 Opinion & Order, Doc. No. 723, p.21].

On February 16, 2010, the EEOC filed the instant motion [Doc. No. 728], seeking an order from this Court certifying the issues involved in the motion for judgment on the pleadings for interlocutory appeal. In their motion, the EEOC argues that the issues decided by the Court in its February 9, 2010 Opinion & Order constitute "controlling" issues of law [*See* EEOC's Br., Doc. No. 728, p.7], that a "sufficient number of conflicting and contradictory opinions" provide substantial "ground for difference of opinion," *Id*. at 8, and that interlocutory appeal in this matter may materially advance the termination" of this litigation." *Id*. at 11.

In opposition to the EEOC's motion, Cintas argues that each of the three factors required under 28 U.S.C. § 1292(b) are lacking in this case. [*See* Def.'s Br., Doc. No. 736, pp.7-12].

STANDARD OF REVIEW

Interlocutory appeals are governed by 28 U.S.C. § 1292, which states as follows, in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Determination of whether or not to grant interlocutory appeal is a matter left to the sound discretion of the district court. *See, e.g., Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995).

Despite this discretion, the Sixth Circuit has held that interlocutory appeals should be granted "sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6 Cir. 2002) (internal quotation omitted). The Supreme Court agrees, holding that, in general, "[r]estricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974).

ANALYSIS

The EEOC argues that this Court should certify an interlocutory appeal of its February 9, 2010 Opinion & Order [Doc. No. 728] pursuant to 28 U.S.C. § 1292(b). The Court disagrees for the reasons that follow, and therefore **DENIES** the EEOC's motion [Doc. No. 728].

I. The Court's February 9, 2010 Opinion & Order Does Not Involve a Controlling Question of Law.

The EEOC first argues in its motion that the Court's February 9, 2010 Opinion & Order [Doc. No. 728] involves "controlling questions of law" suitable for interlocutory appeal. [*See* EEOC's Br., Doc. No. 728, pp.6-7]. The Court disagrees.

"All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). The EEOC argues that this standard is met in the instant case:

A decision by the Sixth Circuit that the EEOC's claim of systematic discrimination, filed under § 706, should have been tried under the *Teamsters* framework would necessitate a retrial.

[EEOC's Br., Doc. No. 728, p.7]. In their reply brief, the EEOC further argues that the burden of proof is a "substantive aspect of a claim." [EEOC's Reply Br., Doc. No. 747, p.4, citing

*Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20-21 (2000)].

Neither of these arguments have merit. The Supreme Court's decision in *Raleigh* - relied upon by the EEOC in support of its argument that burden of proof issues are "substantive," and therefore "controlling" for purposes of 28 U.S.C. § 1292(b) - *simply does not hold that burden of proof issues constitute "controlling issues of law" under 28 U.S.C. § 1292(b)*. Further, as noted by Cintas in their response brief:

> Nothing in the [Court's February 9, 2010 Opinion &] Order prevents the EEOC from bringing a claim of discrimination on behalf of any individual woman against whom it contends Cintas discriminated in hiring for an SSR position in Michigan. The Order dictates only the *manner* in which the EEOC may bring such claims, in that it requires the EEOC to follow the *McDonnell-Douglas* framwork, rather than the *Teamsters* paradigm. The Order does not, however, limit the EEOC's ability to bring any individual claims. Indeed, the EEOC is free to bring a discrimination claim on behalf of any woman who it alleges was not hired as an SSR at one of Cintas' Michigan locations.

[Def.'s Br., Doc. No. 736, p.10]. The Court agrees, and finds the EEOC's arguments to the contrary without merit.

II. There is Not a Substantial Ground for Difference of Opinion.

The EEOC next argues in its motion that the Court's February 9, 2010 Opinion & Order [Doc. No. 728] evidences "substantial ground for difference[s] of opinion" suitable for interlocutory appeal. [*See* EEOC's Br., Doc. No. 728, pp.8-11]. The Court disagrees.

Under Sixth Circuit law, "substantial grounds for difference of opinion" exist only when there is conflicting authority on an issue. *See In re City of Memphis*, 293 F.3d at 350-51. This occurs where a given issue "(1). . . is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *Gaylord Entertainment Co. v. Gilmore Entertainment Group*, 187 F.Supp.2d 926, 956 (M.D. Tenn. 2001).

No such issues exist in this case. While the Court's February 9, 2010 Opinion & Order did recognize that this was an issue of first impression in the Sixth Circuit, the Court also indicated that it was not a difficult issue. [*See* Doc. No. 723, p.14]. Second, despite the EEOC's continued reliance upon *EEOC v. Monarch Machine Tool Co.*, 737 F.2d 1444 (6th Cir. 1984) [*See* EEOC's Br. Doc. No. 728, p.9], the Court's February 9, 2010 Opinion & Order explicitly held that *Monarch Machine Tool* was not controlling of the issues in that motion. [*See* Doc. No. 723, pp.12-14]. No difference of opinion therefore exists within the Sixth Circuit on these issues. Finally, while other *district courts* have recently looked at issues similar - but not analogous - to the issues in the Court's February 9, 2010 Opinion & Order, *no circuit court has, as yet, reviewed these issues*. Thus, there is not a circuit split on these issues. The EEOC's arguments to the contrary are without merit.

III. <u>An Immediate Appeal Will Not Materially Advance the Ultimate Termination of this Litigation</u>.

Finally, the EEOC next argues in its motion that interlocutory appeal of the Court's February 9, 2010 Opinion & Order [Doc. No. 728] will "materially advance the ultimate termination of this litigation." [*See* EEOC's Br., Doc. No. 728, pp.11-13]. The Court disagrees.

Generally, an interlocutory appeal is appropriate early in the proceedings, where it may serve the purpose of relieving a burden on the parties or preventing protracted and expensive litigation. *See Gaylord Entertainment Co.*, 187 F.Supp.2d at 957. As the Court noted in its February 9, 2010 Opinion & Order, however, this case is *not* in its infancy. Rather, the EEOC first filed an appearance in this matter on December 23, 2005 - over *four years ago*. Further, the EEOC has been on notice of the subject matter of this action since the original *Seranno* plaintiffs filed their charge of discrimination with the EEOC on or about April 7, 2000 - *almost a decade*

*ago at this point*. [*See* Doc. No. 723, pp.10-12]. This litigation is nowhere near its infancy.

In its response brief, Cintas argues as follows:

> . . .[I]t is difficult to understand how the EEOC could legitimately argue that an interlocutory appeal will materially advance the termination of the litigation. Rather, the record demonstrates that an interlocutory appeal will do just the opposite: It will unreasonably delay the resolution of a matter that has been ten years in the making. If the EEOC decides to appeal the Order after the litigation ends, that is certainly understandable. An interlocutory appeal, however, is not necessary. . . .

[Def.'s Br. Doc. No. 736, p.9]. The Court agrees, and the EEOC's arguments to the contrary are without merit.

CONCLUSION

For the reasons explained above, the Court **DENIES** the EEOC's "Motion to Amend Order to add Certification Pursuant to 28 U.S.C. § 1292(b)" [Doc. No. 728].

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 12, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 12, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager