UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, *et al.*,

    Plaintiffs,

  and                                               Case No. 04-40132

EQUAL EMPLOYMENT OPPORTUNITY       HONORABLE SEAN F. COX
COMMISSION,                                      United States District Judge

    Plaintiff-Intervenor,

v.

CINTAS CORPORATION,

    Defendant.

*Consolidated for Pre-Trial Proceedings With*

BLANCA NELLY AVALOS, *et al.*,

    Plaintiffs,

  and                                               Case No. 06-12311

EQUAL EMPLOYMENT OPPORTUNITY       HONORABLE SEAN F. COX
COMMISSION,                                    United States District Judge

    Plaintiff-Intervenor

v.

CINTAS CORPORATION,

    Defendant.
_____/

OPINION & ORDER DENYING THE EEOC'S
MOTION TO EXTEND DISCOVERY [Doc. No. 731]

On December 23, 2005, the Equal Opportunity Employment Commission ("EEOC") filed

complaints as an intervening plaintiff in two cases that have since been consolidated for pretrial purposes - *Mirna E. Serrano, et al. v. Cintas Corp*. [Case No. 04-40132], and *Blanca Nelly Avalos, et al. v. Cintas Corp.* [Case No. 06-12311] - alleging that Defendant Cintas Corporation ("Cintas") engaged in discriminatory hiring practices.[1]  Now, with the discovery deadline looming - *over four years* after intervening in this matter, and *almost a decade* since Ms. Seranno filed her original charge of discrimination with the EEOC - the EEOC brings its "Motion to Extend Discovery" [Doc. No. 731], requesting *an additional year of discovery in this matter*.  Both parties have fully briefed the issues, and a hearing was held on March 25, 2010. For the reasons that follow, the Court **DENIES** the EEOC's motion [Doc. No. 731].

BACKGROUND

The EEOC has been on notice as to the issues involved in this litigation since the individual plaintiffs in the *Seranno* action filed their original charge of discrimination with the EEOC on or about April 7, 2000 - *almost a decade ago at this point*.  [*See Seranno* Complaint, Doc. No. 1, ¶7].  After *over two years*, the EEOC finally issued a determination - on July 3, 2002 - that reasonable cause existed to believe Cintas had engaged in discriminatory hiring practices. [*See* Doc. No. 1, Ex. A].

Despite this determination, in which the EEOC found there was reasonable cause to believe that Cintas had discriminated against Ms. Seranno and "class" of female applicants in hiring for Service Sales Representative ("SSR") positions, the EEOC's determination letter did not identify any applicants against whom Cintas allegedly discriminated.  [*See* Doc. No. 3, ¶17].

---

[1] For ease of reference, all further citations to document numbers in this motion will refer to the 04-40132 case unless otherwise noted.

*Two years later*, in June of 2002, the *Seranno* individual plaintiffs were *still* seeking a right to sue letter from the EEOC. It was only in May of 2004 - *over four years from when the original charge was filed* - that the EEOC formally declined to issue a right to sue letter. The *Seranno* individual plaintiffs then filed this action on May 10, 2004. [*See* Doc. No. 1].

Even before the *Seranno* and *Avalos* plaintiffs filed their Complaints in these actions, the EEOC and Cintas engaged in extensive discovery. Specifically, on June 29, 2001, Cintas produced more than 9,000 pages of documents to Deborah Barner, Senior Trial Attorney for the Detroit office of the EEOC. [Behm Decl., Def.'s Ex. 3, Doc. No. 737, ¶4]. Four thousand additional pages of discovery were provided to Ms. Barner on July 2, 2001. *Id*. at ¶5. In all, Cintas produced more than 25,000 pages of *applicant-related documents* to the EEOC during the investigation phase of this matter. *Id*. at ¶13.

Furthermore, since the EEOC intervened in the *Seranno* and *Avalos* matters on December 23, 2005 [*See* Doc. No. 98], Cintas has produced over 80,000 additional pages of documents in response to the EEOC's discovery requests. *Id*. at ¶21. Despite the enormous amount of information provided to the EEOC by Cintas in the *decade* the EEOC has been involved with the subject matter of this litigation, however, the EEOC apparently began only very recently to examine these documents for evidence of individual claimants the EEOC may wish to represent in this action.

On August 10, 2009 - after the Sixth Circuit denied the individual plaintiffs' request for an interlocutory appeal on the Court's denial of class certification - Cintas, the EEOC, and the individual plaintiffs appeared before the Court for a scheduling conference. At that conference, the Court entered scheduling orders for the *Avalos* plaintiffs' cases [*See* Doc. No. 645] and for

the EEOC's action [*See* Doc. No. 646]. Specifically, the EEOC's scheduling order set a discovery deadline in this matter for May 10, 2010, a motion cutoff date for June 14, 2010, and a final pretrial conference for November 8, 2010. No objections were made by the EEOC to the scheduling order the Court entered - which *said nothing about a bifurcated trial with separate discovery periods for each phase of the trial*.

