UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, et al.,

    Plaintiffs,

v.

CINTAS CORPORATION,

    Defendant.

_____/

CIVIL ACTION NO. 04-40132

DISTRICT JUDGE SEAN F. COX

MAGISTRATE JUDGE DONALD A. SCHEER

## **ORDER GRANTING DEFENDANT CINTAS CORPORATION'S COMBINED MOTION FOR LEAVE TO CONDUCT DEPOSITIONS AND DENYING PLAINTIFF EEOC'S MOTION FOR A PROTECTIVE ORDER BARRING SECOND DEPOSITIONS OF CLASS MEMBERS**

Plaintiff EEOC's Motion for a Protective Order Barring Second Depositions of Class Members and Defendant Cintas Corporation's Motion for Leave to Conduct Depositions were referred to the undersigned magistrate judge for hearing and determination. The parties appeared, by counsel, for hearing on April 20, 2010. Having reviewed the Motions, and Responses and having heard the arguments of counsel, I am persuaded that Defendant's Motion should be granted and that Plaintiff's Motion should be denied.

Plaintiff EEOC prosecutes this action on behalf of 39 individuals who maintain that they were denied employment by Defendant Cintas Corporation by reason of gender based discrimination in violation of Title VII. Prior to February 9, 2010, the EEOC was proceeding on a theory of pattern-or-practice discrimination. The agency declined to identify individual victims of the alleged discrimination, despite Cintas' request for that information. In an effort to inform itself as to the EEOC's pattern and practice claim, Cintas randomly selected seven individuals from a list of job applicants who applied for SSR positions during the relevant period and conducted brief depositions.

Subsequent to the depositions, on February 9, 2010, the district judge issued an Order holding that the EEOC did not plead a claim for pattern or practice discrimination, and that it was limited to litigating individual ("Section 706") claims of discrimination pursuant to 42 U.S.C. §2000e-(5)(f)(1). Thereafter, the EEOC identified approximately 40 persons on whose behalf it would pursue §706 claims. Seven individuals whom Cintas deposed as potential class members are now identified as individual claimants. Cintas moves to reconvene the depositions of those seven individuals. Cintas maintains that its original depositions were cursory in nature, and neither designed nor intended to investigate or defend against discrimination claims by the deponents. In fact, Cintas observes that several of the seven deponents testified that they did not believe they had claims against Cintas and/or that they did not intend to advance such claims.

The EEOC seeks a protective order precluding the renewed depositions of the seven persons in question. The agency maintains that Cintas is not entitled to a second deposition merely because the deponents have become claimants.

Ordinarily, a deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(1). Pursuant to the Rule, however, the court must allow additional time "if needed to fairly examine the deponent . . .." Id. See also, Fed.R.Civ.P. 26(b)(2). Plaintiff relies upon <u>Southwest Stainless, LP v. Sappington</u>, 2008 WL 163630 (N.D. OK) in which a plaintiff deposed an individual as a witness. The plaintiff subsequently added the deponent as a defendant, and sought to take a second deposition regarding additional evidence it had discovered since the examination. The defendants in the case opposed the second deposition, on the ground that plaintiff had stated its intention to name the deponent as a party defendant long before his initial deposition, indicating that plaintiff's had possessed

2

relevant information concerning the witness before he was deposed. The circumstances in the case at bar are clearly distinguishable, as Plaintiff had rebuffed Cintas' efforts to identify individual victims of the alleged discrimination. The EEOC has also resisted Cintas' efforts to secure relevant information concerning these deponents both before and after they were designated as claimants.

Cintas maintains that the EEOC has failed to articulate specific facts demonstrating a clearly defined and serious injury to itself or the claimants sufficient to justify a protective order. Nicks v. Sword, 11 F.App'x 498, 500 (6th Cir. 2001). I find that argument persuasive. Although the EEOC will be required to invest time and expense in the defense of the requested depositions, I find no serious prejudice to the Plaintiff or the deponents sufficient to preclude a full examination of their discrimination claims. A great deal of discovery remains to be completed in this case, and the completion of seven claimant depositions will not unduly burden either party.

IT IS THEREFORE ORDERED that Defendant Cintas Corporation may reconvene the depositions of the seven individuals in question. The renewed examination, in combination with the time expended on the original depositions, shall not exceed seven hours for each deponent.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: April 22, 2010

___

**CERTIFICATE OF SERVICE**

I hereby certify on April 22, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 22, 2010: **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217