UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, et al.,

        Plaintiffs,

v.

CINTAS CORPORATION,

        Defendant.

_____/

CIVIL ACTION NO. 04-40132

DISTRICT JUDGE SEAN F. COX

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER GRANTING DEFENDANT CINTAS CORPORATION'S MOTION TO COMPEL PLAINTIFF-INTERVENOR TO PROVIDE RESPONSES TO CINTAS' DISCOVERY REQUESTS, MOTION FOR SANCTIONS AND REQUEST FOR EXPEDITED BRIEFING SCHEDULE

Defendant Cintas Corporation's Motion to Compel Plaintiff-Intervenor to Provide Responses to Cintas' Discovery Requests, Motion for Sanctions and Request for Expedited Briefing Schedule was referred to the undersigned magistrate judge for hearing and determination. The parties appeared, by counsel, for hearing on April 20, 2010. Having reviewed the Motion, together with Plaintiffs' Response and Defendant's Reply, and having had the benefit of oral argument, I find that the Motion should be granted.

On February 9, 2010, the court issued an Order holding that EEOC did not plead a claim for pattern or practice discrimination and, instead, was limited to bringing only individual gender based discrimination claims pursuant to 42 U.S.C. §2000e-(5)(f)(1). Following the entry of that Order, the EEOC began to identify groups of individual persons on whose behalf it was asserting "Section 706" claims. In response to each group identification, Cintas served the EEOC with Interrogatories and Requests for Production of Documents directed to the individuals named. Cintas further sought releases from each allegedly aggrieved individual for production of her medical records and employment history.

The EEOC has objected to the Defendant's Discovery Requests on the grounds that: a) the individual aggrieved persons are not "parties" to this action, and should not be obliged to respond to Interrogatories or Document Requests; and b) if the Interrogatories are deemed to have been propounded to the EEOC, they exceed the limit imposed by Fed.R.Civ.P. 33(a)(1).

The court is persuaded that the information sought by Cintas is relevant to the subject matter of this case, and that the individuals on whose behalf EEOC has filed this action would have been required to produce such information if they had individually pressed their claims against Cintas in separate actions. I can identify no rational basis for denying Defendant access to clearly relevant information merely because the EEOC has filed a representative action on behalf of a group of allegedly aggrieved individuals. Rather, I conclude that the EEOC stands in the shoes of each allegedly aggrieved person in a Section 706 lawsuit. I am satisfied that the information and materials sought are relevant to the subject matter of the representative action, and are within the control of EEOC.

I conclude as well that EEOC's reliance upon the 35 interrogatory limit imposed under Fed.R.Civ.P. 33(a)(1) is unavailing. Fed.R.Civ.P. 1 provides that the rules are to be construed and administered "to secure the just, speedy and inexpensive determination of every action and proceeding." I find that the individual persons represented by EEOC are the true parties in interest, and that the 35 interrogatory limit must be applied to each individual separately. To enforce a 35 interrogatory limitation upon interrogatories addressed to a representative party which purports to represent 39 separate and distinct individual claimants is simply unfair to the opposing party.

IT IS THEREFORE ORDERED that Defendant Cintas Corporation's Motion to Compel Plaintiff-Intervenor to Provide Responses to Cintas' Discovery Requests is granted. IT IS FURTHER ORDERED that the EEOC shall provide full and complete responses to Cintas' Interrogatories and Requests for Production within fourteen (14) days of the date of this Order. The responses pertaining to each individual claimant shall be signed by that individual, and shall be subject to the pains and penalties of perjury. The requested medical and employment record releases shall also be signed by the individual to whom each pertains.

IT IS FURTHER ORDERED that Cintas' Depositions of the allegedly aggrieved individuals may be held in abeyance until such time as may be reasonably required to secure the deponent's medical and employment records at least five (5) days prior to the examination.

In view of the paucity of case law submitted by the parties on the issues raised in this Motion, no sanctions or attorney fees will be imposed with respect to the failure to produce responses to date. Nonetheless, the EEOC's failure to fully respond to Cintas' Discovery Requests as ordered herein may result in a recommendation that the Complaint be dismissed as to any allegedly aggrieved person with respect to whom this Order is violated.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: April 22, 2010

---

**CERTIFICATE OF SERVICE**

I hereby certify on April 22, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 22, 2010: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217