UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, *et al.*,

    Plaintiffs,

  and                                                        Case No. 04-40132

EQUAL EMPLOYMENT OPPORTUNITY          HONORABLE SEAN F. COX
COMMISSION,                                     United States District Judge

    Plaintiff-Intervenor,

v.

CINTAS CORPORATION,

    Defendant.

*Consolidated for Pre-Trial Proceedings With*

BLANCA NELLY AVALOS, *et al.*,

    Plaintiffs,

  and                                                         Case No. 06-12311

EQUAL EMPLOYMENT OPPORTUNITY          HONORABLE SEAN F. COX
COMMISSION,                                     United States District Judge

    Plaintiff-Intervenor

v.

CINTAS CORPORATION,

    Defendant.
_____/

## OPINION & ORDER DENYING THE EEOC'S
## SECOND MOTION TO AMEND COMPLAINT [Doc. No. 765]

1

On December 23, 2005, the Equal Employment Opportunity Commission ("EEOC") filed complaints as an intervening plaintiff in two cases that have been consolidated for pretrial purposes - *Mirna E. Seranno, et al. v. Cintas Corp.* [Case No. 04-40132]; and *Blanca Nelly Avalos, et al. v. Cintas Corp.* [Case No. 06-12311] - alleging that Defendant Cintas Corporation ("Cintas") engaged in discriminatory hiring practices against female applicants in violation of 42 U.S.C. § 2000e-5, also known as a "Section 706" action.[1] The parties and the Court have already been through an extensive round of motion briefing, in which the EEOC argued it was entitled to plead a "pattern or practice" action - traditionally reserved for so-called "Section 707" actions - in its claim brought solely under Section 706. The Court disagreed, and in an order dated February 9, 2010, held that the EEOC was precluded from advancing a "pattern or practice" claim under Section 706. [*See* Doc. No. 723, p.21].

Now, at the eleventh-hour in this litigation which the EEOC has been involved in *for over a decade*, beyond the discovery cutoff, and fast approaching the motion cutoff in this matter, the EEOC brings its Second Motion to Amend Complaint - seeking, for the first time, to plead an action under "Section 707," 42 U.S.C. § 2000e-6. [*See* Doc. No. 765]. The parties have fully briefed the issues, and the Court declines to hear oral argument pursuant to Local Rule 7.1(f)(2). For the reasons that follow, the Court **DENIES** the EEOC's motion [Doc. No. 765].

BACKGROUND

These causes of action have already suffered through a long, complex factual and procedural history - a history already discussed by the Court in previous orders. Therefore, only

---

[1] For ease of reference, all further citations to document numbers in this motion will refer to the 04-40132 case unless otherwise noted.

those facts of particular relevance to the instant motion are included below.

The individual plaintiffs in the *Seranno* action filed their original charge of discrimination with the EEOC on or about April 7, 2000 - over a decade ago. [*See Serrano* Complaint, Doc. No. 1, ¶7]. Two years later, in June of 2002 - the EEOC issued a determination that reasonable cause existed to believe Cintas had engaged in discriminatory hiring practices. [*See* Doc. No. 1, Ex. A]. Two years later, in May of 2004, the EEOC formally declined to issue a right to sue letter - at which time the *Seranno* individual plaintiffs filed their lawsuit in this action. *Id*.

Roughly a year and a half after that - on December 23, 2005 - the EEOC filed suit as an intervening plaintiff in this action. [*See* Doc. No. 98]. The EEOC's first complaint brought actions under §§ 705 and 706, not § 707.

Following the Court's denial of class certification for the individual plaintiffs' cases in February of 2009, and the Sixth Circuit's subsequent denial of leave for an interlocutory appeal, the Court held a scheduling conference with the parties on August 10, 2009. Following that conference, the Court signed a scheduling order for the EEOC's cause of action. [*See* Doc. No. 646]. That order set a discovery cutoff in this action of May 10, 2010, a motion cutoff of June 14, 2010, a final pretrial conference November 8, 2010, and trial tentatively scheduled for the January/February 2011 trial docket. *Id*.

