UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, et al.,

    Plaintiffs,

and

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff Intervenor,

v.

CINTAS CORPORATION,

    Defendant.
_____/

CIVIL ACTION NO. 04-40132

DISTRICT JUDGE SEAN F. COX

MAGISTRATE JUDGE DONALD A. SCHEER

BLANCA NELLY AVALOS, et al.,

    Plaintiffs,

and

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff Intervenor,

v.

CINTAS CORPORATION,

    Defendant.
_____/

CIVIL ACTION NO. 06-12311

DISTRICT JUDGE SEAN F. COX

MAGISTRATE JUDGE DONALD A. SCHEER

## **ORDER**

    Defendant's Motion for Protective Order was referred to the undersigned magistrate judge for hearing and determination. The parties appeared for hearing on June 3, 2010.

Having reviewed the Motion, together with Plaintiffs' Response and Defendant's Reply Brief, and having heard oral argument, I find that the Motion should be, and the same is hereby, granted.

On December 23, 2005, the Equal Employment Opportunity Commission ("EEOC") filed Complaints as Intervening Plaintiff in two cases that have been consolidated for pretrial purposes - <u>Mirna E. Serrano, et al., v. Cintas Corp.</u> (Case No. 04-40132); and <u>Blanca Nelly Avalos, et al., v. Cintas Corp.</u> (Case No. 06-12311) - alleging that Defendant Cintas Corporation ("Cintas") engaged in discriminatory hiring practices against female applicants. On February 9, 2010, the district judge entered an Order precluding EEOC from advancing its claims against Cintas on a "pattern and practice" theory under 42 U.S.C. §2000e-6, and limiting Plaintiff to the prosecution of these actions under 42 U.S.C. §2000e-5.

Actions pursuant to either 42 U.S.C. §2000e-5 or 42 U.S.C. §2000e-6 are commonly referred to as "706 actions" or "707 actions" respectively - a reference to the placement of those statutory sections in the Civil Rights Act of 1964. Section 706 permits the EEOC to sue a private employer on behalf of a "person or persons aggrieved" by an employer's unlawful employment practice. 42 U.S.C. §2000e-5(f)(1). The EEOC may file a Section 706 lawsuit after the filing of a charge of unlawful employment discrimination with the EEOC, if it finds "reasonable cause" to believe that the employer violated Title VII. Plaintiffs in a Section 706 action pursue their claims under the familiar burden-shifting scheme outlined in <u>McDonnell-Douglas Corp. v. Green</u>, 422 U.S. 792 (1973). Under the <u>McDonnell-Douglas</u> framework, a plaintiff must first establish a *prima facie* case of discrimination. Once the plaintiff establishes a *prima facie* case, the burden of production shifts to the

2

employer to rebutt the plaintiff's *prima facie* showing by articulating a legitimate, non-discriminatory reason for the adverse employment action. If the employer articulates such a legitimate non-discriminatory reason, the plaintiff bears the burden of proving that the employer's articulated reason is a pretext for discrimination. McDonnell-Douglas, 422 U.S. at 802. Our circuit has held that the pattern or practice method of proving discrimination is not available to individual plaintiffs, although such evidence may be relevant to proving an otherwise viable individual claim for disparate treatment under the McDonnell-Douglas framework. Bacon v. Honda of America Manufacturing, Inc., 370 F.3d 565, 575 (6th Cir. 2004).

The EEOC noticed the deposition of Cintas' Chief Executive Officer, Scott D. Farmer, on the final day of discovery. Neither Plaintiff nor Defendant listed Mr. Farmer as a witness in this action prior to the April 9, 2010 disclosure deadline. Plaintiff did list Farmer on a "supplement" to its witness list on April 21, 2010.

Cintas seeks to preclude the deposition of its CEO under the well recognized doctrine that courts will protect individuals at the apex of a corporate hierarchy from deposition when such individuals lack personal knowledge regarding the litigation, or when the requested information could be garnered from equally or more knowledgeable subordinates. See, e.g., Bush v. Dictaphone Corp., 161 F.3d 363, 367 (6th Cir. 1989); Lewelling v. Farmer's Ins. of Columbus, Inc., 879 F.2d 212, 218 (6th Cir. 1989); Thomas v. Int'l Bus. Mach., 48 F.3d 478, 483-84 (10th Cir. 1995). The doctrine recognizes the unique and important position of chief executive officers, and the potential for harassment and abuse inherent in subjecting them to discovery burdens in the absence of a showing that the individual possesses relevant evidence which is not readily obtainable from other

3

sources. "When a party seeks to depose high level decision makers who are removed from the daily subjects at issue in the litigation, the party must first demonstrate that the proposed deponent has 'unique personal knowledge' of facts relevant to the dispute." Devlin v. Chemed Corp., No. 04-CV-74192-DT, 2005 WL 2313859, at *2 (E.D. Mich. September 21, 2005) (Rosen, J.). Cintas maintains that the requisite showing has not been made in this instance. It emphasizes that all hiring decisions were made exclusively by local managers employed at the locations to which individuals applied for SSR jobs. In support of the instant Motion, Cintas offers the sworn Declaration of Scott D. Farmer that he has no personal knowledge of the facts surrounding Cintas' decision not to hire the 25 individual claimants in this action. The Declaration further states that Farmer never had any personal involvement or participation in the decisions not to hire the individual claimant's, and that he had no personal involvement in the day-to-day service sales representative ("SSR") hiring decisions of individual Cintas locations. He has never served as a location level manager at any Cintas facility in Michigan, and has no knowledge concerning those decisions which is unique or superior to the knowledge of the human resource managers who worked at the seven Cintas locations to which the claimants in this case made applications. (Exhibit A to Cintas Motion).

