UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA E. SERRANO, *et al.*,

    Plaintiffs,

  and                                                            Case No. 04-40132

EQUAL EMPLOYMENT OPPORTUNITY          HONORABLE SEAN F. COX
COMMISSION,                                         United States District Judge

    Plaintiff-Intervenor,

v.

CINTAS CORPORATION,

    Defendant.

*Consolidated for Pre-Trial Proceedings With*

BLANCA NELLY AVALOS, *et al.*,

    Plaintiffs,

  and                                                            Case No. 06-12311

EQUAL EMPLOYMENT OPPORTUNITY          HONORABLE SEAN F. COX
COMMISSION,                                         United States District Judge

    Plaintiff-Intervenor

v.

CINTAS CORPORATION,

    Defendant.
_____/

## OPINION & ORDER OVERRULING THE EEOC'S OBJECTIONS TO MAGISTRATE JUDGE ORDERS [Doc. Nos. 807, 809]

On December 23, 2005, the Equal Employment Opportunity Commission ("EEOC") filed complaints as an intervening plaintiff in both the *Seranno* and *Avalos* cases, bringing causes of action against Defendant Cintas Corporation ("Cintas") under Sections 705 and 706 of Title VII to the Civil Rights Act, 42 U.S.C. §§ 2000e-4, e-5.

In keeping with the Court's usual policy, the Court has referred various discovery matters in this action for consideration by the Magistrate Judge. Specific to this motion, the Court referred two motions to compel filed by the parties for Magistrate Judge Donald A. Scheer's consideration: The EEOC's motion to compel production of documents and answers [Doc. No. 759], and Cintas' motion to compel the EEOC to provide responses to Cintas' discovery requests [Doc. No. 768]. On April 22, 2010, Magistrate Judge Scheer issued orders denying the EEOC's motion [*See* Doc. No. 807], and granting Cintas' motion [*See* Doc. No. 809].

The matter is presently before the Court on the EEOC's objections to Magistrate Judge Scheer's orders on the motions discussed *supra*. The parties have fully briefed the issues, and the Court declines to hear oral argument pursuant to E.D. MICH. L.R. 7.1(f)(2). For the reasons that follow, the Court **OVERRULES** the EEOC's objections to Magistrate Judge Scheer's April 22, 2010 Orders [Doc. Nos. 807, 809].

## STANDARD OF REVIEW

The EEOC's objections are governed by FED. R. CIV. P. 72, which states as follows, in pertinent part:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objection to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. *The district judge in the case must consider timely*

*objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.*

FED. R. CIV. P. 72(a) (emphasis added).

ANALYSIS

In its instant motion, the EEOC objects to Magistrate Judge Scheer's Orders denying the EEOC's motion to compel [*See* Doc. No. 807] and granting Cintas' motion to compel [*See* Doc. No. 809]. The Court will consider the merits of the EEOC's objections to each motion in turn.

I. <u>The EEOC's Motion to Compel</u>.

On March 19, 2010, - only four days before the Court ordered the EEOC to identify all the individuals upon whose behalf it is bringing § 706 claims [*See* Doc. No. 735] - the EEOC filed its motion to compel [Doc. No. 759], alleging that Cintas' responses to its discovery requests were insufficient. In particular, the EEOC sought an order compelling Cintas to produce documents related to its hiring practices at all of its Michigan facilities - including those locations at which no § 706 claimant had applied, and outside the time frames when § 706 claimants applied at other Michigan facilities.

In Magistrate Judge Scheer's April 22, 2010 Order denying the EEOC's motion [Doc. No. 807], the Court held that, as the EEOC had not pled a valid pattern or practice claim, it was not entitled to the discovery that it sought in its motion. [*See* Doc. No. 807, p.2]. In its instant objections [Doc. No. 814], the EEOC raises three primary arguments. The Court will consider each of these objections in turn.

 A. <u>The Magistrate Judge's " Highly Burdensome" Statement</u>.

The EEOC's first objection to Magistrate Judge Scheer's April 22, 2010 order [Doc. No. 807] centers around the following passage in that order:

> Cintas maintains that *production of the unredacted information would be highly burdensome*, and notes that the EEOC is precluded from offering evidence of pattern or practice discrimination ro prove a specific discrimination claim.

