UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                                Case Nos. 04-40132; 06-12311

             Plaintiff- Intervenor,                        Hon. Sean F. Cox
                                                          United States District Judge

v.

CINTAS CORPORATION,

             Defendant.

_____/

OPINION & ORDER

On December 23, 2005, the Equal Employment Opportunity Commission ("EEOC") filed

complaints as an intervening plaintiff in two cases that were consolidated for pretrial purposes:

*Mirna E. Serrano, et al. v. Cintas Corp.* (Case No. 04-40132); and *Blanca Nelly Avalos, et al. v.*

*Cintas Corp.* (Case No. 06-12311), alleging that Defendant Cintas Corporation ("Cintas")

engaged in discriminatory hiring practices against female applicants in violation of 42 U.S.C. §

2000e-5, also known as a "Section 706" action.[1]  On September 20, 2010, this Court dismissed

with prejudice all of the EEOC's claims against Cintas (Doc. No. 936).  The Court also

dismissed with prejudice all 13 of the EEOC's individual claims against Cintas (Doc. Nos. 923-

935).  The matters currently before the Court are: (1) Defendant Cintas's Motion for Attorneys'

Fees and Costs (Doc. No. 943); (2) Individual Plaintiffs' Objection To, And Motion To Review,

Bill Of Costs; and (3) Defendant Cintas Corporation's Objections To Taxed Bill of Costs. The

---

[1]For ease of reference, all further citations to document numbers will refer to the 04-
40132 case unless otherwise noted.

1

parties have fully briefed the issues and the Court heard oral argument on June 1, 2011.  For the

reasons that follow the Court shall:

    1)      Grant in part and deny in part Cintas' Motion for Attorney Fees and Costs;

    2)      Rule that the Taxed Bill of Costs shall not be taxed to the individual Plaintiffs and shall be taxed only to the EEOC; and

    3)      Reject Cintas' objections to the Taxed Bill of Costs as untimely.

BACKGROUND

The long and complex history of this litigation has been summarized by this Court in a

number of previous Orders.  Only the facts relevant to the instant objections and motions are

discussed below.

 Plaintiffs in the *Seranno* action filed their original charge of discrimination with the

EEOC on or about April 7, 2000 – over a decade ago.  (*See* Seranno Complaint, Doc. No. 1).  On

July 3, 2002, two years later, the EEOC issued a determination that reasonable cause existed to

believe Cintas had engaged in discriminatory hiring practices against a "class" of female

applicants in hiring for Service Sales Representative ("SSR") positions. (*See* Doc. No. 1, Ex. A).

Despite this determination, the EEOC's determination letter did not identify any applicants

against whom Cintas allegedly discriminated.  (*See* Doc. No. 3, ¶17).

In May of 2004, four years after the original charge was filed, the EEOC formally

declined to issue a right to sue letter.  The *Seranno* individual plaintiffs then filed this action on

May 10, 2004.  (*See* Doc. No. 1).

The EEOC intervened in the *Seranno* and *Avalos* matters on December 23, 2005 (*See*

Doc. No. 98).  The EEOC's first complaint alleged claims under §§ 705 and 706.  Throughout

2

the course of discovery, Cintas produced over 80,000 pages of additional documents in response to the EEOC's discovery requests.

On March 31, 2009, the Court denied class certification (*see* Doc. No. 627), and on June 19, 2009, the Sixth Circuit denied the individual Plaintiffs' request for an interlocutory appeal on the Court's denial of class certification.

On February 9, 2010, the Court issued its Opinion & Order granting Cintas' motion for judgment on the pleadings. (*See* Doc. No. 723). In that order, the Court held that the EEOC was precluded from utilizing the *Teamsters* framework for its cause of action against Cintas, brought solely under § 706 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, because the EEOC had never pleaded a claim which would entitle them to utilize the *Teamsters* framework.

On September 20, 2010, this Court dismissed with prejudice all of the EEOC's claims against Cintas for failure to exhaust administrative remedies (S.J. Order, Doc. No. 936). The Court also dismissed with prejudice all 13 of the EEOC's individual claims against Cintas, based upon the merits of those claims (Doc. Nos. 923-935).

On October 18, 2010, Cintas filed a "Bill of Costs" (Bill of Costs, Doc. No. 942), seeking recovery of $119,216.33 in costs incurred in this action. This amount consists of $117,564.47 in court reporter fees, $801.86 in witness fees, and $840.00 in service fees. *Id*. That same day, Cintas filed a Motion for Attorneys' Fees and Costs (Fee Mtn., Doc. No. 943), seeking to recover $4,595,432.89 in attorneys' fees and an additional $1,097,918.37 in expenses.

On October 21, 2010, the Clerk of the Court entered a Taxed Bill of Costs, (Taxed Costs, Doc. No. 948) in which the Clerk taxed costs in the amount of $18,295.30.

On October 28, 2010, the individual Plaintiffs filed objections to the Clerk's Taxed Bill

3

of Costs (Plfs. Cost Obj., Doc. No. 960).  On October 29, 2010, one day after the October 28,

2010 deadline, Cintas also filed objections to the Clerk's "Taxed Bill of Costs" (Cost Obj., Doc.

No. 961).

The EEOC filed their response to Cintas' motion for fees on November 3, 2010 (Fee

Resp., Doc. No. 964). On November 23, 2010, the EEOC filed a Response in Opposition to

Cintas's Objection to Taxed Bill of Costs (Cost Resp., Doc. No. 1068).  Cintas filed a reply brief

in support of its objections to the Taxed Bill of Costs on November 30, 2010 (Costs Reply, Doc.

No. 1069).

On June 2, 2011, one day after the hearing on these matters, the Court issued an order

(Doc. No. 1075) requiring Cintas to file a supplemental brief stating why this Court should apply

the FED. R. CIV. P. 6(d) three-day extension to its objections to the Clerk's Taxed Bill of Cost.

The Court also permitted the EEOC to file a supplemental brief on this issue.  Both parties filed

supplemental briefs on June 9, 2010. (Doc Nos. 1076, 1067).

