IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 04-40132 |
| | ) | |
| v. | ) | Judge Sean F. Cox |
| | ) | |
| CINTAS CORPORATION, | ) | Magistrate Judge R. Steven Whalen |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

# EEOC's Second Amended Complaint and Jury Trial Demand

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to a class of women who have been adversely affected by those practices. As alleged with more particularity in paragraph 7 below, Defendant Cintas Corporation refused to recruit and hire women as Route Sales Drivers/Service Sales Representatives throughout the State of Michigan because of their sex, in violation of Title VII.

## Jurisdiction and Venue

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan and throughout the State of Michigan.

## Parties

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, Cintas Corporation (the "Employer"), has been a corporation that continuously has been doing business in the State of Michigan and continuously has had at least 15 employees.

5.     At all relevant times, Defendant Employer continuously has been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## Statement of Claims

6.     More than thirty days prior to the institution of this lawsuit, Mirna E. Serrano filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least June 1999, Defendant Employer has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Defendant Employer has engaged in a pattern or

2

practice of sex discrimination by refusing to recruit and hire a class of females for the position of Route Sales Drivers/Service Sales Representatives at Defendant Employer's facilities in Michigan because of their sex. The affected class is comprised of those females who applied at one of Defendant Employer's facilities in Michigan from 1999 to at least April 1, 2005 and were not hired to be a Route Sales Driver/Service Sales Representative.

8.    The effect of the practices complained of in paragraph 7 above has been to deprive a class of women in Michigan of equal employment opportunities and otherwise adversely affect them, because of their sex.

9.    The unlawful employment practices complained of in paragraph 7 above are and were intentional.

10.    The unlawful employment practices complained of in paragraph 7 above are and were done with malice or with reckless indifference to the federally protected rights of a class of women in Michigan who were denied employment as Route Sales Drivers/Service Sales Representatives because of their sex.

## Prayer for Relief

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, agents, servants, assigns, employees, attorneys, and all persons in active concert or participation with them, from refusing to hire females as Route Sales Drivers/Services Sales Representatives on the basis of sex.

3

B.      Order Defendant Employer to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and eradicate the effects of its past and present unlawful employment practices. Such relief should include adoption of recruitment practices designed to allow women equal access to future employment opportunities as Route Sales Drivers/Service Sales representatives.

C.      Order Defendant Employer to make whole the class of women who were denied employment as Route Sales Drivers/Service Sales Representatives in Michigan, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial.

D.      Order Defendant Employer to make whole the class of women who were denied employment as Route Sales Drivers/Service Sales Representatives in Michigan, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

E.      Order Defendant Employer to make whole the class of women who were denied employment as Route Sales Drivers/Service Sales Representatives in Michigan, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including compensation for emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant Employer to pay the class of women who were denied employment as Route Sales Drivers/Service Sales Representatives in

4

Michigan, punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.      Order Defendant Employer to make whole the class of women who were denied employment as Route Sales Drivers/Service Sales Representatives in Michigan, by providing the affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring or, alternatively, frontpay.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.       Award the Commission its costs of this action.

### Jury Trial Demand

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

LAURIE A. YOUNG, #11480-49
Regional Attorney

MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

/s/ Kenneth L. Bird
KENNETH L. BIRD, Indiana #10780-02
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis IN 46204-4203
Phone: (317) 226-7204
Fax: (317) 226-5571
E-mail: Kenneth.Bird@EEOC.gov

5

## Certificate of Service

I certify that on this 6th day of February, 2013, I electronically filed the foregoing Second Amended Complaint with the Clerk of the Court using the ECF system, which will automatically send notification of the filing to all counsel of record.

/s/ Kenneth L. Bird
KENNETH L. BIRD, Indiana #10780-02
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis IN 46204-4203
Phone: (317) 226-7204
Fax: (317) 226-5571
E-mail: Kenneth.Bird@EEOC.gov