UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Equal Employment Opportunity
Commission,

       Plaintiff,

v.                                    Case No. 04-40132

Cintas Corporation,              Sean F. Cox
                                United States District Court Judge

       Defendant.
_____/

## ORDER FOR BRIEFING OF ISSUES

In *Serrano v. Cintas Corp.*, 699 F.3d 884 (6th Cir. Nov. 9, 2012) the Sixth Circuit ruled that the EEOC may pursue a claim in this case under the *Teamsters* pattern-or-practice framework, pursuant to its authority vested in § 706 of Title VII.

After remand and issuance of the mandate, this Court held a Status Conference with the parties to discuss how to best proceed with this case. As can be gleaned by the proposed discovery plans they submitted, the parties have very different views as to how this case should proceed following remand.

On April 18, 2013, the Parties filed a "Joint Report To Court" (Docket Entry No. 1098) that states that the parties have a "fundamental disagreement about the structure of the case" going forward and cannot reach agreement on a proposed joint discovery order. That Report states that the EEOC "believes that the structure should be patterned on *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977), and, in particular, trial and discovery should be bifurcated into stages, with discovery and trial pertaining to individual

claimants to take place only after trial regarding liability and punitive damages." (*Id*. at 1). Cintas, on the other hand, "believes that: (1) in Phase 1, the EEOC must identify claimants on whose behalf it is pursuing claims (as previously ordered by Magistrate Scheer); (2) discovery of those claimants and any other Phase I witnesses must take place before trial; (3) depending upon the results of discovery, additional expert testimony may be needed and should be permitted; and (4) Cintas is not foreclosed from filing additional dispositive motions." (*Id*.).

Thereafter, each party submitted their respective proposed discovery plan and briefs that outline their positions. (Docket Entry Nos. 1099 & 1100). Nevertheless, many of the disputed issues require further briefing before a decision by the Court.

The Court hereby **ORDERS** that no later than **March 3, 2014**, each party shall file a brief addressing the following issues:

1) What Phase I of a bifurcated trial should consist of;
2) Whether, and when, the EEOC should have to identify claimants on whose behalf it seeks relief;
3) What discovery is needed during Phase I;
4) When punitive damages should be considered; and
5) Whether additional experts should be permitted.

Each brief shall be no more than twenty (20) pages long and should focus on providing authority (preferably Supreme Court or Sixth Circuit authority) for the positions asserted.

No later than **March 17, 2014**, each party may file a response of no more than twenty (20) pages to the opposing party's brief. No reply briefs shall be permitted.

The Court notes that the parties had also raised the issues of: 1) whether Cintas should be precluded from filing dispositive motions; 2) whether the deposition of Scott Farmer should last two hours or four hours; and 3) the status of the EEOC's Motion to Exclude Cintas Expert

2

Report, filed in June of 2010.  The Court concludes that no further briefing on these issues is needed.  The Court hereby **ORDERS** that: 1) given the changed circumstances of this case, Cintas is not precluded from filing dispositive motions in this action and, if appropriate grounds for such a motion arise, it may seek leave to file a dispositive motion; and 2) the deposition of Scott Farmer may last for up to four hours.  In addition, the Court has already terminated the EEOC's Motion to Exclude (*see* Docket Entry No. 939).  If it wishes to do so, Cintas may re-file that motion.

      **IT IS SO ORDERED.**

                           S/Sean F. Cox
                           Sean F. Cox
                           United States District Judge

Dated:  January 30, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 30, 2014, by electronic and/or ordinary mail.

                           S/Jennifer McCoy
                           Case Manager