UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Equal Employment Opportunity
Commission,

      Plaintiff,

v.                                                              Case No. 04-40132

Cintas Corporation,                                 Sean F. Cox
                                                                              United States District Court Judge

      Defendant.
_____/

**ORDER DENYING
THE EEOC'S MOTION FOR RECONSIDERATION**

Back in 2010, Magistrate Judge Scheer ordered the Equal Employment Opportunity Commission (the "EEOC") to provide Defendant Cintas Corporation ("Cintas") with "the identities of the women on whose behalf the EEOC will be pursuing damages from Cintas in this action." (D.E. No. 735, Magistrate Judge Scheer's 3/2/10 Order). The EEOC did not file any objections to that Order, nor did the EEOC challenge that order when this case was before the United States Court of Appeals for the Sixth Circuit. *See Serrano v. Cintas Corp.*, 699 F.3d 884 (6th Cir. 2012).

On April 1, 2013, the EEOC provided an interrogatory response to Cintas stating, in pertinent part, that "the class on whose behalf the Commission seeks monetary relief in this case is composed of females who applied at one of Defendant's facilities in Michigan from 1999 to at least April 1, 2005 and were not hired to be a Route Sales Driver/Service Sales Representative. Defendant can derive the named of these individuals as easily as can the EEOC from the application materials that Cintas has provided during discovery." (D.E. No. 1115-3).

1

After this case returned to this Court following the appeal in the Sixth Circuit, this Court ordered the EEOC to file an amended complaint. The EEOC did so on March 13, 2013. Despite the fact that this case was filed in *2004,* the EEOC's March 13, 2013 Second Amended Complaint still asserts a claim on behalf of a class of that has an opened ended-time period:

> The affected class is comprised of those females who applied at one of Defendant Employer's facilities in Michigan from 1999 *to at least April 1, 2005* and were not hired to be a Route Sales Driver/Service Sales Representative.

(Emphasis added).

This Court's March 16, 2015 Order noted that, at the March 2, 2015 hearing, "Counsel for the EEOC stated that it intends to call twenty to thirty plaintiffs[/claimants] as witnesses in the Phase I trial and that it expects to seek damages in the Phase II trial on behalf of approximately fifty different plaintiffs[/claimants]." (D.E. No. 1124). This Court ordered the EEOC to "file a list of the names of those female applicants on whose behalf it intends to seek monetary damages in this action." (*Id*. at 2).

The EEOC responded by filing the pending Motion for Reconsideration. (D.E. No. 1125).

Motions for reconsideration in civil cases are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan, which provides:.

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan Local Rule 7.1(h)(3). Thus, a motion for reconsideration does

not afford a movant an opportunity to present the same issues that have been already ruled on by the court, either expressly or by reasonable implication. Nor does a motion for reconsideration afford the movant an opportunity to make new arguments that could have been, but were not, raised before the Court issued its ruling.

In the pending Motion for Reconsideration, the EEOC asserts that it "has already identified the class members in this case" and directs the Court to its prior interrogatory response wherein the EEOC did not list the names of the claimants it intends to seek damages on behalf of in this action, but rather, just cited back to the open-ended class alleged in its complaint. Thus, although this case has *been litigated for more than ten years now*, the EEOC has not even identified the members of the class, let alone the members it intends to seek damages on behalf of at a Phase II trial. Moreover, in its Motion for Reconsideration, the EEOC now takes the position that the number of women in the class "may exceed 1,300 by several thousand." (*Id.* at 2 n.1).

In its Motion for Reconsideration, the EEOC states that the Court's order "suggests that the EEOC's response is insufficient" but does not specify how the EEOC's answer is insufficient." (Motion for Reconsideration at 2). To be clear, the EEOC's interrogatory response is insufficient because it does not identify the names of the individual claimants on whose behalf it intends to seek monetary damages in this action.

The EEOC's Motion for Reconsideration further asserts that "[i]f the Court intends to limit the scope of the class of claimants, the Order is inconsistent with the mandate from the Sixth Circuit Court of Appeals." (*Id.* at 3). This Court's order did not purport to limit the scope of the class of claimants. The Court's order stated that the Court concluded that, under the

circumstances here, the "EEOC should identify the names of the approximately fifty plaintiffs on whose behalf it intends to seek monetary damages." (3/16/15 Order at 3). This Court did not impose a limit on the number of claimants on whose behalf it may pursue damages; *the Court was merely using the number of claimants that Counsel for the EEOC had advised the Court that it anticipated seeking monetary damages on behalf of at the Phase II Trial.*

In order to grant a motion for reconsideration, the movant must demonstrate a palpable defect by which the court has been misled and must also show that correcting the defect will result in a different disposition of the case. After reviewing the parties' briefs, and hearing oral argument on the EEOC's Motion for Reconsideration, this Court concludes that the EEOC has not met that burden. This Court continues to believe that its March 16, 2015 Order is warranted and appropriate.

Accordingly, IT IS ORDERED that the EEOC's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 15, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 15, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

4