UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Equal Employment Opportunity
Commission,

      Plaintiff,

v.                                                                                      Case No. 04-40132

Cintas Corporation,                                                    Sean F. Cox
                                                                                            United States District Court Judge
      Defendant.
_____/

## OPINION & ORDER
## REGARDING DISPUTED CASE MANAGEMENT ISSUES

This is an employment discrimination action brought against Defendant Cintas Corporation ("Cintas") by the United States Equal Employment Opportunity Commission (the "EEOC") under Title VII.  The EEOC seeks to prove unlawful sex discrimination via the "pattern-or-practice" framework, first established in *International Brotherhood of Teamsters v. United States,* 431 U.S. 324 (1977) ("*Teamsters*").  In *Serrano v. Cintas Corp.*, 699 F.3d 884 (6th Cir. 2012), the Sixth Circuit noted that the *Teamsters* framework is distinct from the *McDonnell Douglas* framework and explained:

> It charges the plaintiff with the higher initial burden of establishing "that unlawful discrimination has been a regular procedure or policy followed by an employer or a group of employers." *Teamsters*, 431 U.S. at 360.  Upon that showing, it is assumed "that any particular employment decision, during the period in which the discriminatory policy was in force, was made in pursuit of that policy" and, therefore, "[t]he [plaintiff] need only show that an alleged individual discriminatee unsuccessfully applied for a job." *Id*. at 362.  The burden then shifts to "the employer to demonstrate that the individual applicant was denied an employment opportunity for lawful reasons." *Id*.  "When the Government seeks individual relief for the victims of the discriminatory practice," bifurcation of

>proceedings may be proper because "a district court must usually conduct additional proceedings after the liability phase of the trial to determine the scope of individual relief." *Id*. at 361.

*Serrano,* 699 F.3d at 893.

This Court had previously ruled that because the EEOC filed suit under § 706, and not under § 707, it could not proceed in this case under a pattern-or-practice theory. The Sixth Circuit reversed, ruling as to this issue of first impression, that the EEOC could proceed in this action under a pattern-or-practice theory even though it filed the action under § 706 alone. *Serrano,* 699 F.3d at 894-96.

Following remand from the Sixth Circuit, the parties agree that the trial in this case should be bifurcated into two stages, but disagree as to several issues concerning how this case should now proceed. The parties have exhaustively briefed the issues and the Court heard oral argument on March 3, 2015 and April 14, 2015. In an order issued on March 16, 2015 (D.E. No. 1124), this Court ordered the EEOC to "file a list of the names of those female applicants on whose behalf it intends to seek monetary damages in this action." The EEOC filed that list on April 20, 2015. (D.E. No. 1131). This Court is now prepared to rule on additional case management issues.

As explained below, the Court shall order each party to file a new witness list no later than May 31, 2015. The Court shall reopen fact discovery for a period of twelve months. During that discovery period, either party may depose any witness on the opposing party's witness list that has not been previously deposed.

In addition, counsel for the parties shall meet and confer in order to: 1) coordinate a mutually agreeable date for Scott Farmer's deposition; and 2) discuss a mutually agreeable

timetable for additional expert discovery, amended expert reports, and motion practice.

If appropriate grounds for a dispositive motion arise, Cintas may seek leave to file a dispositive motion.

This Court also concludes that, if the EEOC prevails at the Phase I Trial, the EEOC may move for equitable relief when it deems it appropriate to do so.

Finally, the Court concludes that, in this case, while the availability of punitive damages should be adjudicated at the Phase I Trial, any determination of the aggregate amount and individual distribution of punitive damages should be reserved for the Phase II Trial.

## BACKGROUND

This case, along with related actions, has a very long history. Only the relevant background facts are included here.

At this point, following remand from the Sixth Circuit, all that remains is the EEOC's Second Amended Complaint in this action, wherein it alleges that Cintas has engaged in unlawful employment practices in violation of Title VII. Specifically, the EEOC alleges that Cintas has "engaged in a pattern or practice of sex discrimination by refusing to recruit and hire a class of females for the position of Route Sales Drivers/Service Sales Representatives" at its "facilities in Michigan because of their sex. The affected class [i.e., the group of alleged victims of the discrimination] is comprised of those females who applied at one" of Cintas's "facilities in Michigan from 1999 to at least April 1, 2005 and were not hired to be a Route Sales Driver/Service Sales Representative." (EEOC's Second Am. Compl. at ¶ 7).

Following remand, both parties agree that there should be a bifurcation of proceedings. But they differ on the details as to how that bifurcation should be structured.