On February 9, 2010, the Court issued its Opinion & Order granting Cintas' motion for judgment on the pleadings on February 9, 2010 [*See* Doc. No. 723]. In that order, the Court held that the EEOC was precluded in utilizing the *Teamsters* framework for its cause of action against Cintas - brought solely under § 706 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 - because the EEOC had never pled a claim which would entitle them to utilize the *Teamsters* framework.

On February 17, 2010, the EEOC filed the instant motion, arguing that the Court should extend the discovery deadline in this matter by one year - to May 10, 2011. [*See* EEOC's Motion, Doc. No. 731, ¶9]. Cintas opposes the EEOC's motion [*See* Def.'s Br., Doc. No. 737].

A final note. *Three days* before the Court was scheduled to hear oral argument on the instant motion - on March 23, 2010 - the EEOC filed its "Second Motion to Amend Complaint" [Doc. No. 765], seeking *for the first time* to formally allege a cause of action against Cintas under § 707 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-6. Approaching the *decade* mark for the underlying dispute in this matter, and *over four years* since the EEOC intervened in this action, the EEOC is *still* seeking to change the underlying nature of this litigation.

STANDARD OF REVIEW

Federal district courts have broad discretion in managing discovery, and a district court's

4

denial of additional time for discovery is subject to only an abuse of discretion review. *Dowling v. The Cleveland Clinic Foundation*, 593 F.3d 472, 478 (6th Cir. 2010), citing *Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir. 2006). In evaluating a motion to extend discovery, the Sixth Circuit instructs district courts to consider the following five factors:

> (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests.

*Dowling*, 593 F.3d at 478. "The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Id.*

ANALYSIS

After having the better part of a *decade* to identify those individuals the EEOC seeks to represent in this action, the EEOC now appears before the Court and asks for an additional *year* to complete that which, quite frankly, should have been done long ago. The EEOC argues that the Court should extend discovery in this matter an additional year - to May 10, 2011. [EEOC's Motion, Doc. No. 731, ¶9]. As this request by the EEOC fails the Sixth Circuit's five-factor *Dowling* analysis, the Court **DENIES** the EEOC's motion.

I. When the EEOC Learned of the Issue.

Arguing that it proceeded in reliance on the *Teamsters* method of proof, the EEOC now alleges that it will not be able to comply with the Court's May 10, 2010 discovery deadline. This, in large part, the EEOC argues is due to the fact that the EEOC did not know that the identities of the allegedly aggrieved individuals upon whose behalf the EEOC is bringing suit would be relevant until after the initial, liability phase of the trial:

> *The Court's Order drastically changed the course of this litigation.* Until then,

5

> the Commission was prepared to meet the May 10, 2010 discovery deadline. However, the Commission is now faced with presenting hundreds of individual disparate treatment cases, which will require the Commission to undertake additional discovery to match unsuccessful qualified female applicants with successful lesser qualified male applicants on a facility by facility basis. With the short discovery time period remaining, the Commission will not have time to complete this task.

[EEOC's Br., Doc. No. 731, p.10 (emphasis added)].

The Court disagrees with the EEOC's characterization of the Court's February 9, 2010 Opinion & Order [Doc. No. 723] as having "drastically changed the course of this litigation." Rather, from the August 10, 2009 scheduling conference onward, the Court has treated this case *in conformity with the EEOC's pleadings* - as a traditional § 706 action subject to the familiar *McDonnell-Douglas* framework of proofs. At no point prior to the Court's February 9, 2010 Opinion & Order did the Court cause the EEOC - or Cintas, for that matter - to rely upon any type of judicial assertion that the EEOC was entitled to proceed under the *Teamsters* framework. Rather, *it was the EEOC* that chose to adopt the rather aggressive litigation tactic of seeking the *Teamsters* framework for litigation brought solely as a § 706 action - a theory the Court found utterly lacking in supporting authority.

Even if the EEOC was correct that the Court's February 9, 2010 Opinion & Order "drastically altered the scope of this litigation," however, this Court has already held that the discovery the EEOC now complains of - i.e., the names of litigants for whom the EEOC is seeking redress - *would still need to be turned over to Cintas* during the initial, "liability" stage of proceedings under the *Teamsters* framework:

> The EEOC has offered no case authority supporting its refusal to produce the requested information [i.e., names of individual victims of discrimination]. It merely asserts that its pattern or practice case against Cintas is to be bifurcated into separate class and individual stages, though the exact nature of the

> bifurcation is uncertain at this point. EEOC declares its intent to identify the individual victims of discrimination during the second stage of trial. *I find that proposal unsatisfactory. Cintas is entitled to contest the issue of gender discrimination in both stages of a bifurcated case. Defendant quite reasonably seeks to focus its attention upon the specific women on whose behalf the EEOC intends to seek damages. The information sought is relevant to the issues in controversy in both stages, and the EEOC has no principled reason to withhold it.*

[Magistrate Judge Scheer's March 2, 2010 Opinion & Order, Doc. No. 735, pp.2-3]. Therefore, even if this Court *had* adopted the EEOC's argument that it was entitled to pursue a § 706 action under the *Teamsters* framework, the EEOC would still need to disclose the information it now complains about - i.e., the identities of those aggrieved individuals upon whose behalf the EEOC seeks relief - before the May 10, 2010 discovery cutoff in this action.