After the Court's August 10, 2009 pretrial conference, the EEOC filed its First Amended Complaint on August 20, 2009. As was the case with its first Complaint, the EEOC's First Amended Complaint alleged actions under §§ 705 and 706, not § 707.

On October 21, 2009, Cintas filed its motion for judgment on the pleadings [Doc. No.

662], seeking to preclude the EEOC from proceeding under the "pattern or practice" framework announced by the U.S. Supreme Court in *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977). In opposition to that motion, the EEOC argued that it was entitled to pursue a "pattern or practice" action under the *Teamsters* framework - traditionally reserved for § 707 actions - in its action brought under § 706. [*See* Doc. No. 664]. At no time in the course of Cintas' motion for judgment on the pleadings did the EEOC argue in the alternative for leave to amend its complaint to allege a "pattern or practice" action under § 707.

On February 9, 2010, the Court granted Cintas' motion for judgment on the pleadings, holding that "the EEOC is precluded from advancing its claims against Cintas in the instant action under the *Teamsters* framework, but instead must proceed under the framework in *McDonnell-Douglas Corp. v. Green*, 422 U.S. 792 (1973)" - the framework traditionally utilized in § 706 actions. [*See* Doc. No. 723, p.21]. On February 16, 2010, the EEOC asked the Court to amend the February 2, 2010 Opinion & Order to certify the issues involved for interlocutory appeal. [*See* Doc. No. 728]. That request by the EEOC was denied on March 12, 2010. [*See* Doc. No. 752].

Finally, on March 23, 2010 - roughly seven weeks before the discovery deadline in this matter, the EEOC filed its instant "Second Motion to Amend Complaint" [Doc. No. 765]. In that motion, for the first time, the EEOC seeks leave to add a "pattern or practice" claim under § 707 to its complaint - the underlying facts of which, the EEOC admits, it has been on notice of since at least the time it filed its original complaint in December of 2005. [*See* Doc. No. 765, p.5]. As the EEOC's motion was not accompanied by a request for expedited briefing and hearing, the Court scheduled oral argument on the motion for June 3, 2010 - a time frame entirely consistent

4

not only with the Court's usual motion scheduling on this particular case, but with the remainder of the Court's docket. After reviewing the briefs of the parties - again, in the ordinary course of the Court's usual motion practice timetable - the Court determined that oral argument would not significantly assist the Court in the decision of the motion. The Court therefore cancelled oral argument on the motion. Cintas opposes the EEOC's motion. [*See* Doc. No. 787].

STANDARD OF REVIEW

Motions for leave to amend are governed by Fed. R. Civ. P. 15(a), which states in pertinent part that ". . . a party may amend its pleadings only with the Court's leave. *The court should freely give leave where justice so requires*." Fed. R. Civ. P. 15(a)(2) (emphasis added). "Furthermore, the thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of the pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986), citing *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (internal quotations omitted). "The decision as to whether justice so requires the amendment is committed to the district court's sound discretion." *Id*., citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). An abuse of discretion occurs "when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and the likelihood of prejudice to the opponent" *Id*., citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Denial may be appropriate, however, where there is:

> . . .undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.

*Foman*, 371 U.S. at 178. "Ordinarily," however, "delay alone[] does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). "At some point, however,

5

delay will become undue, placing an unwanted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Id.*, citing *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984).

Along those same lines, Although Rule 15(a) indicates that although leave to amend shall be freely granted, "a party must act with diligence if it intends to take advantage of the Rule's liberality." *U.S. v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). "The longer the period of unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (internal citations and quotations omitted). Further, "[a]t least one Sixth Circuit decision has held that *allowing amendment after the close of discovery creates significant prejudice*, and other Circuits agree." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (emphasis added). In addition, the *Phelps* court elaborated on the idea of prejudice as follows:

> In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps*, 30 F.3d at 662-63.