EEOC maintains that it has made a showing that Farmer possesses unique personal knowledge unobtainable from other sources. It supports that argument by pointing out that Cintas listed Mr. Farmer in its Rule 26(a) initial disclosures. In addition, Plaintiff has offered excerpts from a 2003 speech by Farmer at a Cintas annual meeting. During that presentation, Farmer declared that Cintas must make a concentrated effort to increase the diversity of its workforce, and that one of the ways in which to accomplish that goal would

4

be to "put the myth that females cannot be SSRs out of your mind and hire more women SSRs." He recounted the highly successful performance of female SSRs at the company's San Leandro rental operation, and commended their consistently strong performance (top 20%) in all areas, as well as their dependability. He noted that there was "no evidence of a lack of physical ability to do the work," and that most of the female SSRs transitioned through the plant after starting out as production partners. (Plaintiff's Response, Exhibit 2). The EEOC maintains that Farmer's statements are relevant to the claims in this action, and contends that none of the 49 managers whom it has deposed had knowledge of Farmer's 2003 statements.

Cintas replies that Farmer was listed in its Rule 26(a) disclosures only because, at that point, a class action was contemplated and Farmer may have had knowledge of facts relevant to that aspect of the case. Defendant emphasizes that Plaintiff has made no showing that Farmer possesses unique and specific personal knowledge of the circumstances surrounding the rejection of the 25 claimants in this case for SSR positions. Cintas maintains that his isolated, positive statements in support of female SSRs are not sufficient to warrant his deposition.

The EEOC is correct in stating that the 2003 Farmer speech made specific reference to the SSR position, the job classification for which its claimants applied, and that the remarks were made during the time frame relevant in this case. Nonetheless, I am persuaded that the Plaintiff has not met its burden of demonstrating unique personal knowledge of the circumstances confronted by any individual claimant. Farmer has stated, under oath, that he has no personal knowledge of the facts surrounding Cintas' decision not to hire these claimants, and that he had no personal involvement or participation in

those decisions. While he spoke generally, and briefly, in his 2003 speech of "the myth that females cannot be SSRs," nothing in those remarks related to any specific Cintas location or region. The speech made it clear that Farmer was dissatisfied with the low number of female SSRs. The increasingly discredited notion that physically demanding jobs are unsuitable for female workers is certainly not specific to Cintas, and Farmer's statements clearly evidence his intent that it should be given no credence within the ranks of the company. Isolated general statements are insufficient to defeat the application of the apex doctrine. To hold otherwise would entirely undermine the protection which it serves to provide.

The cases cited by the parties support this conclusion. Our circuit has repeatedly held that a protective order is appropriate where a prospective deponent has no knowledge as to the facts pertinent to the Plaintiff's action. Lewelling v. Farmer Ins. of Columbus, Inc., 879 F.2d 212, 218 (6th Cir. 1989); Bush v. Dictaphone Corp., 16 F.3d 363 (6th Cir. 1989). A party seeking to dispose a high level decision maker who is removed from the daily subjects at issue in a litigation must first demonstrate that the proposed deponent has "unique personal knowledge" of facts relevant to the dispute. Devlin v. Chemed Corp., 2005 WL 2313859 (E.D. Mich. 2005) at *2. The cases cited by the EEOC in support of its proposed deposition involve proposed deponents who had either made statements evidencing a discriminatory intent, or who had specific personal knowledge of, or involvement with, the Plaintiffs' individual circumstances. See Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344 (6th Cir. 1998); Marisco v. Sears Holding Corp., 2010 WL 1141005, at **6-7 (6th Cir. March 25, 2010). In the case at bar, the EEOC bases its deposition request upon a single, general statement encouraging Cintas personnel to

extend SSR opportunities to female applicants. The comments in no way referenced the claimants in this case, or any of the locations to which they applied for SSR jobs. There is no evidence that Farmer had any interaction whatever with the claimants in this action, or any role whatsoever in the locally made decisions not to hire them. The EEOC concedes that it has taken the depositions of the managers who were personally involved in those decisions. Plaintiff has also deposed Cintas' director of corporate diversity whose particular area of responsibility would naturally encompass the existence or nonexistence, of company policies, patterns and practices relating to the employment of female workers.

I am satisfied that the EEOC has failed to provide sufficient grounds to abrogate the protections of the apex doctrine with respect to Mr. Farmer. IT IS THEREFORE ORDERED that Cintas Corporation's Motion for Protective Order is granted.


                                          s/Donald A. Scheer
                                          DONALD A. SCHEER
                                          UNITED STATES MAGISTRATE JUDGE
DATED: June 10, 2010

_____

**CERTIFICATE OF SERVICE**

I hereby certify on June 10, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 10, 2010: **None.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217