[Doc. No. 807, p.7 (emphasis added)]. The EEOC argues that this finding by the Court is clearly erroneous:

> This ruling is clearly erroneous and based on a misstatement of the law. Nowhere in Defendant's briefs did it maintain that production of the employment applications in unredacted form would be burdensome, let alone "highly burdensome." Rather, Defendant characterized these applications as comprising a "small subset" of all applications already produced. Since the ruling is based on the notion that Defendant objected to producing the unredacted applications on grounds of burdensomeness, it is clearly erroneous. Even if Defendant had asserted burdensomeness, it is hard to imagine how it would be burdensome to produce copies of these employment applications in unredacted form.

[EEOC's Br., Doc. No. 814, p.3 (internal citations omitted)].

This argument is without merit for several reasons. First, while Cintas may not have addressed the "burden" that the EEOC's request would create during its *briefing*, the argument was raised by Cintas at oral argument on the motions. Specifically, Cintas argued that the document production requested would be "an extraordinary burden," and that compelling such documents would "cause us to do discovery that would be extraordinarily expensive at a time where we should be preparing for trial." [April 20, 2010 Tr., Doc. No. 817, 14:2; 14:10-12]. As Cintas argues in opposition to the EEOC's current objections, "it is unclear how the EEOC can maintain that the issue of burden was not addressed." [Def.'s Br., Doc. No. 825, p.6].

Further, the EEOC has failed to evidence either a clear error or a misstatement of the law on the part of the Magistrate Judge in this holding. As Cintas argues in its brief:

> The EEOC cannot substitute its own judgment for that of the Court, and the fact that the EEOC does not agree with the Court's decision is certainly not grounds for reversing it. Indeed, the EEOC does not cite to any legal authority to which it contends the Order is contrary.

4

[Def.'s Br., Doc. No. 825, p.7]. The Court agrees, and finds the EEOC's arguments to the contrary without merit. For these reasons, the Court **OVERRULES** the EEOC's objection to Magistrate Judge Scheer's discussion of the burden the EEOC's document request would create for Cintas.

B. The Magistrate Judge's Statement Regarding the "Stage of the Case."

The EEOC's second objection to Magistrate Judge Scheer's April 22, 2010 order [Doc. No. 807] centers around the following sentence included in that order:

> *At this stage of the case*, I am satisfied that the burden and expense of producing documents from Cintas locations not associated with current claimants outweighs the potential for identification of additional claimants.

[Doc. No. 807, p.3 (emphasis added)]. This reliance on the "stage of the case," the EEOC argues, amounts to clear error. [*See* EEOC's Br., Doc. No. 814, p.5].

The Court disagrees. As Cintas argues in its response brief:

> . . . there is no evidence that the Order was based solely on the "stage" of the case. Rather, a complete reading of the Order makes it clear that the Court reviewed the parties' briefs, held an oral argument, but ultimately decided that the discovery requested by the EEOC was inappropriate.

[Def.'s Br., Doc. No. 825, p.7]. The Court agrees, and finds the EEOC's arguments to the contrary without merit. For these reasons, the Court **OVERRULES** the EEOC's objection to Magistrate Judge Scheer's *dicta* comment regarding the "stage" of this litigation.

C. The Magistrate Judge's Alleged Misstatement of the Law.

The EEOC's third and final objection to Magistrate Judge Scheer's April 22, 2010 order [Doc. No. 807] centers around the following sentence included in that order - the same sentence objected to in the EEOC's first objection discussed *supra*:

> Cintas maintains that production of the unredacted information would be highly burdensome, and notes that *the EEOC is precluded from offering evidence of pattern or practice discrimination ro prove a specific discrimination claim*.