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides, "Unless a federal statute, these rules, or a

court order provides otherwise, costs – other than attorney's fees – should be allowed to the

prevailing party."  Moreover, 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the
> following:
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily
> obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any

4

materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  "(A)bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and §1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 467, 445 (1987). The party objecting to the Taxed Bill of Costs has the burden of showing that the taxed costs were improper.  *BDT Products, Inc.v. Lexmark Intern, Inc.,* 495 F.3d 415, 420 (6th Cir. 2005).

With respect to the recovery of attorneys' fees, Section 706(k) of Title VII of the Civil Rights Act of 1964 provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k).  "(A) plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. V. EEOC*, 434 U.S. 412, 422.  Moreover, "[I]f a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." *Id*.

5

ANALYSIS

I.    <u>Cintas Shall Recover A Significant Portion Of Its Attorneys' Fees And Costs.</u>

As stated above, this Court granted Cintas' motions for summary judgment against all individual Plaintiffs and also against the EEOC as an intervening Plaintiff.  In its September 20, 2010 Opinion & Order, the Court relied on *EEOC v. CRST Van Expedited, Inc.*, 2009 WL 2524402 (N.D. Iowa 2009) and adopted its central holding. (S.J. Order at 15).  The Court also held that "the EEOC's failure to engage in the required 'integrated, multistep enforcement procedure' mandated by Title VII before filing Section 706 action, is fatal to the EEOC's claims on their behalf in this lawsuit." *Id*.  Cintas now seeks attorneys' fees and costs, pursuant to Section 706(k), alleging that the EEOC's conduct throughout the litigation, including its failure to investigate and attempt to conciliate, was unreasonable and groundless. (Fee Mtn. at 1.)

The Court agrees that an award of attorney fees and costs pursuant to § 42 U.S.C. § 2000e-5(k) is warranted in this case.  The EEOC's failure to engage in the required enforcement procedure mandated by Title VII, prior to filing a § 706 action, constitutes unreasonable conduct under *Christiansburg*.  As Cintas stated in its brief, the Court in *CRST* came to a similar conclusion, holding that "an award of attorney's fees is appropriate because the EEOC's actions in pursuing this lawsuit were unreasonable, contrary to the procedure outlined by Title VII and imposed an unnecessary burden upon CRST and the court." *EEOC v. CRST Van Expedited, Inc.*, 2010 WL 520564 at *9 (N.D. Iowa).

In its September 20, 2010 Opinion & Order, the Court found the following:

- The EEOC did not investigate the specific allegations of any of the thirteen allegedly aggrieved persons until after the *Serrano* plaintiffs filed their initial complaint, and after it filed its own complaint years later.

6

- The EEOC did not engage in *any* conciliation measures as required by § 706 prior to filing suit on behalf of the named Plaintiffs.

- The EEOC did not identify *any* of the thirteen allegedly aggrieved persons as members of the "class" until after the EEOC filed its initial complaint.

- The EEOC failed to make an individualized reasonable cause determination as to the specific allegations of any of the thirteen named plaintiffs in this action.

(SJ Order at 6-7).

    In addition to these shortcomings by the EEOC, the EEOC engaged in other egregious and unreasonable conduct. During the course of its involvement in this case, the EEOC filed, and lost, over a dozen motions. Furthermore, Cintas was forced to file a number of motions because of the EEOC's failure to properly respond to Cintas' discovery requests. Cintas succeeded on all of these motions, and the EEOC's conduct served only to prolong this decade-long litigation. For example, after this Court denied the EEOC's request to proceed on a claim for pattern or practice discrimination under §705, the EEOC refused to produce information regarding the identities of each individual who agreed to participate as a plaintiff in this action. The EEOC even refused to reveal to Cintas the identities of the women to whom it sent questionnaires regarding their potential participation as a plaintiff in this action. This information was clearly within the scope of discovery. In his March 2, 2010 Order Granting Motion to Compel, Magistrate Judge Scheer stated, "There appears to be no purpose for [the EEOC's] position [to withhold the questionnaires] other than to increase the difficulty and expense of the defense of this action by Cintas." (Doc. No. 583).[2]

    Following Magistrate Judge Scheer's order, it was apparent that after almost 10 years

_____

    [2] This docket number refers to the 04-40132 case number.

from the date that this case began, the EEOC had not yet identified any of the individual

plaintiffs on whose behalf it sought to pursue a § 706 claim.  Finally, after the EEOC initially

identified approximately 40 individual plaintiffs, only seven of these individuals whom Cintas

deposed were identified as part of these 40 potential claimants.  Later, it was revealed that a

number of these seven individuals testified that they did not believe they had claims against

Cintas or testified that they did not intend to advance claims against Cintas at all.  (Doc. No.

808).  The Court agrees with Cintas when it states that the EEOC engaged in a "reckless 'sue

first, ask questions later' strategy."  (Fee Mtn. at 2).

In response, the EEOC makes a number allegations regarding the merits of its claims and

states that Cintas had a full opportunity to conciliate.  The EEOC argues that it "had a reasonable

basis to intervene in this case and prosecute Cintas Corporation for sex discrimination," and that

the evidence gathered by the EEOC during discovery showed that Cintas discriminated against

women by failing to hire them. (Fee Resp. at 2.).

The Court, however, did not dismiss the EEOC's § 706 claims because they were without

merit, but rather, dismissed its claims because of their failure to investigate, issue reasonable

cause determinations, or conciliate the claims of the individual Plaintiffs.  The Court already

addressed the EEOC's merit-based contentions in its September 20, 2010 Opinion & Order, and

therefore it unnecessary to discuss them here.

This Court agrees with the court in *CRST* when it stated, "An award of fees is necessary

to guarantee that Title VII's procedures are observed in a manner that maximizes the potential for

ending discriminatory practices without litigation in federal court."  *CRST* at *9.

As a result, Cintas seeks to recover $4,595,432.89 in attorneys' fees, and an additional

8

$1,097,918.37 in expenses.  Cintas summarizes its request as:

- 33.33% for fees and costs incurred between November 2005 and March 2009 (totaling $2,579,909.44);

- 100% for fees and costs incurred exclusively in defense of the EEOC's claims from April 2009 to the present (totaling $3,013,952.53)

- 66.66% for fees incurred in defense of both the EEOC's and the individual Plaintiffs' claims between April 2009 to the present (totaling $99,489.29);

- 0% for fees incurred exclusively in defense of the individual Plaintiffs' claims between April 2009 to the present.

(Fee Mtn. at 16).

     a.    <u>Cintas Has Not Established That It Is Entitled To Recover From The EEOC One-Third Of Attorney Fees Incurred Prior To The Denial Of Class Certification.</u>

Cintas has not met its burden of establishing that it may recover one-third of the attorney fees it incurred prior to the denial of class certification on March 31, 2009.  Cintas has not provided any type valuation method to support its assertion that it is entitled to recover one-third of the fees and costs incurred prior to March 31, 2009.

As agreed upon by counsel for parties at the June 1, 2011 hearing, the Court has broad discretion to determine what constitutes reasonable attorneys fees in Title VII cases.  *See generally Fuhr v. School Dist. of City of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004). 364 F.3d 753   "Speculation and inference, however, are not a basis for awarding attorneys' fees."  *In re Delphi Corp. Securities, Derivative & "ERISA" Litigation,* 248 F.R.D. 483, 506 (E.D. Mich. 2008) (Rosen, J.).

It is impossible to quantify the extent of the EEOC's involvement prior to March 31, 2009, but all the parties agree that the EEOC's involvement was minimal.  (6/1/11 Hrg. Trans. at

11-12).  In fact, counsel for three of the individual Plaintiffs admitted that after class certification was denied, the individual Plaintiffs managed to get settle their cases.  *Id.*  In light of the EEOC's very limited role in the litigation, an award of attorney fees to Cintas for fees incurred prior to March 31, 2009 would be speculation on the part of the Court.  Because Cintas has not met its burden of establishing that it may recover one-third of the of the attorney fees and costs incurred prior to March 31, 2009, the Court declines to award any of these fees or costs to Cintas.

> b.      The Reasonableness Of Cintas' Attorney Fees From April 1, 2009 To The Present.

In *Hensley v. Eckerhart*, the Supreme Court stated that the most useful starting point for determining the amount of a reasonable fee is the "lodestar" approach – the number of hours reasonably expended multiplied by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In determining the reasonableness of the hours claimed, a trial court can consider various factors, including: the time and labor required; the novelty and difficulty of the questions presented; the experience, reputation and ability of the attorney; and the results obtained.  *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005).  The most critical factor, however, is the degree of success obtained.  *Id.* at 416.

To establish a "customary" fee under the lodestar method:

> . . . the burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of comparable skill, experience, and reputation.  A rate determined in this way is normally deemed to be reasonable, and is referred to - for convenience - as the prevailing market rate.

*Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).  In most cases, the relevant community rates

10

will be the "local market rates." *Wayne v. Village of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994).

Nevertheless, it is still the burden of the party seeking compensation to provide "evidence

supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. The court is then

required to examine the claimed hours and exclude those hours that were not "reasonably

expended."

Cintas has provided documentation to support that it incurred $2,117,096.88 in attorneys'

fees exclusively in defense of the EEOC's claims from April 1, 2009 to the present. In this case,

Cintas has submitted the following hourly rates for the 10 primary attorneys and staff members at

Keating Muething & Klekamp ("KMK") that billed Cintas from November 15, 2005 to

September 30, 2010:

| Timekeeper Initials | Timekeeper Name | Current or Most Recent Position | Billing Rate | Hours Billed |
|---|---|---|---|---|
| MJC | Mark J. Chumley | Partner | $240-$300 | 1955.30 |
| RAR | Rachael A. Rowe | Partner | $250-$325 | 3388.30 |
| WJS | W. Jeffrey Sefton | Partner | $170-$250 | 1945.65 |
| GMU | Gregory M. Utter | Partner | $360-$440 | 4504.00 |
| JLB | Joseph L. Bruemmer | Associate | $135-$215 | 1364.50 |
| JMG | Jamie M. Goetz-Anderson | Associate | $95-$170 | 1566.25 |
| BPM | Brian P. Muething | Associate | $155-$245 | 1663.40 |
| BAR | Brian A. Riddell | Associate | $135-$215 | 2756.00 |
| AMB | Amy M. Behm | Paralegal | $135-$190 | 5247.55 |
| CAC | Charlotte A. Creech | Paralegal | $125-$175 | 1390.53 |

Here, there is no dispute that Cintas is the prevailing party. As stated above, the Court

dismissed all of the EEOC's claims against Cintas, as well as all the claims brought by the

11

individual Plaintiffs.  Moreover, Cintas filed 20 motions since the denial of class certification and was successful on all 20 of these motions.  Thus, an excellent result was achieved for Cintas. Moreover, this case was incredibly time consuming and labor intensive.  The case was filed over 11 years ago, was unnecessarily drawn-out for years, and required extensive time and effort.  As a result of the EEOC's failure to investigate the claims of the individual Plaintiffs in this case, Cintas incurred a number of costs, such as the costs related to deposing dozens of individuals that it would not have otherwise deposed.

Based upon these factors, as well as the experience and expertise of the attorneys involved, the Court finds that rates of the attorneys and paralegals for Cintas are reasonable.  In fact, the EEOC does not challenge KMK's attorneys' billing rates in its brief.

Accordingly, the Court shall award Cintas $2,117,096.88 in attorneys' fees incurred exclusively in defense of the EEOC's claims from April 1, 2009 to the present, subject to the deductions discussed in Part I(c), below.

     c.     <u>Cintas' Attorney Fees Shall Be Reduced By 10% Because They Are Inadequately Documented By Counsel For Cintas.</u>

The EEOC argues that the fees claimed by KMK are inadequately documented, making it impossible to determine whether Cintas' attorney fees are reasonable. (Fee Resp. at 9).  The EEOC asserts that Cintas' request for attorney fees should be denied or drastically reduced because KMK's records are redacted and reflect KMK's practice of "block billing" (i.e., listing a number of tasks performed in a single entry).  The Court agrees that KMK engaged in block billing.

Along with its motion for attorney fees, Cintas submitted over one-thousand pages of

time records of fees from KMK. (See Fee Mtn., App. B). These time records reflect over 53,000 hours expended by KMK attorneys and staff, and include brief descriptions of the work performed for each time entry. *Id*. These records are heavily redacted, making it almost impossible to determine whether many of the services performed by KMK were reasonably necessary. Additionally, KMK's records indeed reflect a practice of block billing, making it impossible to determine how much time was billed for each particular task.

Moreover, the EEOC also asserts that Cintas' request for attorney fees are "rife with redundancies" and include "unnecessary, extravagant, and excessive" costs. (Fee Resp. at 12, 16). As an example, the EEOC points toward KMK's preparation for the deposition of Ken Buddie. In addition to an indecipherable amount of hours billed by Gregory Utter, KMK associate Brian Riddell billed 35.5 hours for preparation of the deposition. (Fee Mtn., App. B).

When faced with a similar, vague, and voluminous fee record that reflected a practice of block billing, the court in *Gratz v. Bollinger* applied an across-the-board percentage reduction of attorney fees. *Gratz v. Bollinger*, 353 F.Supp.2d 929 (E.D. Mich. 2005) (Duggan, J.). As the EEOC points out in its response brief, the court in *Gratz* stated:

> 'To establish that he is entitled to reimbursement for particular items of attorneys' fees ... the fee petitioner must provide the court with the attorneys' billing records that describe the work performed *in sufficient detail* to establish that the work is reasonably related (to the litigation).' *In re Samuel R. Pierce, Jr.*, 190 F.3d 586, 593-94 (D.C.Cir.1999) (citations omitted)(emphasis added). '(I)nadequate documentation 'makes it impossible for the court to verify the reasonableness of the billings, either as to the necessity of the particular service or the amount of time expended on a given task.' *Id*. (quoting *In re Sealed Case*, 890 F.2d 451, 455 (D.C.Cir.1989) ( per curiam)).

*Id*.

13

The court in *Gratz* concluded that "[w]ithout further detail as to what was discussed and/or reviewed, the Court cannot determine whether the task was necessary for the litigation, whether the time expended on the task was reasonable, and whether the task was duplicated by other attorneys representing plaintiffs." *Id*. Thus, the court found that a 10% across-the-board reduction in hours billed by plaintiffs' counsel would be appropriate due to the attorneys' block billing and vague entries. The court also stated that appellate courts in other circuits have upheld reductions of hours billed by 10% and 20%. *Id*. (*citing In re Samuel R. Pierce, Jr.*, 190 F.3d 586, 593-94 (D.C.Cir. 1999) and *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991)).

In applying its broad discretion in awarding attorney' fees and costs, the Court finds that such an across-the-board percentage reduction in attorney fees is appropriate in this case. With the records provided, the Court is unable to determine exactly how much time was spent performing many tasks, whether the tasks were necessary for the litigation, and whether the tasks were duplicated by other attorneys. Therefore, the Court shall reduce Cintas' claim for $2,117,096.88 in attorney fees incurred after March 31, 2009 by 10%. Accordingly, the Court shall award Cintas **$1,905,387.19** ($2,117,096.88 x 90%) in attorney fees.

II.     The Court Shall Also Award Cintas Its Reasonable Costs Incurred.

In addition to an award for attorney fees, Cintas seeks to recover $1,097,918.37 in expenses. Due to the EEOC's limited involvement prior to March 31, 2009 (the date of class-certification denial), Cintas is seeking to recover 33.33% of its expenses incurred prior to that date. The expenses requested by Cintas are summarized as follows:

|  | Pre-Class Certification Total | Post-Class Certification Total |
|---|---|---|

| Long Distance Telephone | $4,421.55 | $3,988.54 |
|---|---|---|
| Messenger, Overnight, and Postage | $28,550.25 | $17,133.04 |
| Expert Witness Fees | - | $335,607.78 |
| Computer Legal Research | $72,727.47 | $68,717.34 |
| Travel and Related Expenses | $226,951.03 | $142,992.50 |
| Demonstratives for Trial Preparation and Trial | $385.07 | $144,677.29 |
| Reproduction Charges | $97,259.05 | $16,413.66 |
| Deposition Expenses/Deposition Preparation | $170,681.65 | $165,516.90 |
| Clerk of Court Fees | $2,272.40 | $1,808.60 |
| SUBTOTAL | $603,248.47 | $896,854.75 |
| | (33.33%) = $201,062.72 | |
| TOTAL | $1,097,918.37 | |

For the same reasons discussed in Part I(a), above, the Court shall exercise its discretion and deny the recovery of any costs incurred prior March 31, 2010.

The EEOC makes a number of objections to the remaining expenses throughout its response brief. These objections are addressed below within each individually expense category to which they pertain.

a.     Long Distance Telephone Service.

Cintas seeks to recover $3,988.54 in post-class certification expenses. The EEOC does not specifically object to this expense. The Court finds that these charges are adequately documented and reasonable. Accordingly, the Court shall award Cintas **$3,988.54** for long distance telephone service.

15

b.      Messenger, Overnight, and Postage Expenses.

Cintas seeks to recover $17,133.04 in post-class certification expenses for messenger,

overnight, and postage expenses.  The EEOC does not specifically object to this expense.  The

Court finds that these charges are adequately documented and reasonable.  Accordingly, the

Court shall award Cintas **$17,133.04** for messenger, overnight, and postage expenses.

c.      Expert Witness Fees.

Cintas seeks to recover $335,607.78 in expert witness fees regarding Cintas' experts from

ERS Group, including Dr. Mary Dunn Baker.  Dr. Baker submitted a report on May 15, 2010 for

the purpose of rebutting a statistical analysis submitted by an expert witness from the EEOC.  Dr.

Baker's work included research and analysis of Cintas' hiring practices, a statistical analysis of

market hiring rates, and preparation for deposition testimony.  Cintas asserts that these fees are

related solely to the EEOC's claims after the denial of class certification.  The EEOC does not

object to this expense.  In addition, section 42 U.S.C. § 2000e-5(k) explicitly allows for the

recoupment of expert fees by the prevailing party.  Accordingly, the Court shall award Cintas

**$335,607.78** for expert witness fees.

d.      Computer Legal Research.

Cintas seeks to recover $68,717.34 in post-class certification expenses for computer legal

research expenses.  Although there is no Sixth Circuit authority addressing computer research

expenses, most circuits have found that parties are not entitled to reimbursement for electronic

legal research fees because such fees should be factored into an attorney's hourly rate.  *See*

*Fharmacy Records v. Nassar, et al.*, 729 F.Supp.2d 865 (E.D. Mich. 2010) (Lawson, J.); *Attrezzi,*

*LLC v. Maytag Corp.*, 436 F.3d 32 (1st Cir. 2006).  Accordingly, the Court denies Cintas'

16

request for computer legal research fees.

      e.    <u>Travel and Related Expenses.</u>

Cintas seeks to recover $142,992.50 in post-class certification travel and other related expenses. In support of its travel expenses, Cintas submitted almost 900 pages of supporting documentation. (*See* Fee Mtn., Ex. 8).

The EEOC objects to these expenses and asserts that Cintas' supporting documentation reflect "a pattern of (u)nnecessary, (e)xtravagant, and (e)xcessive spending." (Fee Resp. at 16). First, the EEOC argues that fees related to attorney travel time should be denied in their entirety, or alternatively, drastically reduced just as the court in *Gratz* discounted the attorneys' hourly rate for travel time. In this case, however, Cintas is not seeking compensation for *attorney fees* incurred as a result of travel time.[3] Rather, Cintas is seeking to recover its counsels' travel and related *expenses*, such as lodging, transportation, and meal costs. Expenses incurred during travel are costs that are typically passed on to a fee-paying client. *See Mota v. Univ. of Texas Houston Health Science Ctr.*, 261 F.3d 512, 530 (5th Cir. 2001); *Johnson v. Credit Intern., Inc.*, 257 Fed. Appx. 8, 10 (9th Cir. 2007). The Court finds that Cintas' travel expenses are adequately documented and reasonable.

Second, the EEOC contends that many of KMK's travel expenses are excessive and unnecessary. For example, Cintas requests compensation for flight cancellation fees without

---

[3]In its brief, the EEOC cites three entries in KMK's time records of fees in which KMK bills Cintas for attorney travel time. The Court could only locate one such entry, at Doc. No. 799-1, pp. 25-25 (of Case No. 6-12311). As a result of KMK's use of block billing, it is impossible to determine how many hours Cintas was billed for this travel time. Any unreasonable fee incurred from this travel time has been adequately addressed in Part (I)(C), above.

stating whether the EEOC or the Court were the cause of such cancellations.  Cintas also seeks to recover the cost expensive dinners and two bottles of wine at $48 each.  While the Court shall decline to award the costs for the wine, and will deduct $96 for this expense, the Court does not question KMK's good faith attempt to remove any unnecessary expenses form the voluminous expense record.  The Court understands that filtering through over a decade's worth of expense records is a monumental task, and the Court acknowledges Cintas' good faith attempt to remove any unnecessary expenses requested in the instant motion for attorney fees and costs.  In reviewing Cintas' travel expense records, the Court finds that these expenses are reasonable and necessary.  Accordingly, the Court shall award Cintas **$142,896.50** ($142,992.50 - $96.00) for travel expenses incurred after March 31, 2009.

      f.      <u>Demonstratives For Trial Preparation and Trial.</u>

      Cintas seeks to recover $144,677.29 in post-class certification expenses for demonstratives for trial preparation.  The EEOC objects to all of Cintas' expenses for demonstratives for trial preparation and trial.

      Although Cintas asserts that it incurred $144,677.29 in post-class certification expenses for demonstratives, its supporting documentation indicates otherwise.  Cintas submitted only $6,321.84 in supporting documentation for such expenses incurred *after* the denial of class certification.  (Fee Mtn., Ex. 9).  The Court finds that these expenses are reasonable and necessary.

      Accordingly, the Court shall award Cintas **$6,321.84** in post-class certification expenses for demonstratives for trial preparation.

g.    Reproduction Charges.

Cintas seeks to recover $16,413.66 in post-class certification reproduction charges. Cintas has provided adequate documentation to support these expenses and the EEOC does not explicitly object to them.  (*See* Fee Mtn., Ex. 10).

Section 1920(4) specifically allows for the recovery of "costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4). Reproduction costs include "costs for photocopying documents necessary for maintenance of the action, including copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration." *Jordan v. Vercoe*, 966 F.2d 1452 (Table) at *1 (6th Cir. 1992).

These costs appear reasonable and are those that are typically passed on to a fee-paying client.  The Court shall award Cintas its requested amount for post-class certification reproduction expenses, totaling **$16,413.66**.

h.    Expenses Related To Depositions And Deposition Preparation.

Cintas seeks to recover $165,516.90 in post-class certification expenses related to depositions and deposition preparation.  Cintas asserts that these deposition expenses are those that are not recoverable through the Clerk's Taxed Bill of Costs, such as costs of obtaining bankruptcy records, medical records, and reimbursing subpoenaed entities for production charges.  Additionally, Cintas seeks to recover costs related to the depositions that Cintas was forced to take or defend and that were not cited in any motions.  The EEOC does not specifically object to these expenses and Cintas has provided adequate documentation to support them.

As discussed above, many of these costs were incurred as a result of the EEOC's failure

19

to investigate the claims of the individual Plaintiffs and its lengthy delay in identifying the 13 allegedly aggrieved Plaintiffs.  The Court shall award Cintas **$165,516.90** in post-class certification, deposition-related expenses that it was unable to recover through the Clerk's Taxed Bill of Costs.

       i.    <u>Clerk of Court Fees.</u>

Cintas seeks to recover $1,808.60 in post-class certification Clerk of Court fees.  The EEOC does not specifically object to these fees.  The fees that Cintas seeks to recover include transcript fees, *pro hac vice* admission fees, fees for certificates of good standing, and Eastern District of Michigan admission fees.  Cintas did not request reimbursement of these fees in its Bill of Costs submitted to the Clerk of the Court.

Any taxable transcript fees used in support of motions are considered in Part III, below, with regard to the Taxed Bill of Costs.  Additionally, the Bill of Costs Handbook for the Eastern District of Michigan does not provide for recovery of fees for certificates of good standing or Eastern District of Michigan admission fees.  Such fees are a cost of practicing law generally, and cannot be taxed to one party.  Cintas has not provided any authority to support its request for the recovery of bar admission fees.  Fees for *pro hac vice* admission are also not recoverable because, pursuant to Local Rule 83.20(c)(1), the Eastern District of Michigan does not permit *pro hac vice* admission.

Accordingly, the Court shall deny the recovery of these fees in their entirety.

III.    <u>The Taxed Bill Of Costs.</u>

       a.    <u>No Costs Should Be Taxed To The Former Individual Plaintiffs.</u>

Before discussing the merits of Cintas' objections, the Court must identify the parties to

20

which the costs should be taxed.

The individual Plaintiffs Mirna E. Serrano ("Serrano"), Stephanie L. McVay ("McVay"), Linda D. Allen ("Allen") (collectively, "individual Plaintiffs") filed an objection to the Taxed Bill of Costs because it does not specify the parties against whom the costs are to be taxed. (Plfs. Cost Obj. at 2). The individual Plaintiffs request that Court enter an order stating that the Taxed Bill of Costs, issued on October 21, 2010, or any other costs assessed in this case, do not apply to any of the former individual Plaintiffs. *Id*. at 3.

On January 21, 2010 and February 2, 2010, the Court entered two stipulations and orders dismissing Linda Allen and Stephanie McVay, respectfully, from the lawsuit. (*see* Doc. Nos. 712, 722). Those stipulations provide that Cintas "waives its right to recovery of its attorney fees, costs, or sanctions" relating to Allen's and McVay's claims. *Id*. Similarly, on September 20, 2010, this Court entered an order (Doc. No. 937) granting Cintas' Motion to Dismiss All Claims of Plaintiff Mirna A. Serrano, in which Cintas waived its right to recover costs or fees from Serrano. Furthermore, on October 21, 2010, Cintas filed a "Notice" stating, "Each of the private plaintiffs have been dismissed from this lawsuit and only Plaintiff-Intervenor Equal Employment Opportunity Commission ("EEOC") remains. In its Bill of Costs, Cintas therefore requests that its costs be taxed against only the EEOC." (Doc. No. 947). Additionally, at the June 1, 2011 hearing, Cintas affirmed its position that it does not seek to collect costs and fees from the individual Plaintiffs.

Based on the stipulations discussed above, Cintas' notice, and the statements made by the parties at oral argument, the Court rules that the October 21, 2010 Taxed Bill of Costs, and any other fees or costs assessed in this action, shall not be taxed to the former individual Plaintiffs.

21

Therefore, the only party from which Cintas may recover costs is the EEOC.

        b.    <u>Cintas' Objections To Costs Taxed By The Court Clerk.</u>

Cintas requests $119,216.33 in its Bill of Costs, but the Court Clerk taxed only

$18,295.30 in costs in Cintas' favor. Cintas objects to the following costs that were denied by

the Clerk:

- All costs, such as deposition transcript, service, and witness fees, associated with any motions filed under seal.

- $1,961.56 associated with the deposition fees of witnesses Kimberly Baily, Karen Benson, Paula Cook, and Debra Humphreys because the depositions were not attached in support of a motion by Cintas.

- $1,389.23 associated with costs for video-taped depositions.

- $71.70 for the deposition fee of witness Susan Majewski Harrington because Cintas did not provide documentation of this cost.

Cintas first claims that the Court should tax the costs related to the sealed motions.

Second, with respect to the depositions of witnesses Kimberly Baily, Karen Benson, Paula Cook,

and Debra Humphreys, Cintas asserts that it could not attach the depositions of these witnesses to

Cintas' Memorandum in Opposition to Plaintiff-Intervenor's Motion for Protective Order (Doc.

No. 716), because the transcripts were not yet prepared by the time the memorandum was due.

(Cost Obj. at 3). Third, Cintas claims that the costs associated with video-taping depositions are

recoverable under Sixth Circuit case law, and that these costs should be taxed. *Id*. Lastly, Cintas

asserts that it did not provide documentation of payment to Susan Majewski Harrington because,

for "reasons unknown" she did not receive a witness fee check with her subpoena, forcing

counsel for Cintas to reimburse her in cash at the time of the deposition. *Id*.

In response to Cintas objections, the EEOC claims that Cintas waived its ability to object

22

to the Taxed Bill of Costs because Cintas' objections were untimely.  (Cost Resp. at 4).  The

EEOC further claims that allowing Cintas to recover costs is double recovery on the part of

Cintas because Cintas waived recovery of these costs in its stipulations and settlement

agreements with the individual Plaintiffs.  *Id*. at 6.  Finally, the EEOC asserts that 28 U.S.C. §

1920(2) does not permit Cintas to the recover of both stenographic and video costs.  *Id*. at 8.

       c.    Cintas' Objections Were Filed One Day Late.

       Cintas' objections to the Taxed Bill of Costs were indeed untimely.  The Court Clerk

filed the Taxed Bill of Costs on October 21, 2010.  According to FED. R. CIV. P. 54(d)(1), the

Court may review the Clerk's action "on motion served within 7 days."  FED. R. CIV. P. 54(d)(1).

Cintas did not file its objections to the Taxed Bill of Costs until October 29, 2010 – eight days

after the Clerk entered the Taxed Bill of Costs.

       Cintas, however, claims that it is entitled to an additional 3 days to file its objections,

pursuant to FED. R. CIV. P. 6(d), because the Clerk served Cintas with the Taxed Bill of Costs

electronically.  Rule 6(d) provides, "When a party may or must act within a specified time *after*

*service* and service is made under Rule 5(b)(2)(C), (D), (E), or (F), three days are added after the

period would otherwise expire under Rule 6(a)."  FED. R. CIV. P. 6(d) (emphasis added).  Rule

5(b)(E) permits service by electronic means.  Alternatively, Cintas asserts that if the Court is

inclined to reject its objections to the Taxed Bill of Costs as untimely, the Court should award

these costs because it renewed its requests for these costs in its Motion for Attorneys' Fees and

Costs.

       The Court finds that Cintas objections were untimely, but agrees that Cintas properly

requested these costs separately in its motion for attorney fees.  In its motion, Cintas stated,

"Finally, in addition to the expenses specifically identified in this Motion, Cintas requests reimbursement for any costs that have been requested in its Bill of Costs and that the Clerk determines are not taxable." (Fee Mtn. at 18, n. 10).

Unlike Rule 12 responses, or responses to motions pursuant to Local Rule 7.1, which specifically require action triggered upon *service of the motion*, Rule 54(d)(1) states that the Clerk's taxed costs may be reviewed within 7 days. FED. R. CIV. P. 54(d)(1). The time to file an objection begins to run as soon as the Taxed Bill of Costs is entered. Thus, the Rule 6(d) three-day extension does not apply to objections to the Clerk's Taxed Bill of Costs because the time to object is not triggered upon service of the Taxed Bill of Costs. *See FHC Equities, LLC v. MBL Life Assurance* Corp., 188 F.3d 678 (6th Cir. 1999) (finding that party did not have three additional days to file objections to taxed costs because the time runs with entry of Clerk's order rather than service of the order.); *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259 (7th Cir. 1994); *see e.g. Ultimate Appliance CC v. Kirby Co.*, 601 F3d 414 (6th Cir. 2010) (holding that the Rule 6(d) extension does not apply to time requirement for a notice of appeal because the Rule 4 time to appeal is triggered upon entry of judgment, and not when service of the judgment is effected.). Accordingly, Cintas' objection was not timely filed.

The Court, however, may tax these costs to pursuant to § 28 U.S.C. § 1920, which explicitly states that a *judge* or clerk of any court of the United States may tax the costs enumerated in § 1920. *King v. Gowdy, 268 Fed.Appx*. 389, 390-91 (6th Cir. 2008) (stating that a District Court, pursuant to the discretionary authority of Rule 54(d), may tax costs that are listed under § 1920); *In re Cardizem CD Antitrust Litigation*, 481 F.3d 355, 359 (6th Cir. 2007) ("[T]he discretion that Rule 54(d)(1) gives courts. . . is discretion to decline requests for costs,

not discretion to award costs that § 1920 fails to enumerate."). Therefore, although the Cintas objections to the Clerk's Taxed Bill of Costs were untimely, the Court shall grant Cintas' request for costs under § 1920, as renewed in its Motion for Attorneys' Fees and Costs, subject to the deductions discussed below.

      d.    <u>Costs Attributable to the EEOC.</u>

In its response to Cintas' objections, the EEOC also contends that Cintas is seeking to recover its costs twice by taxing the EEOC for those costs that it agreed to waive against the individual Plaintiffs. (Cost Resp., at 4-6). The EEOC claims that when "the prevailing party receives or forgoes costs from one of the opposing parties, the prevailing party may not later recover those costs from another party." *Id*. at 5.

To support its argument, the EEOC relies on *Ortho-McNeil Pharm., Inc., v. Mylan Lab., Inc.*, 569 F.3d 1353 (Fed. Cir. 2009). In *Ortho-McNeil*, the plaintiff sued two different defendants in related cases held in different courts. *Id*. at 1355. Discovery in the cases had been conducted jointly. *Id*. The plaintiff succeeded on the merits in one case, and settled with the defendant and agreed to waive costs in the other case. *Id*. The Federal Circuit determined that discovery costs should be apportioned between defendants, because the plaintiff had essentially recovered some costs through its settlement agreement with the other defendant. In exchange for waiving costs, the plaintiff received something of value from the defendant – a waiver of appeal. The Court held that even in instances where costs can be awarded jointly and severally, the prevailing party is only entitled to one satisfaction of costs. *Id*. at 1357. The court held that, in order to avoid double recovery on the part of the plaintiff, the defendant in *Ortho-McNeil* must

25

pay only its apportioned share of costs. *Id*. at 1358. *See also In re Air Crash Disaster*, 687 F.2d 626 (2d Cir. 1982) (holding that "non-settling plaintiffs are therefore entitled only to their proportionate share of allowable expenses incurred on behalf of all plaintiffs plus any items incurred specially on behalf of the non-settlers.").

As discussed above, Cintas seeks to recover from the EEOC one-third of the fees and costs it incurred prior to the Court's March 31, 2009 Order denying class certification because of the EEOC's limited involvement in the litigation during that time. Cintas, however, seeks to recover from the EEOC 100% of the fees and costs that it incurred after the denial of class certification. Cintas' proposed apportionment of fees and costs in its Motion for Attorneys' Fees and Costs is very similar to the apportionment of § 1920 costs followed by the Federal Circuit in *Ortho-McNeil* and Second Circuit *In re Air Crash Disaster*.

As stated above, Cintas bears the burden establishing how costs are to be attributed. The Court agrees that the costs incurred by Cintas after the Court's denial of class certification was almost entirely the result of the EEOC's pursuit of claims on behalf of the individual Plaintiffs. As explained in Part I, the Court recognizes, however, that the EEOC was largely uninvolved in this case from when it moved to intervene on November 15, 2005, to the when the Court denied class certification on March 31, 2009. Both parties agree that the litigation during this period revolved primarily around the individual Plaintiffs' attempt to obtain class certification. Although Cintas points to some activity by the EEOC prior to March 31, 2009 (*see* Fee Motion at 4), its involvement was minimal relative to the extensive activity that occurred during this time by other parties. The EEOC did not become an active player in this lawsuit until discovery began on the individual Plaintiffs' underlying claims. Upon the denial of class-certification, the activity

26

in this case shifted almost entirely from the individual Plaintiff's to the EEOC. The fact that the EEOC may have "piggy-backed" on the discovery of the individual Plaintiffs prior to the denial of class certification, however, does not permit Cintas to any double-recovery of those costs. Again, taxing any amount of costs that were incurred prior to the denial of class-certification would be pure speculation on the part of the Court.

Thus, in the same way that the court apportioned Cintas' claim for attorney fees, the Court declines to tax any costs against the EEOC that were incurred prior to March 31, 2009 and shall tax all of the costs incurred after March 31, 2009. Of the $119,216.33 requested in its Bill of Costs, $67,626.34 were incurred before March 31, 2009, and $51,589.99 were incurred after March 31, 2009. (*See* Cost Obj., Exs. A, B, C). Therefore, Court shall award **$51,589.99** in costs taxed after the denial of class certification on March 31, 2009, subject to the deductions stated below.

e.   Cintas Has Already Recovered Some Costs Requested In Its Bill Of Costs.

In its response to Cintas' objections, the EEOC attached a list of costs that it asserts were already recovered by Cintas in two previous Bill of Costs (dated October 14, 2008 and March 21, 2010), but improperly included by Cintas in the instant Bill of Costs. For reasons discussed below, the Court shall decline to award costs incurred prior to March 31, 2009. Cintas, however, is correct in its assertion that its March 21, 2010 Bill of Costs (Doc. No. 804) was denied by the Court Clerk because the relevant motions were filed under seal. (*See* Doc. No. 805). Cintas has not yet recovered those costs. Therefore, the Court shall award costs from the March 21, 2010 Bill of Costs that are included in the instant Bill of Costs because those costs are not duplicates.

27

      f.    <u>Cintas Is Permitted To Recover Costs Associated With Any Motions Filed Under Seal.</u>

The Court Clerk was unable to review many motions in this case because they were filed under seal.  As a result, the Clerk did not tax a number of costs associated with those motions. Therefore, the Court shall award these costs to Cintas.

      g.    <u>Cintas Has Not Provided Transcripts Associated With The Depositions Of Witnesses Kimberly Baily, Karen Benson, Paula Cook, And Debra Humphreys.</u>

The Clerk denied costs associated with the deposition fees of witnesses Kimberly Baily, Karen Benson, Paula Cook, and Debra Humphreys because the depositions were not attached in support of a motion by Cintas.  These depositions were cited in Cintas' January 28, 2010 Memorandum in Opposition to Plaintiff-Intervenor's Motion for Protective Order.  Cintas asserts that it did not receive final deposition transcripts regarding these witnesses until after Cintas' memorandum regarding its Bill of Costs came due, and therefore was unable to cite to the deposition transcripts in its motion.  Cintas, however, has still not provided the deposition transcripts related to these four witnesses or provided proper citations to the transcripts. Accordingly, the Court denies the costs associated with the deposition fees of Kimberly Baily, Karen Benson, Paula Cook, and Debra Humphreys.

      h.    <u>Costs Associated With Video Depositions Are Not Taxable In The Eastern District Of Michigan Unless The Video Depositions Are Used At Trial.</u>

The Clerk also denied costs related to the video depositions of witnesses because Cintas' Bill of Costs did not state whether the video depositions were ever used in court.  Unlike costs for deposition transcripts, which are specifically taxable when used at trial or in support of a

motion, the Bill of Costs Handbook for the Eastern District of Michigan provides only that "(e)lectronic media depositions" are taxable if used at trial. *Bill of Costs Handbook*, § II(B)(1)(e); *See also MacDonald v. United Parcel Service*, 2010 WL 1254607 (E.D. Mich. 2010) (Battani, J.) (finding that costs for video depositions not used in court proceedings taxable only if they are court ordered).

This case did not go to trial, and therefore none of the video depositions were ever used at trial. Accordingly, the Court declines to award costs for the video-taped depositions.

     i.    <u>Cintas May Not Recover Witness Fees Associated with Susan Majewski Harrington.</u>

The Court also denies recovery of the witness fees paid to Susan Majewski Harrington because Cintas has failed to provide any supporting documentation to prove that a payment was made to Ms. Harrington. With regard to this cost, Cintas has only provided a copy of a voided check made payable to Ms. Harrington. A voided check to Ms. Harrington is not sufficient proof of any payment made to her.

     j.    <u>Summary Of Costs Taxable To The EEOC.</u>

In summary, Cintas originally requested $51,589.99 relating to costs incurred after the denial of class certification. From this amount, the Court deducts the following costs:

- $1,961.56 associated with the deposition fees of witnesses Kimberly Baily, Karen Benson, Paula Cook, and Debra Humphreys because the depositions were not attached in support of a motion by Cintas.

- $1,389.23 associated with the costs of video-taped depositions.

- $71.70 for the deposition fee for witness Susan Majewski Harrington because

29

Cintas did not provide documentation of this cost.

•      $2,989.02 for expedited transcript costs (denied by the Clerk).

Therefore, the total amount of taxable costs incurred after March 31, 2009 is **$45,178.48**.

Accordingly, the Court awards Cintas **$45,178.48** in costs requested from its Taxed Bill of Costs

CONCLUSION

The following tables summarize the fees and costs that Cintas may recover from the

EEOC:

| Fee, Expense, or Cost | Post-Class Certification Total |
|---|---|
| Attorney Fees | $1,905,387.19 |
| Long Distance Telephone | $3,988.54 |
| Messenger, Overnight, and Postage | $17,133.04 |
| Expert Witness Fees | $335,607.78 |
| Travel and Related Expenses | $142,896.50 |
| Demonstratives for Trial Preparation and Trial | $6,321.84 |
| Reproduction Charges | $16,413.66 |
| Deposition Expenses/Deposition Preparation | $165,516.90 |
| Costs Requested From Taxed Bill of Costs | $45,178.48 |
| **TOTAL** | **$2,638,443.93** |

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART

Cintas' Motion For Attorney Fees and Costs. Cintas is entitled to recover **$2,638,443.93** in

attorney fees, expenses, and costs.

Cintas is directed to submit a proposed Judgment for entry by the Court within fourteen

(14) days of the date of this Opinion & Order.

       IT IS SO ORDERED.

                                             S/Sean F. Cox
                                             Sean F. Cox
                                           United States District Judge

Dated:  August 4, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 4, 2011, by electronic and/or ordinary mail.

                                             S/Jennifer Hernandez
                                           Case Manager