**Summary Of The EEOC's Position**

The EEOC takes the position that little remains to be done before this case is ready to proceed to a Phase I liability trial. That is, it contends that the first phase can occur relatively quickly, with little or no additional discovery or motion practice. It contends that the Court should not order it to disclose the individuals on whose behalf it may ultimately seek damages for now. The EEOC contends that Phase I should decide whether a pattern or practice existed and that if it meets its burden, then: 1) the Court can make a determination as to any appropriate prospective equitable relief at that time, without delay; and 2) that same Phase I jury, as part of the Phase I trial, should also decide whether punitive damages should be awarded, and the amount of such damages. The EEOC contends that Phase II would be devoted to determining the amount of damages for individuals.

**Summary Of Cintas's Position**

Unlike the EEOC, Cintas contends that much needs to be done before the case can proceed to a Phase I trial. Cintas contends that: 1) the EEOC should be ordered to identify, prior to the Phase I trial, all individuals it may seek damages on behalf of; 2) discovery should be reopened for a year, during which time it may seek to depose any individuals on whose behalf the EEOC may later seek damages that it has not already deposed; 3) the inquiries allowed when Scott Farmer is deposed should be limited by the Court; 4) there needs to be a new round of expert discovery to take place, including identification of new experts, exchange of reports and new depositions, and motions, and 5) Cintas appears to want to file multiple dispositive motions prior to a Phase I trial. Cintas also wants any punitive damage award determined at Phase II.

## ANALYSIS

### I. Disputes Regarding Pre-Phase I Trial Activity

The parties disagree as to several issues concerning what should occur before a Phase I liability trial in this matter.

#### A. Identification Of Persons On Whose Behalf The EEOC May Seek A Damages Award

In an order issued on March 16, 2015 (D.E. No. 1124), this Court ordered the EEOC to "file a list of the names of those female applicants on whose behalf it intends to seek monetary damages in this action." The EEOC filed that list on April 20, 2015, which contains the names of approximately 800 claimants. (D.E. No. 1131).

#### B. Amended Witness Lists

At the April 14, 2015 hearing, counsel for both parties stated that they wished to file amended witness lists. No later than May 31, 2015, each party shall file a new witness list, with the name and current address of each witness that party may call at trial.

#### C. Additional Fact Discovery

The Court concludes that an additional twelve months of fact discovery is appropriate in this action, prior to the Phase I Trial. During that discovery period, either party may depose any witness on the opposing party's amended witness list (ie., the witness lists to be filed by May 31, 2015) that has not previously been deposed in this action.

#### D. Scott Farmer's Deposition

Among other things, the Sixth Circuit vacated Magistrate Judge Scheer's order that provided that the EEOC could not depose Cintas CEO Scott Farmer. Although it remanded that

5

issue for "further proceedings" the opinion clearly suggested the deposition should be allowed.

In stating their initial position on the issues to this Court after remand, the parties agreed Farmer should be deposed but disagreed as to the length of the deposition. The EEOC had asked for four hours but Cintas wanted a shorter deposition.

In its "Order For Briefing Of Issues," (Docket Entry No. 1112), this Court advised the parties as to the specific issues the Court wanted briefed. The Court ruled that no further briefing was needed as to the dispute over the length of Scott Farmer's deposition and ruled that the deposition may last up to four hours. (*Id*. at 2).

Although it does not pertain to any of the specific issues the Court asked the parties to brief, in their briefs Cintas asks the Court to limit the lines of inquiry for Farmer's deposition. It has not filed a formal motion seeking that request. The Court denies that request. The Court instructs the parties to meet and confer and to coordinate a mutually agreeable date for Mr. Farmer's deposition.

### E. Expert Discovery, Amended Reports, And Motion Practice

The EEOC would like the Court to rule that there shall be no further discovery or motion practice as to experts. The Court agrees with Cintas, however, that additional expert discovery should be allowed, and the filing of amended expert reports and motions pertaining to experts, given that this case is now proceeding as a pattern-or-practice case. The Court instructs the parties to meet and confer to discuss a mutually agreed upon timetable for expert discovery, and the filing of amended expert reports, and motion practice.

### F. Dispositive Motions

In stating their initial position on the issues to this Court after remand, the EEOC asserted

that Cintas should be precluded from filing any dispositive motions in this case.

In its "Order For Briefing Of Issues," (Docket Entry No. 1112), the Court stated it did not need further briefing on this issue and that "given the changed circumstances of this case, Cintas is not precluded from filing dispositive motions in this action and, if appropriate grounds for such a motion arise, it *may seek leave to file* a dispositive motion." (*Id.* at 3) (emphasis added).

In its briefs, Cintas appears to take the position that it should be permitted to file whatever dispositive motions it wishes to file within 30 days of the end of expert discovery. (*See* Cintas proposed order at 2).

This Court still believes that the best approach is to permit Cintas to seek leave to file a dispositive motion, should appropriate grounds for such a motion arise.

## II. Disputes Concerning Equitable Relief And Punitive Damages

The parties also have other disputes as to how the bifurcated trial should proceed, with respect to requests for equitable relief and any determination of punitive damages.

### A. Motion For Equitable Relief

In its papers, Cintas takes the position that it may be appropriate for the Court to consider equitable relief at two different points: 1) after a Phase I Trial; and 2) after a Phase II Trial. The EEOC appears to take the position that equitable relief should be considered after the Phase I Trial.

This Court concludes that, if the EEOC prevails at the Phase I Trial, the EEOC may move for equitable relief when it deems it appropriate to do so.

### B. Consideration Of Punitive Damages Award

Finally, the parties disagree as to when a jury should consider a punitive damages award.

The EEOC contends that the jury should determine punitive damages during the Phase I trial, while Cintas contends that should be done in Phase II.

Notably, there is no clear direction from the Sixth Circuit on this issue and other courts are divided on this question. There is case law supporting the EEOC's position (that a punitive damages award should be in Phase I), and case law supporting Cintas's position (that punitive damages should not be considered until Phase II. There is also a third, somewhat blended position, that has also been taken by some courts under which the availability of punitive damages is decided at Phase I but the amount of punitive damages are decided in Phase II.

*Ellis v Costco Wholesale Corporation*, 285 F.R.D. 492, 540-44 (N.D. Calf. 2012) contains a good discussion of these three options. It notes that "as to the stage of proceedings at which Plaintiff can seek punitive damages, there is a debate among courts as to the best course of action for adjudicating such claims." *Id*. at 541. In then discusses each of the three approaches courts have taken, and the rationales behind each.

Having considered the parties' respective arguments and the different options, this Court concludes that the third option is the best approach. The *Ellis* court explained that, in addition to the two options discussed above, there is a third option: "[y]et a third category of cases separates the availability of punitive damages (phase one) from the amount of those damages (phase two)." *Ellis*, 285 F.R.D. at 542. Courts taking that approach have "determined that the availability of punitive damages would be adjudicated in phase one because it overlapped substantially with the classwide liability determination, but that the amount of punitive damages would be determined in the second phase." *Id*. (Citing *EEOC v. Outback Steak House of Florida, Inc*., 576 F.Supp.2d 1202, 1205 (D. Colo. 2008)). The district court in *EEOC v. Outback Steaks House of Florida,*

8

*Inc.* noted that the "Tenth and Ninth Circuits have allowed the same jury to determine the defendant's liability and plaintiff's eligibility for punitive damages." *Id.* (citing *Markham v. Nat'l States Ins. Co.*, 122 Fed. Appx. 392, 399 (10th Cir. 2004); *see also Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1190 n.16 (9th Cir. 2007)).

The district court in *Ellis* joined the position taken by the district courts in *EEOC v. Outback Steaks House of Florida, Inc.* and ruled as follows:

> In the instant case, the Court concludes that while the availability of punitive damages should be adjudicated in Stage One of the trial, determination of the aggregate amount and individual distribution of punitive damages should be reserved for Stage Two. Such an arrangement will take advantage of the bifurcated trial process while safeguarding Defendant's right to ensure that any punitive damages award remains tethered to the compensatory damages actually awarded in Stage Two, consistent with *State Farm*.

*Ellis*, 285 F.R.D. at 543.

## CONCLUSION & ORDER

For the reasons set forth above, the Court ORDERS each party to file a new witness list no later than May 31, 2015.

IT IS FURTHER ORDERED that the Court shall reopen fact discovery for a period of twelve months. Thus, discovery shall be completed no later than May 31, 2016. During that discovery period, either party may depose any witness on the opposing party's witness list that has not been previously deposed.

IT IS FURTHER ORDERED that counsel for the parties shall meet and confer in order to: 1) coordinate a mutually agreeable date for Scott Farmer's deposition; and 2) discuss a mutually agreeable timetable for additional expert discovery, amended expert reports, and motion practice. No later than May 31, 2015, the parties shall submit a stipulation and order

regarding these matters.

IT IS FURTHER ORDERED that, if appropriate grounds for a dispositive motion arise, Cintas may seek leave to file a dispositive motion.

IT IS FURTHER ORDERED that, if the EEOC prevails at the Phase I Trial, the EEOC may move for equitable relief when it deems it appropriate to do so.

Finally, the Court ORDERS that, in this case, while the availability of punitive damages shall be adjudicated at the Phase I Trial, any determination of the aggregate amount and individual distribution of punitive damages shall be reserved for the Phase II Trial.

IT IS SO ORDERED.

        S/Sean F. Cox  
        Sean F. Cox  
        United States District Judge

Dated: April 29, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2015, by electronic and/or ordinary mail.

        S/Jennifer McCoy  
        Case Manager