In conclusion, while it is possible - albeit, quite frankly, highly unlikely - that the EEOC *did not actually know* that the identities of these individuals would need to be disclosed before the May 10, 2010 discovery cutoff, the Court holds that the EEOC had *reason to know* far before the Court's February 9, 2010 Opinion & Order. The EEOC pled this action as a traditional § 706 action, and quite frankly, the EEOC had no reason to think this case would be treated any differently than the myriad of other actions it has brought under that statute. The EEOC's arguments to the contrary lack merit.

    II. <u>How Discovery Would Affect the Court's Ruling</u>.

Neither the EEOC nor Cintas argues that this factor is relevant to the current inquiry. Indeed, this factor is largely used by the Sixth Circuit to determine whether the district court's denial of a motion to extend discovery affects *other pending* issues in front of that court. *See, e.g., Dowling*, 593 F.3d at 479. Therefore, the Court will not consider this factor to weigh in favor of either party to this motion.

7

III. The Length of the Discovery Period.

While the Court issued a scheduling order for the EEOC's cause of action on August 11, 2009, the EEOC has had a far longer period of time under which to engage in discovery in this matter. Furthermore, the EEOC expressed absolutely *no* issue with the May 10, 2010 discovery cutoff date at that time - or any other time since then prior to the filing of this eleventh-hour motion.

*Over five years* elapsed between the EEOC's original involvement in the *Seranno* matter - as the original charge of discrimination was filed with the EEOC on April 7, 2000 - and the EEOC's formal intervention in this case. In that time, Cintas provided over twenty-five thousand pages of documents related to its hiring practices. [*See* Behm. Decl., Def.'s Ex. 3, Doc. No. 737, ¶13]. Further, the EEOC has had an additional *four years* since intervening in these matters to digest the *eighty thousand* additional pages of documents Cintas turned over related to the EEOC's claims. In all, the EEOC has had the better part of a *decade* to inquire into the potential claims of individuals on whose behalf the EEOC intends to seek redress. A decade is *more* than sufficient time for the EEOC to have conducted this discovery.

IV. Whether the EEOC was Dilatory.

In cursory fashion, the EEOC argues in its brief that "[t]he commisson has not been dilatory." [EEOC's Br., Doc. No. 731, p.10]. The Court disagrees. As Cintas argues in its response brief:

> The EEOC had more than five years from the time that Ms. Serrano filed her charge until it intervened in this action to identify the individuals on whose behalf it wished to pursue claims. The EEOC intervened without ever having done such investigation.

[Def.'s Br., Doc. No. 737, p.8]. The Court agrees, and holds that "[t]he EEOC has offered no

8

reasonable excuse for its failure to identify these individuals either before it entered the litigation or in the many years since it has joined the litigation." *Id*. at pp.8-9. On the facts presented to the Court in consideration of this motion, the Court finds the EEOC to have been dilatory in its discovery of the identities of the individual claimants. The EEOC's arguments to the contrary are without merit.

      V. <u>Whether Cintas was Responsive to Prior Discovery Requests</u>.

In its motion, while not coming right out and accusing Cintas of dilatory tactics, the EEOC suggests that Cintas has been "somewhat uncooperative" during this litigation:

> Where obviously necessary discovery has not yet been taken, even though the party moving for discovery has been especially dilatory, *and where the non-moving party has been somewhat uncooperative*, the district court should permit an extension to complete discovery. *Davis v. Runyon*, No. 96-440, 1998 WL 96558, at *4 (6th Cir. Fed. 23, 1998).

[EEOC's Br., Doc. No. 731, p.11]. To the extent that the above-quoted passage argues for an EEOC-favorable finding on the fifth and final *Dowling* factor, the Court disagrees.

As Cintas argues in their response brief, the EEOC has not provided "any sort of explanation" for how it alleges Cintas has been dilatory in this matter. [*See* Def.'s Br., Doc. No. 737, p.11]. To the contrary, the evidence which has been presented to this Court shows that Cintas has been anything *but* uncooperative with the EEOC in the decade since the *Seranno* plaintiffs filed their original charge of discrimination. The EEOC's arguments to the contrary are without merit.

## CONCLUSION

For the reasons described above, the Court **DENIES** the EEOC's motion to extend discovery [Doc. No. 731].

**IT IS SO ORDERED.**

                        S/Sean F. Cox
                        Sean F. Cox
                        United States District Judge

Dated: April 5, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 5, 2010, by electronic and/or ordinary mail.

                        S/Jennifer Hernandez
                        Case Manager