ANALYSIS

The EEOC asks this Court for leave to amend its Complaint a second time, adding a "Section 707" cause of action - also known as a "pattern or practice" action, under 42 U.S.C. § 2000e-6. [*See* Doc. No. 765]. Cintas argues that allowing the EEOC to again amend its complaint, after the discovery deadline has already passed and with the motion cutoff date in this case rapidly approaching, would violate the "undue delay" and "undue prejudice" prongs of the

6

*Foman* analysis.[2]  The Court agrees, and therefore **DENIES** the EEOC's motion [Doc. No. 765].

I. The EEOC Unduly Delayed In Amending Its Complaint to Allege a § 707 Action.

Again, Under FED. R. CIV. P. 15(a) instructs this Court to "freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  Denial may be appropriate, however, where the party seeking leave to amend engages in "undue delay" in bringing its request before the Court. *Foman*, 371 U.S. at 178.  In this case, the EEOC acknowledges that the Sixth Circuit "has made plain that the measure of any delay in seeking leave to amend a complaint runs from the time when the movant knew or should have known of the defect in his complaint." [EEOC's Br., Doc. No. 765, pp.6-7, citing *Morse*, 290 F.3d at 800].

Arguing that it "had no reason to seek to amend the complaint at any earlier time" before the Court issued its February 9, 2010 Opinion & Order [Doc. No. 723], the EEOC argues that it has not unduly delayed in seeking leave to file its Second Amended Complaint. [EEOC's BR., Doc. No. 765, p.7].  The Court disagree.

The Sixth Circuit has stated that "[d]elay alone. . . without any specifically resulting prejudice, or any obvious design of dilatoriness to harass the opponent, should not suffice as a reason for denial" of a motion to amend.  *Moore*, 790 F.2d at 562.  "At some point, however, delay will become undue, placing an unwarranted burden on the court[.]" *Morse*, 290 F.3d 795

An example of such "undue delay" can be seen in *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999).  In *Duggins*, the plaintiffs filed suit against their employer alleging sex discrimination, disability discrimination, and retaliation.  *Duggins*, 195 F.3d at 831.  After the

---

[2] Cintas also argues that the EEOC's motion to amend would be futile under *Foman*. [*See* Doc. No. 787, pp.6-12].  As the Court holds that the EEOC's motion to amend would violate both the "undue delay" and "undue prejudice" prongs of the inquiry, however - which on their own to warrant denial of the motion - the Court declines to reach this alternative argument.

7

discovery deadline had passed, the plaintiffs moved to amend their complaint to add a claim for violation of the Fair Labor Standards Act, which the trial court denied.

On appeal, the Sixth Circuit affirmed the denial of plaintiffs' motion to amend. With respect to the "undue delay" prong of the motion to amend inquiry, the *Duggins* court held as follows:

> The plaintiff was obviously aware of *the basis of the claim* for many months, especially since *some underlying facts were made a part of the complaint*. Plaintiff delayed pursuing this claim until after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed. There appears to be no justification for the delay, and the plaintiff proposes none.

*Duggins*, 195 F.3d at 834 (emphasis added). Thus, *Duggins* held that the proverbial clock begins to run on an "undue delay" inquiry when the plaintiff is aware of "the basis of the claim." *Id*.

The EEOC's argument in this motion, in essence, pleads ignorance of the requirements for filing a "pattern or practice" action under federal employment discrimination law:

> . . .[T]he point from which any delay should be measured here is the time when the EEOC knew, or should have known, of a defect in its complaint. That time came last month [February of 2010], when this Court issued its decision that the EEOC may not seek to prove a pattern or practice of discrimination under section 706 but rather could only have sought to do so under section 707.

[EEOC's Br., Doc. No. 765, p.7]. Perhaps understandably, Cintas views this argument with some amount of suspicion:

> Cintas views any such argument as inherently suspect, Given the fact that the EEOC is the governmental agency charged with enforcing the mandates of Title VII, it is difficult to believe that the EEOC did not know that the provision authorizing it to assert a pattern or practice claim is contained in § 707.

[Def.'s Br., Doc. No. 787, p.14, n. 6]. This line of argument - by both parties - however, misses the point. As the Sixth Circuit held in *Morse*, the proper inquiry is when the EEOC knew of the

8

*facts* underlying its potential cause of action under § 707, not when it knew those facts properly needed to be *pled* as a § 707 action. By the EEOC's own admission, it knew of those facts *long ago*. Indeed, the Court need look no further than the EEOC's own brief in support of this motion for evidence that the EEOC *knew* of its potential "pattern or practice" action against Cintas at the time it filed its original complaint in December of 2005:

> In its original complaint-in-intervention, the EEOC alleged that "Defendant has denied employment to Plaintiffs Mirna E. Serrano, Stefanie L. McVay, Linda D. Allen and a class ow women <u>as alleged in Plaintiffs' Second Amended Complaint</u> by refusing to recruit and hire them as Drivers/Service Sales Representatives because of their sex." Doc. 98 (emphasis added)[.] The plaintiffs' Second Amended Complaint, referenced in the EEOC's complaint, explicitly stated in the first paragraph that "[t]his is a gender discrimination class action to redress defendant's violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended (hereafter "Title VII") by engaging in a nationwide policy, <u>pattern or practice</u> of denying 'Service Sales Representative' positions to female applicants." Doc. 70 (emphasis added)[.]

[EEOC's Br., Doc. No. 765, p.5 (emphasis in original)].

That the EEOC may not, according to its own argument in this motion - incredible though it may seem to Cintas - have known its *authority* to bring a "pattern or practice" action was properly couched in § 707, and not § 706 is, frankly, beside the point. By its own admission, Cintas was on notice of the facts underlying its alleged "pattern or practice" claim when it filed its first complaint on December 23, 2005 [Doc. No. 98] - *almost four and a half years ago*. By any measure, four and a half years - without justification - amounts to undue delay.

Even giving the EEOC the benefit of the doubt, however, Cintas argues that the EEOC was unequivocally on notice in October of 2009 that there may have been a problem with its complaint:

9

> . . . Cintas filed its Motion for Judgment on the Pleadings with respect to the EEOC's purported pattern or practice claim in October 2009. This filing undoubtedly put the EEOC on notice that it had not properly asserted a pattern or practice claim. Rather than move to amend its complaint at that point, however, the EEOC erroneously maintained that it could bring a pattern or practice claim under § 706 and made no request to amend, even as an alternative argument.

[Def.'s Br., Doc. No. 787, p.14 (internal citations omitted)]. The Court agrees, and finds the EEOC's arguments to the contrary without merit. For these reasons, the Court holds that the EEOC unreasonably delayed in seeking leave to amend its complaint to allege a § 707 action.

II. Amendment of the EEOC's Complaint to Allege a § 707 Action at This Stage in the Proceedings Would Unduly Prejudice Cintas.

Even assuming, *arguendo*, that the EEOC had not unreasonably delayed in seeking leave to amend its complaint to allege a § 707 action, Cintas argues that such an amendment at this stage in the litigation would be unduly prejudicial. [*See* Def.'s Br., Doc. No. 787, pp.15-20]. The Court agrees.

Again, FED. R. CIV. P. 15(a) instructs this Court to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Denial may be appropriate, however, where granting leave to amend would result in "undue prejudice" to the opposing party. *Foman*, 371 U.S. at 178. The Sixth Circuit has stated that, with respect to the "undue prejudice" inquiry:

> . . . the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] significantly delay the resolution of the dispute. . . .

*Phelps*, 30 F.3d at 662-63. The Sixth Circuit has also found undue prejudice where the new discovery required by the non-moving party is the result of the moving party "attempting to change their legal theory by recasting" claims in new causes of action, *Leary v. Daeschner*, 349 F.3d 888, 908 (6th Cir. 2003), or "overhaul plaintiffs' theory of the case." *Morse*, 290 F.3d at

10

801. The *Duggins* court also noted that allowing amendment of plaintiffs claims after the discovery cutoff - thereby requiring the Court to reopen discovery - is *per se* prejudicial to the defendant. *Duggins*, 195 F.3d at 834. All of these considerations are present in the instant case - and weigh against the EEOC's request for leave to amend.

Discovery in this action closed on May 10, 2010, and the motion cutoff for this action - June 14, 2010, looms near on the horizon. While the EEOC casually asserts that "the proposed amendment would create no new discovery burdens, raise no new facts, and raise no new substantive claims, but would merely change the manner in which the claims are proven[,]" [EEOC's Br., Doc. No. 765, p.11], Cintas argues that nothing could be further from the truth:

> The EEOC's proposed amendment will fundamentally alter the character and scope of this case to the detriment of Cintas. The EEOC has essentially asked that this case start over from scratch. Much of the substantial and time-consuming discovery and preparation that Cintas has been conducting will be rendered useless. Cintas will be forced to start over again and engage in entirely new preparation in order to defend itself against the EEOc's new pattern or practice claim. For instance, the EEOC indicates that it intends to call twenty witnesses in support of its pattern or practice claim. Cintas has no idea who these twenty people are. Cintas would need to not only depose each of them, but also engage in substantially more discovery in order to test the veracity of the witnesses' testimony and attack their credibility.

[Def.'s Br., Doc. No. 787, p.16 (internal citations and footnote omitted)]. The Court agrees. While Cintas' argument may border on hyperbole - many of their previously-deposed witnesses may number among those the EEOC intends to call as witnesses, after all - the Court notes that Cintas likely deposed those witnesses the first time around with an eye for defending against individualized, § 706 claims. At the very least, Cintas would likely need to re-depose these witnesses again, this time with an eye for defending against broader, "pattern or practice" claims brought under § 707.

As the Court noted *supra*, the EEOC brought this motion on the eve of the discovery cutoff in this action. Though technically brought before the discovery deadline, the EEOC has no doubt become quite familiar with the Court's usual timetable for deciding motions filed on a given date. By filing the instant motion so close to the discovery deadline in this matter, and not explicitly making a concurrent motion for expedited briefing and an expedited hearing, the EEOC's choice to wait so long in bringing this motion virtually guaranteed that the Court would not consider the merits of this motion until after the discovery cutoff had already passed - and, therefore, that the Court would need to reopen discovery should the EEOC's motion have merit.

While this Court has already noted in its February 9, 2010 Opinion & Order [Doc. No. 723] that there are similarities between § 706 and § 707 actions, there are important differences - differences which would necessarily drive Cintas' discovery. [*See* Doc. No. 723, pp.3-8 (describing the differences between § 706 and § 707 actions)]. The EEOC's attempts to "recast" its allegations in this action through adding a claim under § 707 would likely require significant additional discovery by Cintas to prepare an adequate defense. As the discovery cutoff has already passed in this matter, such is the very definition of undue prejudice against Cintas.

The Sixth Circuit's holdings in *Duggins* and *Wade* are instructive. The *Duggins* court held that:

> [a]llowing amendment at this late stage in the litigation would create significant prejudice to the defendants in having to reopen discovery and prepare a defense for a claim quite different from the [claim] that was before the court.

*Duggins*, 195 F.3d at 834. Similarly, the *Wade* court echoed concerns this Court shares regarding the necessity to reopen discovery after the discovery cutoff has passed:

> Obviously, some if not all of the depositions already taken would have to be supplemented to address the multiple issues raised in the proposed amendments and other extensive and additional discovery would have to be undertaken as well. In addition, defendant would have to prepare a defense for the newly asserted claims that likely would require securing new [] expert witnesses.

*Wade*, 259 F.3d at 459. I recommend that the Court agree, and find the EEOC's arguments to the contrary without merit. For these reasons, I recommend that the Court find that granting the EEOC's motion to amend at this stage in the litigation would unduly prejudice Cintas.

## CONCLUSION

For the reasons explained above, I recommend that the Court **HOLD** that the EEOC unreasonably delayed in moving to add a § 707 cause of action to its complaint, and that allowing the EEOC to add a § 707 action at this stage in the litigation would unduly prejudice Cintas. I therefore recommend that the Court **DENY** the EEOC's motion to amend [Doc. No. 765].

**IT IS SO ORDERED.**

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: June 2, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 2, 2010, by electronic and/or ordinary mail.

                                              s/Deborah J. Goltz for Jennifer Hernandez
                                              Case Manager