[Doc. No. 807, p.2]. This statement, according to the EEOC, is contrary to controlling law:

> The order relies on the notion that "the EEOC is precluded from offering evidence of pattern and practice discrimination to prove a specific discrimination claim." This statement is directly at odds with the Sixth Circuit's ruling in *Bacon v. Honda of America Mfg., Inc.*, 370 F.3d 565, 575 (6th Cir. 2004), in which the Court ruled that "pattern-or-practice evidence may be relevant to proving an otherwise-viable individual claim for disparate treatment under the *McDonnell Douglas* framework."

[EEOC's Br., Doc. No. 814, p.5].

This argument is without merit. While the EEOC accurately quotes *Bacon*'s dicta statement that pattern or practice evidence *may* be relevant in an otherwise-viable individual claim, *Bacon* does not stand for the proposition that such evidence is *always* relevant. On the contrary, the Sixth Circuit, in *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 907 (6th Cir. 1991), held that "[w]here, as here, the employment decisions were made locally, discovery may be properly limited to the employing unit."

The EEOC's motion to compel, seeking documents related to *other* Michigan facilities not at issue in this litigation, is *not* relevant to the EEOC's current § 706 action. For these reasons, the Court **OVERRULES** the EEOC's objection to Magistrate Judge Scheer's *dicta* statement regarding the EEOC's ability to utilize pattern or practice evidence in this § 706 action.

II. Cintas' Motion to Compel.

On March 2, 2010, the Court ordered the EEOC to identify by March 23, 1010 the identities of all individuals on whose behalf it is advancing claims in this action. [*See* Doc. No. 735]. As the EEOC named these individuals, Cintas began serving interrogatories and document

6

requests related to them. The EEOC informed Cintas, however, that it would not provide responses to these requests by Cintas, as the § 706 claimants were not parties to this litigation and because Cintas had exceeded the number of interrogatories permitted to be served on the EEOC. In response, Cintas filed its motion to compel [Doc. No. 768], arguing that the global medical and employment record releases that were included in the request were relevant to the question of whether each claimant was qualified for an SSR position.

In Magistrate Judge Scheer's April 22, 2010 Order granting Cintas' motion [Doc. No. 809], the Court held that "the information sought by Cintas is relevant to the subject matter of this case," and that there was no rational basis for denying Cintas the information it requested. [Doc. No. 809, p.2]. The Court also rejected the EEOC's argument that the § 706 claimants were not "parties" subject to interrogatories under FED. R. CIV. P. 33(a). *Id*. at 2.

The EEOC's objection to Magistrate Judge Scheer's Order, in its entirety, is as follows:

> The Magistrate Judge also required the EEOC to provide responses to interrogatories that Defendant propounded on class members, on the rationale that "the EEOC stands in the shoes of each allegedly aggrieved person in a Section 706 lawsuit." But the EEOC's lawsuit is not "merely derivative" nor is the EEOC a "proxy for the employee." The EEOC "does not function simply as a vehicle for conducting litigation of behalf of private parties." Section 706 grants the EEOC authority to "bring suits in its own name for the purpose, among others, of securing relief for a group of aggrieved individuals." The Sixth Circuit, too, recognizes that the EEOC does not stand in the shoes of aggrieved individuals, but "represents the public interest when it sues to enforce Title VII." Thus, the Magistrate Judge's Order in this regard was contrary to law and erroneous.

[EEOC's Br., Doc. No. 814, pp.5-6 (internal citations omitted)].

Even assuming, *arguendo*, that the EEOC is correct in its assertions quoted *supra*, this argument is insufficient to warrant overruling the Magistrate Judge's order. As Cintas argues in its response brief, "even if the EEOC is charged with protecting the 'public interest,' it does not

7

get a 'free pass' to avoid discovery obligations on individual § 706 claims." [Def.'s Br., Doc. No. 825, p.10]. The Court agrees, and **OVERRULES** the EEOC's objection to Magistrate Judge Scheer's order granting Cintas' motion to compel [Doc. No. 809].

## CONCLUSION

As the EEOC has failed to evidence rulings in Magistrate Judge Scheer's April 10, 2010 Orders [Doc. Nos. 807, 809] that are either clearly erroneous or contrary to existing law, the Court **OVERRULES** the EEOC's objections to those orders [Doc. No. 814].

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 7, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 7, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager